1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  ORI KATZ, Cal. Bar No. 209561
   MICHAEL M. LAUTER Cal. Bar No. 246048
4  TIMOTHY C. PERRY, Cal. Bar No. 248543
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:     415-434-9100
6  Facsimile:     415-434-3947

7  Attorneys for ARRIVA PHARMACEUTICALS, INC.

8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11          On Appeal from the United States Bankruptcy Court
                    for the Northern District of California
12                     Hon. Edward D. Jellen

13                                          No. 08-00691

14  In re ARRIVA PHARMACEUTICALS, INC.      **NOTICE OF PENDENCY OF**
                                            **ADMINISTRATIVE MOTION TO**
15                                          **CONSIDER WHETHER CASES SHOULD**
                                            **BE RELATED**
16
                                            [Civ. L.R. 3-12]
17

18

19

20                              **NOTICE**

21         This notice is intended simply to apprise this Court that Defendant-Appellee Arriva

22  Pharmaceuticals, Inc. has filed an Administrative Motion to Consider Whether Cases Should Be

23  Related (the "Motion"), pursuant to Civil Local Rule 3-12, before United States District Judge

24  Illston in a previously filed case.

25

26

27

28
                                        -1-

1     The Motion, filed in *AlphaOne Pharmaceuticals Inc. v. Sonoran Desert Chemicals, LLC*,

2   no. 99-02169, asks that United States District Judge Illston deem four bankruptcy appeals,

3   including the above-captioned appeal, to be related.  Accordingly, the Motion further requests that

4   all four appeals, including the above-captioned appeal, be assigned to District Judge Illston.

5   District Judge Illston has not yet ruled on the Motion.  A true and correct copy of the Motion is

6   attached as Exhibit A.

7

8   DATED:  February 1, 2008

9                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

10

11                 By _____/s/  Timothy C. Perry_____

12                                           TIMOTHY C. PERRY

13                         Attorneys for ARRIVA PHARMACEUTICALS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

NOTICE OF PENDENCY OF ADMINISTRATIVE
                                                    MOTION TO CONSIDER CASES RELATED.

# EXHIBIT A

**A - 1**



1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  ORI KATZ, Cal. Bar No. 209561
   MICHAEL M. LAUTER Cal. Bar No. 246048
4  TIMOTHY C. PERRY, Cal. Bar No. 248543
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947

7  Attorneys for ARRIVA PHARMACEUTICALS, INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10       On Appeal from the United States Bankruptcy Court
                for the Northern District of California
11                   Hon. Edward D. Jellen

| | |
|---|---|
| 12  ALPHAONE PHARMACEUTICALS,INC., | No. 99-02169 |
| 13                Plaintiff, | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| 14  v. | |
| 15  SONORAN DESERT CHEMICALS, LLC, etc., et al.. | [Civ. L.R. 3-12] |
| 16                Defendants. | |
| 17 | |

18            **I. NOTICE OF MOTION & MOTION**

19         Please take notice that pursuant to Civil Local Rule 3-12, plaintiff Arriva Pharmaceuticals,

20  Inc. ("Arriva") (previously named AlphaOne Pharmaceuticals, Inc.) hereby submits the following

21  Administrative Motion to Consider Whether Cases Should Be Related (the "Motion").  In support

22  of the Motion, Arriva files a Declaration of Michael H. Ahrens (the "Ahrens Declaration") and a

23  proposed order.

24         Arriva asks that four recently filed bankruptcy appeals be considered related to the above-

25  captioned case.  One of these appeals is currently docketed in this court as *In re Arriva*

26  *Pharmaceuticals Inc.*, no. 08-00691.  The remaining three appeals, *Sonoran Desert Chemicals,*

27  *LLC v. Arriva Pharmaceuticals, Inc.*, no. __-____, *Protease Sciences, Inc. v. Arriva*

28

-1-

1  *Pharmaceuticals, Inc.*, no. ___-____ and *AlphaMed Pharmceuticals Corp. v. Arriva*

2  *Pharmaceuticals Inc.*, no. ___-____, have been transferred to this Court by the Ninth Circuit

3  Bankruptcy Appellate Panel, but have not yet received docket numbers in this Court.  We request

4  that all four appeals be assigned to United States District Judge Illston.

## II. DESCRIPTION OF RELATED CASES

5

6  **A.    The Arriva Declaratory Relief Case before District Judge Illston**

7  On May 10, 1999, Arriva (then doing business primarily as AlphaOne Pharmaceuticals,

8  Inc.) filed a complaint for damages and declaratory relief in this Court, Case No. 99-cv-02169 (the

9  "Arriva Declaratory Relief Case").  United States District Judge Illston presided over that case,

10  entering the most recent substantive order on July 17, 2006, dismissing Arriva's claims and

11  defendants' counterclaims.  (Ex A to the Ahrens Declaration.)  That case concluded recently, on

12  December 18, 2006.  (Ex B to the Ahrens Declaration, 1.)

13  **B.    The Bankruptcy Appeals**

14  On September 17, 2007, Arriva filed for Chapter 11 bankruptcy in the Bankruptcy Court in

15  a case docketed as no. 07-42767.  On December 27, 2007, the Bankruptcy Court entered final

16  orders separately disallowing the claims of Sonoran Desert Chemicals LLC ("Sonoran"),

17  AlphaMed Pharmaceuticals Corp. ("AlphaMed") and Protease Sciences, Inc. ("PSI").  On January

18  4, 2008, Sonoran, AlphaMed and PSI separately appealed those final orders to the Ninth Circuit

19  Bankruptcy Appellate Panel (the "BAP"), which docketed the cases at 08-1008, 08-1009 and 08-

20  1010.  Arriva then filed three separate Statements of Election, pursuant to 28 U.S.C. §

21  158(c)(1)(B) and Bankruptcy Rule 8001(e)-1, corresponding to the three separate notices of

22  appeal.  As a result, on January 17, 2008, the BAP transferred the three cases (together, the

23  "Bankruptcy Appeals") to this Court.  Only one of these appeals, *In re Arriva Pharmaceuticals*

24  *Inc.*, no. 08-00691, has received a docket number in this Court.

25  **C.    The Adversary Appeal**

26  On October 30, 2007, AlphaMed filed an adversary action against Arriva in the

27  Bankruptcy Court.  On January 14, 2008, the Bankruptcy Court entered an order dismissing

28  AlphaMed's complaint with prejudice.  On January 23, 2008, AlphaMed appealed that order to the

-2-

1  BAP, which docketed the case at 08-1023.  Arriva then filed a Statement of Election pursuant to

2  28 U.S.C. § 158(c)(1)(B) and Bankruptcy Rule 8001(e)-1.  As a result, on January 29, 2008, the

3  BAP transferred that case (the "Adversary Appeal") to this Court.

### III. DISCUSSION

5          The Bankruptcy Appeals, the Adversary Appeal and the Arriva Declaratory Relief Case

6  are "related cases" according to the criteria set forth in Civil Local Rule 3-12(a).

7          First, these cases involve the same parties.  Arriva, plaintiff in the Arriva Declaratory

8  Relief Case, is debtor-appellee in the Bankruptcy Appeals and defendant-appellee in the

9  Adversary Appeal.  By comparison, both Sonoran and PSI were defendants in the Arriva

10  Declaratory Relief Case, and now are claimants-appellants in the Bankruptcy Appeals.  Claimant-

11  appellant AlphaMed, though technically not a party to the Arriva Declaratory Relief Case, is

12  controlled by the same principals as Sonoran and PSI and asserts interests identical to those of

13  Sonoran and PSI.  Moreover, AlphaMed is plaintiff-appellant in the Adversary Appeal.

14          Second, these cases concern the same property.  In the Arriva Declaratory Relief Case,

15  Arriva sought to establish its rights to certain intellectual property known as the "Protease/Arriva

16  License" or "Protease License."  As United States District Judge Illston stated in her opinion,

17  "[t]he validity of this Protease/Arriva license is the central disputed issue giving rise to this

18  action." (Ex A to the Ahrens Declaration, 2:16.)  By the same token, in the Bankruptcy Appeals,

19  Sonoran, PSI and AlphaMed each challenge the Bankruptcy Court's disposition of the very same

20  property, appealing the disallowance of their claims, based in part on their alleged interests in the

21  Protease/Arriva License.  (Ex D to the Ahrens Declaration, 11:1-20).  Meanwhile, in the

22  Adversary Appeal, AlphaMed makes an identical challenge to the Bankruptcy Court's disposition

23  of its claim to the Protease License.

24          Third, these cases implicate the same legal issues.  In the Arriva Declaratory Relief Case,

25  District Judge Illston dismissed Sonoran and PSI's counterclaims because principles of federalism

26  and comity, as manifest in the *Brillhart* doctrine, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1941),

27  prevented her from adjudicating the dispute.  (Ex A to the Ahrens Declaration, 7 et seq.)  An

28  Arizona Superior Court, Judge Illston noted, already was considering the issues raised in the

-3-

ADMINISTRATIVE MOTION TO CONSIDER
                                                                                        WHETHER CASES ARE RELATED.

1   Arriva Declaratory Relief Case. (Id.) As Judge Illston held, "comity between this Court and the
2   Arizona Superior Court warrants denial of jurisdiction." (Id., 7:27-28.) In addition, Judge Illston
3   noted the Arizona Court had issued injunctions forbidding Sonoran's principals from pursuing in
4   court Sonoran's purported rights to the Protease/Arriva License. (Id., 13:1-5.) In the Bankruptcy
5   Court decisions underlying the Bankruptcy Appeals and the Adversary Appeal, the Bankruptcy
6   Court cited similar reasons in disallowing Sonoran, AlphaMed and PSI's claims against the
7   bankruptcy estate. The Bankruptcy Court held Sonoran and PSI's principals could not assert their
8   claims to the Protease/Arriva License without violating the Arizona Court's injunctions. (Ex D to
9   the Ahrens Declaration, 11:1-20.) In addition, the Bankruptcy Court relied on principles of
10  federalism and comity in disallowing the claims of AlphaMed and dismissing its adversary
11  complaint. Specifically, the Bankruptcy Court held that the *Rooker-Feldman* doctrine, *see Exxon*
12  *Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), prohibited it from directly
13  reviewing issues already adjudicated by the Arizona Superior Court. (Ex D to the Ahrens
14  Declaration, 10:3-14 & 11:14-20.)

15        As a result of these similarities, assigning the Bankruptcy Appeals or the Adversary
16  Appeal to a Judge other than United States District Judge Illston would result in an "unduly
17  burdensome duplication of labor and expense." Civ. L.R. 3-12(a)(2). The Bankruptcy Appeals
18  and the Adversary Appeal are procedurally complex. To date, the parties to the Bankruptcy
19  Appeals and the Adversary Appeal have litigated in the Southern District of Florida, Arizona State
20  Court, Nevada State Court, the Bankruptcy Court for the Northern District of California, as well as
21  before this Court—first before Judge Illston in the Arriva Declaratory Relief Case, and now with
22  respect to the Bankruptcy Appeals and the Adversary Appeal. Fortunately, however, Judge Illston
23  is already familiar with this history of litigation, having ably outlined its most salient points in her
24  most recent order. (Ex A to the Ahrens Declaration, 1-7.) Moreover, the Bankruptcy Appeals and
25  the Adversary Appeal are factually complex. Sonoran, PSI and AlphaMed exist in relation to a
26  myriad of affiliated entities and their principals. Fortunately again, however, Judge Illston already
27  has become familiar with the relationships among these entities, as demonstrated in her most
28  recent order. (Ex A to the Ahrens Declaration, 1-3.)

-4-

1    Further, assigning the Bankruptcy Appeals or the Adversary Appeal to a Judge other than

2  District Judge Illston would risk creating "conflicting results." Civ. L.R. 3-12(a)(2). District

3  Judge Illston already has rendered factual findings and rulings in the Arriva Declaratory Relief

4  Case. Were another Judge to undertake an overlapping analysis of the Bankruptcy Appeals or the

5  Adversary Appeal, it could result in inconsistent findings of fact and conclusions of law with

6  respect to the same parties, the sane property and the same issues.

7    As the lengthy docket of the Arriva Declaratory Relief Case reveals, for many years United

8  States District Judge Illston maintained an ongoing familiarity with the parties, facts, legal issues

9  and procedural history implicated by these cases. Indeed, the Arriva Declaratory Relief Case

10  concluded only recently, on December 18, 2006. Accordingly, this Court should deem the Arriva

11  Declaratory Relief Case, the three Bankruptcy Appeals and the Adversary Appeal "related cases"

12  for the purposes of Local Civ. Rule 3-12, and assign the Bankruptcy Appeals and the Adversary

13  Appeal to United States District Judge Illston.

14                        **IV. CONCLUSION**

15    For the foregoing reasons, we request this Court deem the Arriva Declaratory Relief Case,

16  the Bankruptcy Appeals, docketed as nos. 08-00691 and two other numbers yet to be decided, as

17  well as the Adversary Appeal, to be "related cases" for the purposes of Civil Local Rule 3-12, and

18  assign these cases to District Judge Illston.

19

20  DATED:  January 31, 2008

21                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

22

23            By        /s/  Timothy C. Perry
                          TIMOTHY C. PERRY

24
                        Attorneys for Debtor
25

26

27

28

-5-

**A – 2 (Part 1)**

1 | SHEPPARD, MULLIN, RICHTER
 | & HAMPTON LLP
2 |   A Limited Liability Partnership
 |   Including Professional Corporations
3 | MICHAEL H. AHRENS
 | Cal. Bar No. 44766
4 | ORI KATZ, Cal. Bar No. 209561
 | MICHAEL M. LAUTER
5 | Cal. Bar No. 246048
 | TIMOTHY C. PERRY
6 | Cal. Bar No. 248543
 | Four Embarcadero Center, 17th Floor
7 | San Francisco, California  94111-4106
 | Telephone:    415-434-9100
8 | Facsimile:    415-434-3947

9 | Attorneys for ARRIVA
 | PHARMACEUTICALS, INC.
10

11 |                    UNITED STATES DISTRICT COURT

12 |                  NORTHERN DISTRICT OF CALIFORNIA

13 |          On Appeal from the United States Bankruptcy Court
 |                for the Northern District of California
14 |                       Hon. Edward D. Jellen

15

16 | ALPHAONE PHARMACEUTICALS,INC.,          No. 99-02169_____

17 |                   Plaintiff,            **DECLARATION OF MICHAEL H.**
 |                                          **AHRENS IN SUPPORT OF**
 | v.                                       **ADMINISTRATIVE MOTION TO**
18 |                                         **CONSIDER WHETHER CASES SHOULD**
 | SONORAN   DESERT   CHEMICALS,   LLC,     **BE RELATED**
19 | etc., et al..

20 | Defendants.

21

22

23

24

25

26

27

28

W02-WEST:5TIP1\400650515.1                                    DECLARATION

I, Michael H. Ahrens, declare as follows:

1.    I am an attorney licensed to practice law in the State of California and am admitted before this Court. I am a partner with the law firm of Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), bankruptcy counsel for Arriva Pharmaceuticals, Inc., a California corporation ("Arriva"), the plaintiff in the above-captioned case. I make this declaration in that capacity. Except for those statements made upon information and belief, the following facts are based upon my personal knowledge and if called to testify, I could and would competently testify to such facts. As to those statements made upon information and belief, I believe them to be true.

2.    This declaration is submitted in support of Administrative Motion to Consider Whether Cases Should Be Related (the "Motion").

3.    The above-captioned case is related to four bankruptcy appeals recently transferred to this Court.

4.    On May 10, 1999, Arriva (then doing business primarily as AlphaOne Pharmaceuticals, Inc.) filed a complaint for damages and declaratory relief in this Court, docketed as case No. 99-cv-02169 (the "Arriva Declaratory Relief Case"). United States District Judge Illston presided over that case, entering the most recent substantive order on July 17, 2006, granting plaintiff's motion to dismiss defendants' declaratory relief counterclaim, conditioned upon plaintiff's dismissal of claims. A copy of that most recent order is attached as Exhibit A. That case concluded recently, on December 18, 2006. A printout of the PACER docket from this case is attached as Exhibit B.

5.    On September 17, 2007, Arriva filed Chapter 11 bankruptcy in the Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). That bankruptcy case is docketed as case no. 07-42767.

6.    On December 27, 2007, the Bankruptcy Court entered final orders separately disallowing the claims of Sonoran Desert Chemicals LLC ("Sonoran"), AlphaMed Pharmaceuticals Corp. ("AlphaMed") and Protease Sciences, Inc. ("PSI"). Those final orders are attached as Exhibit C. A transcript of the proceeding during which the

-1-

1  Bankruptcy Court entered its findings of fact and conclusions of law into the record is

2  attached as Exhibit D.

3      7.    On January 4, 2008, Sonoran, AlphaMed and PSI separately appealed those

4  final orders to the Ninth Circuit Bankruptcy Appellate Panel.

5      8.    On January 11, 2008, Arriva filed three Statements of Election,

6  corresponding to the three separate notices of appeal.

7      9.    On January 17, 2008, the Ninth Circuit Bankruptcy Appellate Panel then

8  transferred the three cases (together, the "Bankruptcy Appeals") to this Court.

9      10.   On October 30, 2008, AlphaMed filed an adversary complaint against Arriva

10 in the Bankruptcy Court.

11     11.   On January 14, 2008, the Bankruptcy Court entered an order dismissing

12 AlphaMed's complaint with prejudice.

13     12.   On January 23, 2008, AlphaMed appealed that order to the BAP, which

14 docketed the case at 08-1023.

15     13.   Arriva then filed a Statement of Election pursuant to 28 U.S.C. §

16 158(c)(1)(B) and Bankruptcy Rule 8001(e)-1.  As a result, on January 29, 2008, the BAP

17 transferred that case (the "Adversary Appeal") to this Court.

18     14.   The Arriva Declaratory Relief Case, the Bankruptcy Appeals and the

19 Adversary Appeal involve the same parties.  Arriva, plaintiff in the Arriva Declaratory

20 Relief Case, is debtor-appellee in the Bankruptcy Appeals.  Meanwhile, Sonoran and PSI

21 were defendants in the Arriva Declaratory Relief Case, and now are claimants-appellants

22 in the Bankruptcy Appeals.  Claimant-appellant AlphaMed, though not a party to the

23 Arriva Declaratory Relief Case, is controlled by the same principals as Sonoran and PSI

24 and asserts an interest in intellectual property that is identical to those asserted by Sonoran

25 and PSI.  Moreover, AlphaMed is plaintiff-appellant in the Adversary Appeal.

26     15.   The Arriva Declaratory Relief Case, the Bankruptcy Appeals and the

27 Adversary Appeal involve the same property.  In the Arriva Declaratory Relief Case,

28 Arriva sought to establish its rights to certain intellectual property known as the

-2-

1  "Protease/Arriva license" or "Protease License."  By the same token, in the Bankruptcy

2  Appeals, Sonoran, PSI and AlphaMed each challenge the Bankruptcy Court's disposition

3  of the very same issue, appealing the Bankruptcy Court's disallowance of their claims,

4  which are based, in part, on their alleged interests in the Protease/Arriva License.

5  Meanwhile, in the Adversary Appeal, AlphaMed makes an identical challenge to the

6  Bankruptcy Court's disposition of its claim to the Protease License.

7       16.    The Arriva Declaratory Relief Case, the Bankruptcy Appeals and the

8  Adversary Appeal also involve the same legal issues.  In the Arriva Declaratory Relief

9  Case, District Judge Illston dismissed Sonoran and PSI's counterclaims because principles

10 of federalism and comity, as manifest in the *Brillhart* doctrine, *Brillhart v. Excess Ins. Co.*,

11 316 U.S. 491 (1941), prevented her from adjudicating the dispute.  An Arizona Superior

12 Court, District Judge Illston noted, already was considering the issues raised in the Arriva

13 Declaratory Relief Case.  In addition, District Judge Illston noted the Arizona Superior

14 Court had issued injunctions forbidding Sonoran's principals from pursuing in court

15 Sonoran's purported rights to the Protease/Arriva License.

16      17.    Meanwhile, the Bankruptcy Court relied on principles of federalism and

17 comity in disallowing the claims of AlphaMed.  Specifically, the Bankruptcy Court held

18 that the *Rooker-Feldman* doctrine, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544

19 U.S. 280 (2005), prohibited it from directly reviewing issues already adjudicated by the

20 Arizona Superior Court.  In addition, the Bankruptcy Court disallowed Sonoran,

21 AlphaMed and PSI's claims against the bankruptcy estate because Sonoran and PSI's

22 principals could not assert their claims to the Protease/Arriva License without violating the

23 Arizona Court's injunctions.

24      18.    The Bankruptcy Appeals and the Adversary Appeal are procedurally

25 complex.  To date, the parties to the Bankruptcy Appeals and the Adversary Appeal have

26 litigated in the Southern District of Florida, Arizona State Court, Nevada State Court, the

27 Bankruptcy Court for the Northern District of California, as well as this Court—first

28

-3-

1  before United States District Judge Illston, and now with respect to the Bankruptcy

2  Appeals and the Adversary Appeal.

3       19.    The Bankruptcy Appeals and the Adversary Appeal are also factually

4  complex.  Sonoran, PSI and AlphaMed exist in relation to a myriad of affiliated entities

5  and their principals.

6       20.    The docket of the Arriva Declaratory Relief Case and United States District

7  Judge Illston's most recent substantive order in that case both demonstrate United States

8  District Judge Illston is familiar with the parties, facts, legal issues and procedural history

9  implicated by these cases.

10       21.    I have contacted claimants-appellants' counsel and have asked whether they

11  would stipulate that they were willing to proceed before United States District Judge

12  Illston.  Claimants-appellants' counsel refused to so stipulate.

13

14       I declare under penalty of perjury under the laws of the United States of America

15  that the foregoing is true and correct.  Executed on January 31, 2008, at San Francisco,

16  California.

17                                         /s/ Michael H. Ahrens

18                                     MICHAEL H. AHRENS

19

20

21

22

23

24

25

26

27

28

                                 DECLARATION

1

2

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  ARRIVA PHARMACEUTICALS, INC. fka ALPHAONE PHARMACEUTICALS, INC., a California corporation,    No. C 99-02169 SI

10  **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' DECLARATORY RELIEF COUNTERCLAIM, CONDITIONED UPON PLAINTIFF's DISMISSAL OF CLAIMS**

11  Plaintiff,

   v.

12  SONORAN DESERT CHEMICALS, LLC, etc., et al.,

13

14  Defendants.
                                 /

15  AND RELATED COUNTERCLAIMS.

16                                      /

17      On June 23, 2006, the Court heard argument on plaintiff's motion to dismiss defendants'

18  counterclaim for declaratory relief. Having considered the arguments of counsel and the papers

19  submitted, and for good cause appearing, the Court hereby GRANTS plaintiff's motion for the reasons

20  and on the conditions set forth below.

21

22  **BACKGROUND[1]**

23  **1.   Parties and factual history**

24      This action arises from a dispute between two former business partners, Dr. Allan Wachter

25  ("Wachter"), a medical doctor, and defendant John Lezdey ("Lezdey"), a patent attorney. In the early

26

27      [1]Much of the factual history appears in both parties' moving papers and are therefore assumed

28  to be uncontested. Citations are therefore provided only when a fact is disputed or appears only in the filings of one party.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    1990s, Wachter and Lezdey invented and jointly acquired patents for medical technologies related to

2    the treatment of inflammation. In 1992, Wachter and Lezdey transferred their interests in the patents

3    to defendant Sonoran Desert Chemicals Limited ("Sonoran"). Sonoran is 50% owned by Wachter

4    through two holding companies, Nathan M. Technologies and Seth Chemicals, and 50% owned by

5    Lezdey, also through two holding companies, J.L. Technology LP and J & D Science, Inc.

6         Shortly after forming Sonoran, Wachter and Lezdey formed Protease Sciences, Inc. ("Protease")

7    and authorized Protease to serve as Sonoran's agent for, among other things, negotiating and entering

8    into licensing agreements on behalf of Sonoran. Protease was originally owned 50% by Wachter and

9    his family and 50% by Lezdey and his family. At the time, Wachter and Lezdey were Protease's sole

10   board members. The identity of Protease's current owners and board members is a matter of dispute

11   between Wachter and Lezdey. *See* Def. Counterclaim, ¶ 11; Decl. of Grant L. Kim In Support of

12   Arriva's Motion to Dismiss ("Kim Decl."), Ex. 23, at 5-19.

13        On April 16, 1998, Protease entered into a purported License Agreement with plaintiff Arriva

14   Pharmaceuticals, Inc. ("Arriva"),[2] then known as AlphaOne Pharmaceuticals, under which Protease

15   granted Arriva exclusive license to utilize the Sonoran patents in specified medical fields. Pl. Compl.

16   Ex.1. The validity of this Protease/Arriva license is the central disputed issue giving rise to this action.

17   Wachter alone signed the agreement on behalf of Protease, but Arriva contends that Lezdey advised and

18   approved the execution of the agreement. Pl. Compl. ¶ 13. Lezdey, on the other hand, alleges that the

19   agreement was unlawfully executed without his knowledge or consent. Def. Counterclaim ¶ 19.

20        At some point following the execution of the Protease/Arriva license, Arriva entered into a sub-

21   license with counter-Defendant Baxter Healthcare Corporation ("Baxter") that provided Baxter with

22   specified rights to the patents. The validity of this sub-license is also disputed by Lezdey. Def. Compl.

23   ¶ 23.

24        AlphaMed Pharmaceuticals ("AlphaMed") is the final relevant party to the dispute. AlphaMed

25   was formed by Lezdey and his family in 1999. In the same year, AlphaMed purportedly received a

26   license from Protease for its patents. Arriva alleges that the Protease/AlphaMed license is invalid and

27

28        [2]Arriva is owned by Wachter, Lezdey and others.

2

violates the terms of the Protease/Arriva exclusive licensing agreement.  Compl. ¶¶ 27-30.

### 2.    This action: Filing and stay

After Lezdey allegedly questioned the validity of the Protease/Arriva license and the Arriva/Baxter sub-license in discussions with Arriva's board members, potential investors and business partners, Arriva and Wachter filed multiple lawsuits, including this action.  In May 1999, Arriva filed the complaint before this Court, naming seven defendants: Lezdey, Lezdey's two sons (Jarrett and Darren Lezdey), Sonoran, Protease, and Lezdey's two holding companies, J&D Science and J.L. Technology.[3]  Shortly after the filing of this complaint, Wachter filed his own complaint in Arizona state court, raising similar issues and naming the same seven defendants plus Lezdey's wife, Noreen.

After this Court denied Arriva's motion for a temporary restraining order, the parties agreed to a stay of this federal action, pending the outcome of the related Arizona case.  In particular, the parties noted that the Arizona court was adjudicating issues related to the ownership of Protease and to the validity of actions taken by Protease with respect to Arriva, and that these issues could have a significant impact on this action.  Kim Decl., Ex. 3, Joint Case Management Statement of December 2, 1999, at 2.  The stay took effect in December 1999.

### 3.    Arizona court litigation:  Preliminary injunction[4]

In February 2000, the Arizona state court, following an evidentiary hearing attended by Lezdey, issued a preliminary injunction that prohibited Lezdey, his sons or either of his two holding companies from "acting or speaking, or purporting to act or speak, on behalf of Protease or Sonoran without Plaintiffs' [Wachter's] consent."  Kim Decl., Ex. 4, Preliminary Injunction of February 2, 2000, at 13.  The injunction also prohibited the defendants from contacting any of Arriva's potential business partners and investors or otherwise interfering with Arriva's business operations.  *Id.*

----

[3]Arriva's complaint also includes employment-related causes of action against Lezdey's sons, who subsequently filed counterclaims against Arriva. Issues related to these causes of action are not the subject of this motion and are therefore not discussed.

[4]This Court takes judicial notice of the Arizona court orders and pleadings.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    More importantly for this matter, the Arizona court issued extensive Findings of Fact along with

2    its Order. These findings include:

3        •    "Lezdey knew the material terms and conditions of the [Protease/Arriva] License

4            Agreement, advised Wachter that the Agreement was valid, and approved Wachter's

5            execution thereof." *Id.*, ¶ 41.

6        •    The Protease/Arriva license is "valid and enforceable." *Id.*, ¶ 61

7    In November 2000, the Arizona Superior Court added to its finding through an amendment to

8    the preliminary injunction. The court further found that the Protease/AlphaMed license was improperly

9    created and that John Lezdey had testified untruthfully in his deposition regarding the AlphaMed

10   license. Kim Decl., Ex.6, Amended Injunction, at 2-3. All other findings were confirmed. *Id.*

11   Lezdey and his sons did not appeal the Arizona court's preliminary injunction.

12

13   **4.    Arizona court litigation: Permanent injunction**

14   Following a series of delays, including an unsuccessful attempt by Lezdey to have the case

15   removed to a federal court in Arizona, a bench trial took place in January 2002. The trial was not

16   without its peculiarities. Despite repeated advance notice, neither Lezdey, his sons, his wife nor their

17   counsel attended the trial.[5] In addition, in the month preceding the trial, the Arizona court had entered

18   a liability judgment against Lezdey's sons as a sanction for their failure to appear for depositions. The

19   trial against Lezdey's sons, therefore, was on the issue of damages only. Another factor complicating

20   the trial was Lezdey's declaration of bankruptcy on the day immediately preceding the trial's

21   commencement, thereby automatically staying the case against him. Notwithstanding these

22   complications, the court conducted a bench trial against Lezdey's sons (on damages only), his wife

23   Noreen and J.L. Technology.[6] The trial included multiple hours of witness testimony and the

24   introduction of almost 300 exhibits. Kim Reply Decl., Ex. A, Tierney Affidavit, ¶ 21.

25   _____

26   [5]Lezdey contends that ill health and financial difficulties prevented him and his family from
     attending the trial. The Arizona court rejected this argument. Kim Decl., Ex. 15 at 5.
27
     [6]Lezdey's other holding company, J & D Science, was not a party to the trial, having also filed
28   for bankruptcy in the week prior to trial.

4

United States District Court

For the Northern District of California

1    On February 22, 2002, the Arizona Court issued a final judgment against Lezdey's sons and J.L.

2    Technology.[7]  In addition to awarding Wachter $17.4 million in compensatory and punitive damages,

3    the court issued a permanent injunction against Lezdey's sons and J.L. Technology that mirrored its

4    preliminary injunction.  Moreover, the court found that the Protease/Arriva license was "valid and

5    enforceable" and remained "fully in effect."  Kim Decl., Ex. 8, Permanent Injunction, ¶¶ 38, 61.  The

6    court further found that John Lezdey had violated his fiduciary duty to Wachter, Protease, Sonoran and

7    Arriva by, among other things, preparing false documents and improperly interfering with Arriva's

8    business operations and prospective business partners.  Lastly, the court found the Protease/AlphaMed

9    license to be "wholly void and of no effect." *Id.*, ¶ 72.

10    Lezdey's sons and J.L. Technology unsuccessfully appealed the Arizona judgment and

11    permanent injunction.

12    Although the validity of the Protease/Arriva license would appear to have been decided in the

13    Arizona litigation, defendants argue that this Court should discount the Arizona court's ruling for two

14    primary reasons.  First, as a result of the bankruptcy stay, John Lezdey was not a direct party to the

15    Arizona trial, the final judgment or the permanent injunction.[8]  Second, the judgment against Lezdey's

16    sons resulted from a discovery sanction and not from evidence produced at trial.  For these reasons,

17    defendants assert that Lezdey and his sons have not had an adequate opportunity to litigate the license

18    issue.

19

20    **5.    Arizona court litigation: Pending suit against John Lezdey**

21    In July 2002, the Bankruptcy Court lifted the automatic stay that had prevented Wachter from

22    pursuing his claims against Lezdey in the Arizona litigation.  As a result of numerous postponements,

23    a trial date has yet to be determined.  However, the Arizona court has scheduled a conference between

24    the parties and a newly assigned Superior Court judge on August 25, 2006 to schedule a trial date.  The

25

26    _____

        [7]The Arizona Superior Court also entered judgment against Lezdey's wife Noreen.  This
27    judgment was vacated on appeal.

28        [8]Lezdey was, however, indirectly a party to the trial and its result as a co-owner of J.L.
    Technology LP.

5

United States District Court
For the Northern District of California

1  parties' Pretrial Statement indicates that the validity of the Protease/Arriva license will once again be

2  a central issue.[9] Kim Reply Decl., Ex. D, Joint Pretrial Statement, filed June 21, 2004, at 12 (xiv)-(xv),

3  19 (xv)-(xxii).

4

5  **6.    Arizona court litigation: Contempt proceedings against John Lezdey**

6        Lezdey's relationship with the Arizona Superior Court has not been good. He has been held in

7  contempt of court on three separate occasions: first, in October 2000, for testifying untruthfully during

8  his deposition and refusing to appear at a later deposition; second, in February 2002, for willfully

9  violating the court's preliminary injunction by interfering with Arriva's business operations and acting

10 on behalf of Protease without Wachter's consent; and in September 2003, for failing to pay previously

11 imposed sanctions, for continuing to violate the preliminary injunction, and for repeatedly delaying the

12 Arizona action through bad faith procedural actions.

13        In its final contempt order, the Arizona court specifically found that Lezdey's filing of the

14 federal counterclaim in this case on behalf of Sonoran without Wachter's consent was a violation of the

15 preliminary injunction and has ordered Lezdey to dismiss the Sonoran counterclaim in this court.

16        The Arizona contempt proceedings had one additional and important outcome. In November

17 2004, as a sanction for Lezdey's continued disregard of the various contempt orders, the Arizona court

18 dismissed with prejudice all of Lezdey's counterclaims against Wachter in the Arizona litigation.

19 Lezdey and Sonoran rely heavily on this inability to bring a counterclaim in Arizona court in their

20 opposition to the motion under consideration here.

21

22 **7.    Florida litigation: AlphaMed v. Arriva**

23        In 2003, AlphaMed, the company controlled by Lezdey and his sons, filed a tort suit against

24 Arriva in Florida federal court, claiming that Arriva had misappropriated trade secrets and engaged in

25 unfair competition. A trial resulted in a jury verdict in favor of AlphaMed. However, on May 26, 2006,

26 the Florida district court granted Arriva's motion for judgment as a matter of law. AlphaMed has filed

27 ────────────────

28   [9]Whether Lezdey will be collaterally estopped from re-litigating the license validity issue is an open question.

1    a notice of appeal.

2

3                              **DISCUSSION**

4          Arriva seeks an order dismissing the declaratory relief counterclaim by defendants Lezdey and

5    Sonoran, on the grounds that the central issue in the counterclaim - the validity of the Protease/Arriva

6    license - is the subject of ongoing litigation in an Arizona state court, and that this Court's involvement

7    is therefore duplicative and unnecessary. Arriva argues alternatively that defendant Sonoran's

8    counterclaim should be dismissed because Sonoran lacks capacity to assert the counterclaim without

9    Wachter's consent.[10]

10

11   1.     **Dismissal of Lezdey and Sonoran's counterclaim based on the *Brillhart* factors**

12         Under the express terms of the Declaratory Judgment Act, the granting of declaratory relief by

13   a district court is discretionary. *See* 28 U.S.C.A. § 2201(a) (West 2006); *Cont'l Cas. Co. v. Robsac*

14   *Indus.*, 947 F.2d 1367, 1369 (9th Cir. 1991). Although a pending state action does not require a district

15   court to refuse declaratory relief jurisdiction, when the state action presents the same state law issues

16   as the federal action, "there exists a presumption that the entire suit should be heard in state court."

17   *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (citing *Brillhart v. Excess Ins. Co.*, 316 U.S.

18   491, 495 (1942)).

19         Three primary factors govern a federal court's decision to grant declaratory relief jurisdiction

20   when a related action is pending in state court: (1) avoidance of duplicative litigation, (2) avoidance of

21   needlessly determining issues of state law, and (3) discouragement of forum shopping by either party.

22   *See Brillhart*, 316 U.S. at 495; *Robsac*, 947 F.2d at 1371; *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d

23   1012, 1016-19 (9th Cir. 1995), *overruled on other grounds, Gov't Employees Ins. v. Dizol*, 133 F.3d

24   1220, 1227 (9th Circ. 1998). An analysis of these factors may entail an inquiry into, among other

25   things, the scope of the state action, the availability of remedies and defenses, and the involvement of

26   _____

27         [10]Arriva represented in its moving papers that if the counterclaim is dismissed, Arriva will
     withdraw its claims against Lezdey and Sonoran, as well as its claims against three related companies.
28   The discussion which follows is conditioned on Arriva's doing so.

United States District Court
For the Northern District of California

1   necessary parties. *Brillhart*, 316 U.S. at 495.

2       Both parties agree that the validity of the Protease/Arriva license is "at the heart of this . . .

3   counterclaim for declaratory and injunctive relief." Kim. Decl., Ex. 21, at 3. Plaintiff Arriva therefore

4   argues that, because the license's validity has been and continues to be the subject of extensive litigation

5   in Arizona state court, retrying the issue in this Court would: (a) be duplicative and wasteful, (b) require

6   an unnecessary determination of state law, and (c) encourage defendant Lezdey's bad faith efforts to

7   forum shop and otherwise disrupt the Arizona litigation. Defendants Lezdey and Sonoran counter by

8   arguing that the validity of the license has not been extensively litigated in Arizona, that this Court is

9   better suited to decide the issue and that Arriva is the party guilty of forum shopping.

10

11       **A.**     **First *Brillhart* factor:  Duplicative litigation of license validity**

12       The Court concludes that the Protease/Arriva license issue has already been extensively litigated

13   in the Arizona court, and that any litigation in this court would be duplicative. The license's validity

14   was a specific finding in the court's final judgment and permanent injunction against Lezdey's sons and

15   J.L. Technology and in its preliminary injunction order against Lezdey. The preliminary injunction was

16   issued after a two-day evidentiary hearing in which both Lezdey and his counsel participated. The final

17   judgment and permanent injunction followed a bench trial that included multiple hours of testimony and

18   the introduction of almost 300 exhibits. Kim Reply Decl., Ex. A, Tierney Affidavit, ¶ 21. Moreover,

19   during the more than 7 years that the litigation has been pending in Arizona court, Lezdey and his

20   counsel have filed an answer and counterclaims, actively participated in discovery and submitted

21   numerous motions. Finally, to the extent that this history of litigation is insufficient, defendant Lezdey

22   will have the opportunity to once again litigate the license issue in the upcoming trial against him in

23   Arizona state court.

24       Defendants Lezdey and Sonoran argue that litigation of the license issue would not be

25   duplicative because plaintiff Arriva and counter-Defendant Baxter are not parties in the Arizona

26   litigation. However, the Ninth Circuit has held that dismissal of a federal declaratory relief claim may

27   be warranted even when the parties to a related state court proceeding are not identical to those in the

28   federal action. *See Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1015 (9th Cir. 1995). This

**United States District Court**
For the Northern District of California

8

United States District Court

For the Northern District of California

1   is particularly true when the state court has already developed a factual record and/or will effectively

2   decide the issue about which declaratory relief is sought. *See id.* at 1017. In *Hungerford*, an insurance

3   company filed a federal claim against one of its customers seeking a declaration of non-coverage. *Id.*

4   at 1015. The insured was involved in a related state court proceeding that shared many of the

5   underlying facts with the federal action. *Id.* However, the insurance company was "not a party to [the

6   California state] action and could not, under California law, have been joined as a party or had the issue

7   of insurance coverage heard in the California proceeding." *Id.* at 1016. Nonetheless, the Ninth Circuit

8   dismissed the insurance company's declaratory relief claim. *Id.* at 1019. The court held that the state

9   court was a more suitable forum for the insurance company's declaratory relief claim because the state

10  court had already developed an extensive factual record while the federal record was "barren." *Id.* at

11  1017. Trying the insurance company's claim in federal court would therefore "result in a waste of

12  federal resources at every level of the decision making process." *Id.* at 1018; *see also McGraw-Edison*

13  *Co. v. Performed Line Products Co.*, 362 F.2d 339, 344-345 (9th Cir. 1966) (dismissing defendant's

14  declaratory relief counterclaim on the grounds that the issue would be effectively decided in a related

15  Ohio District Court case even though defendant was not a party to the Ohio case and could not be bound

16  by its result).

17       With regard to the present action, the Arizona court has developed a much more extensive

18  factual record than this Court. The Arizona litigation has involved considerable discovery (in which

19  Lezdey and Sonoran have participated), multiple evidentiary hearings and a bench trial that resulted in

20  a lengthy findings of fact. The factual record before this Court is, on the other hand, essentially

21  "barren." *See Hungerford*, 53 F.3d at 1017. In addition, as discussed previously, the Protease/Arriva

22  license issue will be decided by the Arizona court even though Arriva and Baxter are not party to the

23  Arizona proceedings.       Defendants distinguish *Hungerford* by arguing that a key factor in the

24  *Hungerford* court's dismissal was the availability of declaratory relief in state court. *See Hungerford*,

25  53 F.3d at 1018. While the defendants in this case have admittedly been barred from bringing a

26  declaratory relief claim in the Arizona court, the remedy's unavailability is the result of defendant

27  Lezdey's contemptuous acts, not as a result of a procedural hurdle. In striking Lezdey's counterclaims,

28  Arizona Superior Court Judge Armstrong noted, "To protect and preserve the integrity of the judicial

9

United States District Court
For the Northern District of California

1   system, Defendant [Lezdey] should not be permitted to press claims in the Court while openly defying

2   its authority." Declaration of John C. Steele in Support of Lezdey and Sonoran's Opposition ("Steele

3   Decl."), Ex. C, Superior Court of Arizona Order, at 2. Lezdey has not appealed this decision.

4   Furthermore, Lezdey's explanation for his behavior towards the Arizona court - that plaintiff Arriva and

5   Wachter are participating in a malicious scheme to bankrupt Lezdey and his family in which the Arizona

6   court is complicit - is unpersuasive. Def. Opposition at 7, 12.

7       Defendants also argue that, because the Arizona court's judgment against Lezdey's sons was the

8   result of a discovery sanction and not the result of evidence produced at trial, the license issue has not

9   actually been litigated in the Arizona court. This argument is flawed for two reasons. First, none of the

10  cases cited by either party requires that an issue have been *actually litigated* in state court. The cases

11  only require that the issue be the subject of *pending* state litigation. A well-developed factual record

12  in state court, not a final judgment, is the relevant factor. *See Hungerford*, 53 F.3d at 1016. Even

13  assuming that the defendants are correct and the rules of collateral estoppel will not prevent re-litigation

14  of the license's validity in this Court or the Arizona court, the validity of the Protease/Arriva license will

15  be a main issue in the pending Arizona trial against John Lezdey. Second, although Lezdey's sons were

16  the subject of the discovery sanction, another defendant in the 2002 Arizona trial and final judgment,

17  the Lezdey holding company J.L. Technology, had not been the subject of sanctions. The evidence

18  presented at trial was therefore necessary for a finding of its liability.

19      In summary, judicial economy would be best served by allowing the Arizona state court to

20  decide (to the extent it has not already decided) the Protease/Arriva license validity issue. The Arizona

21  court has already developed a factual record on the issue through a previous trial and related discovery

22  (in which defendants Lezdey and Sonoran have participated) and will continue to hear evidence and

23  argument on the issue in the upcoming trial of John Lezdey. Re-litigating the same issue in this Court

24  would therefore be unnecessarily duplicative.

25

26  **B.      Second *Brillhart* factor: Unnecessary determination of state law**

27      The Court also concludes that comity between this Court and the Arizona Superior Court

28  warrants denial of jurisdiction. The Supreme Court in *Brillhart* instructed that "gratuitous interference

United States District Court

For the Northern District of California

1    with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart*,

2    316 U.S. at 495.  In *Hungerford*, the Ninth Circuit noted that even if declaratory judgment would help

3    clarify the legal issue pending before a state court, "such clarification would only come at the cost of

4    increasing friction between state and federal courts, and would constitute an improper encroachment

5    on state court jurisdiction." *Hungerford*, 53 F.3d at 1019.  The court was particularly concerned about

6    the risk that the state and federal courts might reach different conclusions when interpreting the same

7    facts.  *Id.* at 1019 n.7.  In *McGraw-Edison*, the Ninth Circuit concluded that "it is well settled . . . that

8    a declaratory judgment may be refused . . . where it is being sought merely to determine issues which

9    are involved in a case already pending and can be properly disposed of therein." *McGraw-Edison*, 362

10    F.2d at 343.  Finally, where "the sole basis of [federal] jurisdiction is diversity of citizenship, the federal

11    interest is at its nadir." *Robsac*, 947 F.2d at 1371.

12    Here, the sole basis for jurisdiction is diversity.  Second, as in *Hungerford* and *McGraw-Edison*,

13    the license issue is one of state, not federal, law.  Even if, as the defendants contend, the license issue

14    should be governed by California rather than Arizona law, it is nonetheless a state law issue.  Third,

15    because the validity of the Protease/Arriva license was a direct finding of the Arizona court in the 2002

16    trial and will be an issue in the upcoming trial, there exists the risk that this Court's ruling would

17    directly conflict with the Arizona court's ruling.  This is the precise risk that the *Hungerford* court

18    envisioned and consciously avoided.  Finally, from a pragmatic standpoint, the fact that significant

19    discovery and fact-finding have taken place in the Arizona court and not in this Court makes the Arizona

20    court a more suitable forum for resolution of the license issue.

21

22    **C.    Third *Brillhart* factor: Avoidance of forum shopping**

23    Finally, the Court finds that dismissal is warranted to avoid forum shopping by the defendants.

24    The parties agreed to stay this litigation to allow the Arizona suit to proceed; now, after obtaining

25    several adverse rulings in Arizona, defendants seek a more favorable forum.  The Ninth Circuit has

26    discouraged such opportunistic maneuvering.  *See Am. Casualty Co. v. Krieger*, 181 F.3d 1113, 1119

27    (9th Cir. 1999) (upholding district court's granting of declaratory relief on the grounds that it helped

28    prevent the defendants, who had lost several motions in federal court, from "wiping the slate clean and

1   starting this litigation anew in state court on the eve of their federal court trial.")

2       Defendant Lezdey has also been formally rebuked for forum shopping and other delay tactics

3   by multiple courts.  The Arizona District Court sternly reprimanded and sanctioned Lezdey for

4   attempting a second removal of the state case to federal court. Kim Decl., Ex. 12 at 2:5. A Florida

5   Bankrupty Court judge was equally direct; while dismissing a motion by Lezdey in 2003, Judge

6   Timothy Corcoran noted that "it appears that this motion is just one more attempt by the debtor [Lezdey]

7   to avoid or delay trial in the Arizona action by engaging in improper forum shopping . . . the debtor's

8   conduct is even more egregious than was apparent in previous papers." Kim Decl., Ex. 11, Order

9   Denying Debtor's Motion for Temporary or Preliminary Relief, at 20.  Finally, in the last of its three

10  contempt orders against Lezdey, the Arizona Superior Court specifically cited Lezdey's repeated, bad

11  faith efforts to delay the Arizona trial through forum shopping.  Kim Decl., Ex. 17, Order dated

12  September 10, 2003 at 2, ¶ 6.

13

14  **2.    Dismissal of Sonoran's counterclaim**

15      Arriva argues alternatively that Sonoran's counterclaim should be dismissed on the grounds that,

16  by law, Sonoran lacks capacity to file the counterclaim because it does not have Wachter's

17  authorization.  This Court agrees.

18      Arriva argues that Sonoran, by the terms of its own Operating Agreement[11] and the rulings of

19  the Arizona court, can only lawfully bring a counterclaim with the consent of Dr. Wachter.  This

20  authorization is, of course, lacking. The Sonoran Operating Agreement requires that Lezdey or Wachter

21  get the consent of the other before acting on behalf of Sonoran, provided that either party supplies

22  written notice that their consent is required.  Kim Decl., Ex. 20, Sonoran Operating Agreement, at 3.1.

23  Arriva contends that Wachter provided Lezdey with the required written notice when he filed various

24  motions with the Arizona court requesting that Lezdey be prohibited from acting on behalf of Sonoran

25

26      [11] According to Federal Rule of Civil Procedure 17(b), Sonoran's capacity to sue is governed by
    Nevada law, the state of its incorporation.  Under Nevada law, the decision to file a lawsuit must be
27  made by members of the company in proportion to their capital contribution unless the corporation's
    operating agreement provides an alternate procedure, as is the case here. Nev. Rev. Stat §§ 86.281 and
28  86.291.

12

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1   without Wachter's consent. Arriva further argues that the Arizona court's preliminary injunction, which

2   specifically prohibited Lezdey from acting for Sonoran without Wachter's consent, created a second

3   legal obligation. This second obligation is reinforced by the fact that the Arizona court found Lezdey

4   to be in violation of the injunction when he filed this counterclaim on behalf of Sonoran - a decision that

5   Lezdey unsuccessfully attempted to appeal.

6          Defendants do not contest any of the above facts. Instead, defendants argue that this Court

7   implicitly rejected the lack of capacity argument when it granted defendants leave to file their

8   counterclaims. Providing leave to file a claim, however, is not a decision on that claim's merits. In fact,

9   in a later order denying Lezdey's request for a TRO prohibiting enforcement of the Arizona injunction,

10  this Court noted that its decision to allow the counterclaims "was not intended to, and did not, express

11  any opinion concerning the validity of the Arizona injunction then in place against Mr. Lezdey." Kim

12  Reply Decl., Ex. E, Order Filed October 17, 2003.

13         Since Lezdey and Sonoran do not contest the key facts presented by Arriva, this Court concludes

14  that Sonoran lacks the capacity to sue without Wachter's consent.

15

16                                        **CONCLUSION**

17         For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's

18  motion to dismiss defendants' counterclaims for declaratory relief (Docket No. 129).[12] This dismissal

19  is conditioned upon plaintiff filing a dismissal without prejudice of its claims against Lezdey, Sonoran

20  and the remaining defendants other than Lezdey's sons Jarrett and Darren within 7 days of the filing

21  date of this Order. Following plaintiff's dismissal, the only claims remaining before this Court will be

22  Arriva's two employment-related causes of action against Darren and Jarrett Lezdey and Darren and

23  Jarrett Lezdey's counterclaims for back pay, breach of contract and other employment-related issues.

24  These remaining claims will be the subject of the parties' next case management conference, scheduled

25

26         [12]Since defendants' request for injunctive relief is derivative of its declaratory relief claim, that
    claim is likewise dismissed by this Order. *See Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750,
27  755 (holding that, when an action consists of a declaratory relief claim and a non-declaratory claim that
    is "wholly dependent upon a favorable decision" on the declaratory claim, the entire action is one for
28  declaratory relief).

                                              13

1    for July 28, 2006.

2

3       **IT IS SO ORDERED.**

4

5    Dated: July 5, 2006

6

7                                         SUSAN ILLSTON
                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

ADRMOP, CLOSED, ICMS, ProSe

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:99-cv-02169-SI

| | |
|---|---|
| Alphaone Pharmaceuti v. Sonoran Desert Chem, et al | Date Filed: 05/10/1999 |
| Assigned to: Judge Susan Illston | Date Terminated: 12/18/2006 |
| Demand: $0 | Jury Demand: Both |
| Cause: 28:1332 Diversity-Property Damage | Nature of Suit: 380 Personal Property: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Alphaone Pharmaceuticals, Inc.**        represented by **Grant L. Kim**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415-268-7359
Fax: 415-268-7522
Email: gkim@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kurt E. Springmann**
Morrison & Foerster LLP
425 Market St
San Francisco, CA 94105-2482
(415) 268-7000
*TERMINATED: 03/28/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Jacobs**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7455
Fax: (415) 268-7522
Email: mjacobs@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason A. Crotty**
Morrison & Foerster LLP

425 Market St.
San Francisco, CA 94105-2482
(415) 268-6381
Fax: 415-268-7522
Email: jcrotty@mofo.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sonoran Desert Chemicals, L.L.C.**          represented by   **Richard J. Collier**
*TERMINATED: 07/14/2006*                                      Titchell Maltzman Mark & Ohleyer
                                                              650 California St
                                                              25th Flr
                                                              San Francisco, CA 94108
                                                              (415) 392-5600
                                                              Email: rjc@tmmo.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Douglas John Rovens**
                                                              Zelle, Hofmann
                                                              550 S.Hope Street
                                                              Suite 1600
                                                              Los Angeles, CA 90071-2228
                                                              (213) 895-4150
                                                              Email: drovens@ssd.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Steven Andrew Lamb**
                                                              Zelle, Hofmann, Voelbel, Mason &
                                                              Gette LLP
                                                              550 South Hope Street
                                                              Suite 1600
                                                              Los Angeles, CA 90071
                                                              213-895-4150
                                                              Fax: 213-895-4155
                                                              Email: slamb@zelle.com
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**J.L. Technology L.P.**          represented by   **Richard J. Collier**
*TERMINATED: 07/14/2006*                          (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas John Rovens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Andrew Lamb**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**J&D Science, Inc.**
*TERMINATED: 07/14/2006*

represented by **Richard J. Collier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas John Rovens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Andrew Lamb**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**John Lezdey**
*TERMINATED: 07/14/2006*

represented by **Richard J. Collier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas John Rovens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Christopher Steele**
550 S.Hope Street
Suite 1600
Los Angeles, CA 90071
213-895-4150
Email: jsteele@zelle.com
*ATTORNEY TO BE NOTICED*

**Steven Andrew Lamb**



(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jarett Lezdey**                  represented by   **Jarett Lezdey**
                                                   1018 Laurel Oak Road
                                                   Suite 4
                                                   Voorhees, NJ 08043
                                                   PRO SE

**Defendant**

**Darren Lezdey**                  represented by   **Darren Lezdey**
                                                   John Lezdey & Associates
                                                   4625 E Bay Drive
                                                   Ste 302
                                                   Clearwater, FL 33764
                                                   PRO SE

**Defendant**

**Protease Sciences, Inc.**        represented by   **Richard J. Collier**
*TERMINATED: 07/14/2006*                           (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Douglas John Rovens**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Steven Andrew Lamb**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Counter-defendant**

**Baxter Healthcare Corporation**

**Trustee**

**Andrea P. Bauman**               represented by   **Andrew W. Lennox**
*Chapter 7 Trustee for the Bankruptcy*             Jennis Bowen & Brundage, PL
*Estates of defendants and*                        400 N. Ashley Drive, Sutie 2540
*counterclaimants Darren B. Lezdey*                Tampa, FL 33602

*and Jarett R. Lezdey*

813-229-1700
Fax: 813-229-1707
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Sonoran Desert Chemicals, L.L.C.**    represented by   **Richard J. Collier**
*TERMINATED: 07/14/2006*                                (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Douglas John Rovens**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven Andrew Lamb**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Counter-claimant**

**John Lezdey**                          represented by   **Richard J. Collier**
*TERMINATED: 07/14/2006*                                (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Douglas John Rovens**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven Andrew Lamb**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

V.

**Counter-defendant**

**Alphaone Pharmaceuticals, Inc.**       represented by   **Kurt E. Springmann**
                                                         (See above for address)
                                                         *TERMINATED: 03/28/2006*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

Michael A. Jacobs
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/1999 | 1 | COMPLAINT for Damages and Declaratory Relief ; Summons(es) issued; Fee status pd entered on 5/10/99 in the amount of $ 150.00 ( Receipt No. 3300893); jury demand [3:99-cv-02169] (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/11/1999 | 2 | EX-PARTE APPLICATION before Judge Maxine M. Chesney by Plaintiff Alphaone Pharmaceuti for temporary restraining order [3:99-cv-02169] (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/11/1999 | 3 | DECLARATION by Kurt E. Springmann on behalf of Plaintiff Alphaone Pharmaceuti re motion for temporary restraining order [2-1] [3:99-cv-02169] (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/11/1999 | 4 | DECLARATION by Philip J. Barr on behalf of Plaintiff Alphaone Pharmaceuti re motion for temporary restraining order [2-1] [3:99-cv-02169] (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/11/1999 | 5 | ORDER RE COURT PROCEDURE and SCHEDULE by Judge Maxine M. Chesney : Proof of service to be filed by 6/25/99 ; counsels' case management statement to be filed by 9/7/99 ; initial case management conference will be held 10:30 9/17/99 . (cc: all counsel) (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/11/1999 | 6 | DECLARATION by Allan M. Wachter on behalf of Plaintiff Alphaone Pharmaceuti re motion for temporary restraining order [2-1] [3:99-cv-02169] (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/14/1999 | 7 | RESPONSE by defendant John Lezdey re motion for temporary restraining order [2-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 05/17/1999) |
| 05/14/1999 | 8 | DECLARATION by John Lezdey on behalf of defendant John Lezdey re response [7-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 05/17/1999) |
| 05/17/1999 | 9 | MINUTES: ( C/R Rosita Flores) ( Hearing Date: 5/17/99) denying plaintiff's motion for temporary restraining order [2-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 05/20/1999) |
| 06/02/1999 | 10 | RETURN OF SERVICE of summons and complaint executed upon |

| | | |
|---|---|---|
| | | defendants on 5/17, 5/22, 5/25 [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/03/1999) |
| 06/10/1999 | 11 | ANSWER by defendant Jarett Lezdey to complaint [1-1]; jury demand [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/15/1999) |
| 06/14/1999 | 12 | STIPULATION and ORDER by Judge Maxine M. Chesney : extending time to answer to 6/21/99 (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/15/1999) |
| 06/21/1999 | 13 | ANSWER by defendant J.L. Technology L.P. to complaint [1-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/21/1999 | 14 | ANSWER by defendant J&D Science, Inc. to complaint [1-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/21/1999 | 15 | ANSWER by defendant Protease Sciences to complaint [1-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/21/1999 | 16 | ANSWER by defendant Sonoran Desert Chem to complaint [1-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/21/1999 | 17 | ANSWER by defendant John Lezdey to complaint [1-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/21/1999 | 18 | REPORTER'S TRANSCRIPT; Date of proceedings: 5/17/99 ( C/R: Rosita Flores) minutes [9-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/22/1999 | 19 | ANSWER TO COUNTERCLAIM to defendant Darren Lezdey's counterclaim [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/23/1999) |
| 06/22/1999 | 20 | ANSWER TO COUNTERCLAIM to defendant Jarett Lezdey's counterclaim [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/23/1999) |
| 08/11/1999 | 21 | CLERK'S NOTICE Case Management Statement is due 9/17/99 ; Case Management Conference set for 10:30 9/24/99 [3:99-cv-02169] (ab, COURT STAFF) (Entered: 08/16/1999) |
| 08/12/1999 | 22 | STIPULATION and ORDER by Judge Maxine M. Chesney : Case Management Conference set for 12/10/99 (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 08/19/1999) |
| 12/02/1999 | 23 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ab, COURT STAFF) (Entered: 12/06/1999) |
| 12/08/1999 | 24 | STIPULATION and ORDER by Judge Maxine M. Chesney : Case |

| | | |
|---|---|---|
| | | Management Conference set for 3/24/00 ; Case Management Statement is due 3/17/00 (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 12/10/1999) |
| 03/20/2000 | 25 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ab, COURT STAFF) (Entered: 03/21/2000) |
| 03/23/2000 | 26 | STIPULATION and ORDER by Judge Maxine M. Chesney : Case Management Statement is due 9/15/00 ; Case Management Conference set for 9/22/00 (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 03/27/2000) |
| 09/12/2000 | 27 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ab, COURT STAFF) (Entered: 09/12/2000) |
| 09/13/2000 | 28 | STIPULATION and ORDER by Judge Maxine M. Chesney : Case Management Statement is due 1/26/00 ; Case Management Conference set for 2/2/01 (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 09/14/2000) |
| 01/31/2001 | 29 | CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ga, COURT STAFF) (Entered: 02/09/2001) |
| 02/01/2001 | 31 | STIPULATION and ORDER by Judge Maxine M. Chesney : vacating case management conference , further stay of litigation (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 02/14/2001) |
| 02/06/2001 | 30 | MOTION before Judge Maxine M. Chesney by defendant Darren Lezdey for summary judgment unnoticed [3:99-cv-02169] (ab, COURT STAFF) (Entered: 02/14/2001) |
| 03/05/2001 | 32 | PROOF OF SERVICE by defendant Darren Lezdey of [3:99-cv-02169] (ga, COURT STAFF) (Entered: 03/16/2001) |
| 03/09/2001 | 33 | ORDER by Judge Maxine M. Chesney denying without prejudice motion for summary judgment [30-1] ( Date Entered: 3/22/01) (cc: all counsel) [3:99-cv-02169] (ga, COURT STAFF) (Entered: 03/22/2001) |
| 04/03/2001 | 34 | MAIL [33-1] addressed to defendant Jarett Lezdey returned from Post Office [3:99-cv-02169] (ga, COURT STAFF) (Entered: 04/13/2001) |
| 07/09/2001 | 35 | JOINT CASE MANAGEMENT CONFERENCE STATEMENT filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 07/12/2001) |
| 07/13/2001 | 36 | MINUTES: ( C/R none) ( Hearing Date: 7/13/01) Court inquired |



| | | about pending case in Arizona. Case Management Statement is due 2/1/02 ; Case Management Conference set for 10:30 2/8/02 ; [3:99-cv-02169] (aaa, COURT StafF) (Entered: 07/17/2001) |
|---|---|---|
| 07/13/2001 | 37 | STIPULATION and ORDER re further stay of litgation by Judge Maxine M. Chesney : (cc: all counsel) [3:99-cv-02169] (aaa, COURT StafF) (Entered: 07/17/2001) |
| 02/01/2002 | 38 | NOTICE OF BANKRUPTCY; DECLARATION OF JOHN LEZDEY by defendant J&D Science, Inc., defendant John Lezdey [3:99-cv-02169] (aaa, COURT StafF) (Entered: 02/04/2002) |
| 02/01/2002 | 39 | CASE MANAGEMENT STATEMENT filed. of defendant John Lezdey; J&D Sciences, Inc.; Sonoran Desert Chemicals, LLC; JL Technology, L.P., and Protease Sciences, Inc., [3:99-cv-02169] (aaa, COURT StafF) (Entered: 02/04/2002) |
| 02/04/2002 | 40 | PLAINTIFF'S CASE MANAGEMENT STATEMENT filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 02/06/2002) |
| 02/08/2002 | 41 | MINUTES: ( C/R None) (Further Case Management Conference (Held) Hearing Date: 2/8/02) Case Management Statement is due 7/5/02; Stay remains in effect ; Case Management Conference CONTINUED for 10:30 7/12/02 ; Plaintiff's counsel informed the Court that trial in Arizona was held and some of the defendants declared bankruptcy [3:99-cv-02169] (aaa, COURT StafF) (Entered: 02/12/2002) |
| 07/05/2002 | 42 | PLAINTIFF'S CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 07/08/2002) |
| 07/09/2002 | 43 | PLAINTIFF'S CASE MANAGEMENT STATEMENT [3:99-cv-02169] (aaa, COURT StafF) (Entered: 07/11/2002) |
| 01/03/2003 | 44 | NOTICE by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant John Lezdey, defendant Protease Sciences of association of attorney Douglas J. Rovens, Steven A. Lamb [3:99-cv-02169] (aaa, COURT StafF) (Entered: 01/06/2003) |
| 01/03/2003 | 45 | DEFENDANTS' CASE MANAGEMENT STATEMENT filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 01/06/2003) |
| 01/08/2003 | 46 | PLAINTIFF'S CASE MANAGEMENT STATEMENT filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 01/10/2003) |
| 01/09/2003 | 47 | DECLARATION by David C. Tierney on behalf of Plaintiff Alphaone Pharmaceuti IN CONJUNCTION WITH CASE MANAGEMENT CONFERENCE [3:99-cv-02169] (aaa, COURT |



| | | |
|---|---|---|
| | | StafF) (Entered: 01/10/2003) |
| 01/09/2003 | 48 | DECLARATION by Edwin G. Rice on behalf of Plaintiff Alphaone Pharmaceuti IN CONJUNCTION WITH CASE MANGEMENT CONFERENCE [3:99-cv-02169] (aaa, COURT StafF) (Entered: 01/10/2003) |
| 01/10/2003 | 49 | MINUTES: ( C/R None) ( Further Case Management Conference (Held) before the Honorable Maxine M. Chesney; Hearing Date: 1/10/03) Stay is lifted at all Defendant's Request pursuant to 2/1/01 stipulation and order. Joint Case Management Statement is due 3/21/03 ; Case Management Conference CONTINUED for 10:30 3/28/03 ; Defendant wants to file cross-complaints (and lift stay in case) [3:99-cv-02169] (aaa, COURT StafF) (Entered: 01/14/2003) |
| 03/21/2003 | 50 | JOINT CASE MANAGEMENT STATEMENT filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 03/25/2003) |
| 03/28/2003 | 51 | MINUTES: ( C/R None) (Further Case Management Conference (Held) by the Honorable Maxine M. Chesney; Hearing Date: 3/28/03) Court Directs Docket Clerk to "Unfile" Sonoran Desert Counterclaim & Delete Entry from Docket. Defendant Sonoran Desert is Directed to File a Motion to File Counterclaim. Joint Case Management Statement is due 7/18/03 ; Case Management Conference CONTINUED for 10:30 7/25/03 ; 5/30/03 Hearing in Phoenix Action [3:99-cv-02169] (aaa, COURT StafF) Modified on 04/01/2003 (Entered: 04/01/2003) |
| 05/13/2003 | 52 | NOTICE OF MOTION AND MOTION WITH MEMORANDUM OF POINTS AND AUTHORITIES before Judge Maxine M. Chesney by defendant Sonoran Desert Chem, defendant John Lezdey for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof with Notice set for 6/13/03 @ 9:00 a.m. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 05/15/2003) |
| 05/13/2003 | 53 | NOTICE OF LODGING COUNTERCLAIM by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant John Lezdey, defendant Jarett Lezdey, defendant Darren Lezdey, defendant Protease Sciences [3:99-cv-02169] (aaa, COURT StafF) (Entered: 05/15/2003) |
| 05/19/2003 | 54 | NOTICE of CONTINUING hearing by defendant Sonoran Desert Chem, defendant John Lezdey setting motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1] ; hearing set for 9:00 6/27/03 [3:99-cv-02169] (aaa, COURT StafF) (Entered: 05/21/2003) |



| 06/06/2003 | 55 | OPPOSITION by Plaintiff Alphaone Pharmaceuti to motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/10/2003) |
| --- | --- | --- |
| 06/06/2003 | 56 | DECLARATION by Paul J. Riley on behalf of Plaintiff Alphaone Pharmaceuti re opposition to motion for leave to file counterclaim [55-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/10/2003) |
| 06/06/2003 | 57 | PROOF OF SERVICE by Plaintiff Alphaone Pharmaceuti of declaration [56-1], opposition [55-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/10/2003) |
| 06/13/2003 | 58 | REPLY BRIEF FILED by defendant Sonoran Desert Chem, defendant John Lezdey regarding motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support of Motion for Leave to File Counterclaim Thereof [52-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/17/2003) |
| 06/13/2003 | 59 | DECLARATION by Douglass J. Rovens on behalf of defendant Sonoran Desert Chem, defendant John Lezdey re reply brief in support of motion for leave to file counterclaim [58-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/17/2003) |
| 06/13/2003 | 60 | PROOF OF SERVICE by defendant Sonoran Desert Chem, defendant John Lezdey of declaration [59-1], brief [58-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/17/2003) |
| 06/18/2003 | 61 | ORDER CONTINUING HEARING by Judge Maxine M. Chesney setting hearing on motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1] 9:00 7/25/03 ( Date Entered: 6/24/03) (cc: all counsel) [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/24/2003) |
| 06/19/2003 | 62 | STATEMENT of RECENT DECISION IN FURTHER by Plaintiff Alphaone Pharmaceuti in further support of opposition to Defendant's Motion for Leave to File Counterclaim [55-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/25/2003) |
| 07/03/2003 | 63 | STIPULATION and ORDER by Judge Maxine M. Chesney : setting hearing on motion for leave to file Counterclaim [52-1] for 9:00 a.m. on 8/15/03 Case Management Conference reset for 9:00 a.m. on 8/15/03 ; (cc: all counsel) [3:99-cv-02169] (rcs, COURT STAFF) (Entered: 07/08/2003) |
| 07/03/2003 | 64 | ORDER by Judge Maxine M. Chesney of recusal ( Date Entered: 07/08/03) (cc: all counsel) [3:99-cv-02169] (rcs, COURT STAFF) (Entered: 07/08/2003) |



| 07/07/2003 | 65 | ORDER by Executive Committee Case reassigned to Judge Susan Illston; referred to Judge Susan Illston the motion for leave to file Counterclaim [52-1] ( Date Entered: 07/08/03) (cc: all counsel) [3:99-cv-02169] (rcs, COURT STAFF) (Entered: 07/08/2003) |
| 07/08/2003 | 66 | CLERK'S NOTICE setting hearing on motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1] 9:00 8/15/03 Further Case Management Conference set for 2:30 10/3/03 ; A joint case management conference statement must be filed one week prior to the conference. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/10/2003) |
| 07/17/2003 | 68 | MAIL [66-2] returned addressed to Jarett Lezdey from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/01/2003) |
| 07/18/2003 | 67 | MAIL [66-2] addressed to Darren Lezdey returned from Post Office. Remailed to new addres. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/18/2003) |
| 07/21/2003 | 69 | MAIL [65-2] addressed to defendant Jarett Lezdey returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/01/2003) |
| 08/14/2003 | 70 | NOTICE of Change of Firm Name by defendants'counsels' firm to Rovens Lamb LLP. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/15/2003) |
| 08/19/2003 | 71 | MINUTES: ( C/R K. Wyatt) ( Hearing Date: 8/15/03) granting motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1]. The case shall be stayed pending until the case management conference scheduled in October 2003. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/19/2003) |
| 08/19/2003 | 72 | ORDER by Judge Susan Illston granting motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1]. After the counterclaim has been filed with the Court, the action will be stayed pending the October 3, 2003 case management conference, at which time the Court will evaluate whether the stay should be lifted. ( Date Entered: 8/20/03) (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/20/2003) |
| 08/29/2003 | 73 | AMENDED ANSWER by defendant Sonoran Desert Chem, defendant John Lezdey [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/04/2003) |
| 08/29/2003 | 74 | COUNTERCLAIM; jury demand by defendant Sonoran Desert |

| | | |
|---|---|---|
| | | Chem, defendant John Lezdey against Plaintiff Alphaone Pharmaceuti [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/04/2003) |
| 09/02/2003 | 75 | MAIL [72-1] addressed to Jarett lezdey returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/04/2003) |
| 09/05/2003 | 76 | PROOF OF SERVICE by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant Protease Sciences of order [72-1], clerk notice [66-2] [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/08/2003) |
| 09/15/2003 | 77 | PROOF OF SERVICE by defendants of Summons and Complaint on Baxter Healthcare Corporation. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/15/2003) |
| 09/22/2003 | 78 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/23/2003) |
| 09/30/2003 | 79 | EX-PARTE APPLICATION before Judge Susan Illston by defendant Sonoran Desert Chem, defendant John Lezdey, defendant Protease Sciences, defendant J&D Science, Inc., defendant J.L. Technology L.P. for temporary restraining order , and for order to show cause or other appropriate relief directing the Arizona Superior Court for Maricopa County (the Honorable Paul A. Katz) to show cause why its contempt order, dated September 10, 2003, dismissing the counterclaim in this action (and other illegal orders) should not be enjoined. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/01/2003) |
| 09/30/2003 | 80 | MEMORANDUM of Points and Authorities by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant John Lezdey, defendant Protease Sciences in support of motion for temporary restraining order [79-1], of motion for order to show cause [79-2]; declarations of John Lezdey and Douglas J. Rovens in support thereof. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/01/2003) |
| 09/30/2003 | | RECEIVED Proposed Order ( defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant John Lezdey, defendant Protease Sciences ) re: motion for temporary restraining order [79-1], re: motion for order to show cause [79-2] [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/01/2003) |
| 09/30/2003 | 81 | PROOF OF SERVICE by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., |

| | | |
|---|---|---|
| | | defendant John Lezdey, defendant Protease Sciences of memorandum [80-1], motion for temporary restraining order [79-1], motion for order to show cause [79-2], proposed order. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/01/2003) |
| 10/02/2003 | 82 | Preliminary Memorandum in RESPONSE by Plaintiff Alphaone Pharmaceuti re motion for temporary restraining order [79-1] [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/03/2003) |
| 10/02/2003 | 83 | PROOF OF SERVICE on Honorable Paul A. Katz by Plaintiff Alphaone Pharmaceuti of motion for temporary restraining order [79-1], motion for order to show cause [79-2] [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/03/2003) |
| 10/07/2003 | 84 | ORDER by Judge Susan Illston denying motion for temporary restraining order [79-1], denying motion for order to show cause [79-2]. Stay in this action is continued until April 16, 2004. ( Date Entered: 10/8/03) (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/08/2003) |
| 10/07/2003 | 85 | MINUTES: ( C/R None) Further Case Management Conference HELD ( Hearing Date: 10/3/03) Further Case Management Conference set for 2:30 4/16/04 ; The Court is not inclined to grant the motion for temporary restraining order. The stay imposed on this case shall remain in effect until April 16, 2004. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/08/2003) |
| 10/23/2003 | 86 | MAIL [84-1] addressed to Jarett Lezdey returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/28/2003) |
| 04/02/2004 | 87 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 04/02/2004) |
| 04/14/2004 | | RECEIVED Joint Stipulation and proposed order for continuance of the case management conference submitted by Plaintiff, defendant [3:99-cv-02169] (ys, COURT STAFF) (Entered: 04/14/2004) |
| 04/15/2004 | 88 | JOINT STIPULATION and ORDER by Judge Susan Illston : Further Case Management Conference set for 2:30 6/25/04 ; (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 04/15/2004) |
| 04/16/2004 | 89 | NOTICE of Entry of Order by Plaintiff, defendant [88-2] order [3:99-cv-02169] (ys, COURT STAFF) (Entered: 04/19/2004) |
| 06/10/2004 | | RECEIVED Joint stipulation and proposed order for continuance of the case management conference submitted by Plaintiff, defendants. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 06/14/2004) |



| 06/15/2004 | 90 | STIPULATION and ORDER by Judge Susan Illston : for continuance of the case management conference Case Management Conference set for 2:30 7/23/04 subject to the parties seeking an earlier case management conference; (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 06/16/2004) |
| 07/02/2004 | 91 | MAIL [90-2] addressed to defendant Jarett Lezdey returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/07/2004) |
| 07/13/2004 | 92 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/13/2004) |
| 07/21/2004 | 93 | NOTICE by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant John Lezdey, defendant Protease Sciences of change of address [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/23/2004) |
| 07/30/2004 | 94 | MINUTES: ( C/R None) Further case management conference HELD ( Hearing Date: 7/23/04) Further Case Management Conference set for 2:30 9/10/04 ; This case shall be stayed until 9/8/04. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/03/2004) |
| 08/27/2004 | | RECEIVED Joint Request and Proposed order for continuance of the case management conference submitted by Plaintiff, defendant [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/30/2004) |
| 08/31/2004 | 95 | ORDER by Judge Susan Illston : Continuance of Case Management Conference set for 2:30 10/29/04 ; ( Date Entered: 9/2/04) (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/02/2004) |
| 10/13/2004 | 96 | CLERK'S NOTICE Further Case Management Conference set for 2:30 11/16/04 ; [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/18/2004) |
| 11/08/2004 | 98 | MAIL [96-2] addressed to Jarett Lezdey, Esq. returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 11/16/2004) |
| 11/12/2004 | 97 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 11/12/2004) |
| 11/16/2004 | | RECEIVED Joint Stipulation and Proposed Order for continuance of the case management conference submitted by Plaintiff, defendant [3:99-cv-02169] (ys, COURT STAFF) (Entered: |



| | | 11/16/2004) |
|---|---|---|
| 11/17/2004 | 99 | STIPULATION and ORDER for continuance of the Case management conference by Judge Susan Illston : Case Management Conference set for 2:30 1/14/05 ; (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 11/18/2004) |
| 12/10/2004 | 100 | REPORTER'S TRANSCRIPT; Date of proceedings: 8/15/03 ( C/R: Katherine Wyatt) minutes [71-1] [3:99-cv-02169] (ys, COURT STAFF) (Entered: 12/10/2004) |
| 01/06/2005 | | RECEIVED Joint Stipulation and proposed for continuance of the case management conference submitted by Plaintiff, defendant [3:99-cv-02169] (ys, COURT STAFF) (Entered: 01/06/2005) |
| 01/10/2005 | 101 | JOINT STIPULATION and ORDER by Judge Susan Illston : Case Management Conference set for 2:30 6/10/05 ; (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 01/11/2005) |
| 06/03/2005 | 102 | NOTICE OF MOTION AND MOTION WITH MEMORANDUM OF POINTS AND AUTHORITIES ; declaration of Douglas J. Rovens before Judge Susan Illston by defendant Jarett Lezdey, defendant Darren Lezdey for order lifting stay and referrin gcase to bankruptcy court with Notice set for 6/10/05 at 2:30 pm. [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/07/2005) |
| 06/03/2005 | 103 | EX-PARTE APPLICATION before Judge Susan Illston by defendant Jarett Lezdey, defendant Darren Lezdey for order shortening time to file motion for order lifting stay [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/07/2005) |
| 06/03/2005 | | RECEIVED Proposed Order ( defendant Jarett Lezdey, defendant Darren Lezdey ) re: motion for order shortening time to file motion for order lifting stay [103-1] [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/07/2005) |
| 06/06/2005 | 104 | MEMORANDUM by Plaintiff Alphaone Pharmaceuti in opposition to motion for order shortening time to file motion for order lifting stay [103-1], motion for order lifting stay and referrin gcase to bankruptcy court [102-1] [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/07/2005) |
| 06/06/2005 | | RECEIVED Proposed Order for Continuance of the Case Management Conference ( Plaintiff Alphaone Pharmaceuti ) [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/07/2005) |
| 06/06/2005 | 105 | RESPONSE by Counter-defendant Baxter Healthcare re motion for order shortening time to file motion for order lifting stay [103-1] [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/09/2005) |


| 06/07/2005 | 106 | REPLY by defendant Jarett Lezdey, defendant Darren Lezdey re application for order shortening time to file motion for order lifting stay [103-1] [3:99-cv-02169] (cb, COURT STAFF) (Entered: 06/14/2005) |
| 06/13/2005 | 107 | MINUTES: ( C/R None) ( Hearing Date: 6/10/05) Further Case Management Conference set for 2:30 10/7/05 ; [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/15/2005) |
| 06/13/2005 | 108 | ORDER by Judge Susan Illston Case Management Conference set for 2:30 10/7/05 ; ( Date Entered: 6/16/05) (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 06/16/2005) |
| 07/11/2005 | 109 | NOTICE by defendant Sonoran Desert Chem, defendant John Lezdey, Counter-claimant Sonoran Desert Chem, Counter-claimant John Lezdey of change of address [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/12/2005) |
| 08/18/2005 | 110 | Certificate/PROOF OF SERVICE of Clerk's Notice re continuance of case management conference to 10/17/05 at 2:30 p.m.. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/19/2005) |
| 08/18/2005 | | Docket Modification (Administrative) to service [110-1] Case Management Conference set for 2:30 10/17/05 ; [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/19/2005) |
| 08/30/2005 | 111 | MAIL [110-1] addressed to Jarett Lezdey returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/31/2005) |
| 10/06/2005 | 112 | STIPULATION and ORDER by Judge Susan Illston : continuing Case Management Conference set for 2:30 12/2/05 ; (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/07/2005) |
| 10/24/2005 | 113 | Amended CLERK'S NOTICE Case Management Conference set for 9:00 12/1/05 ; [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/25/2005) |
| 11/03/2005 | 114 | Mail Returned as Undeliverable re 113 . Mail sent to Kurt E. Springmann, Michael A. Jacobs. (ys, COURT STAFF) (Filed on 11/3/2005) (Entered: 11/07/2005) |
| 11/09/2005 | | Joint Stipulation and proposed order for continuance of the case management conference by parties. (ys, COURT STAFF) (Filed on 11/9/2005) (Entered: 11/10/2005) |
| 11/14/2005 | 115 | STIPULATION AND ORDER for Continuance of the case management conference to 12/19/05 at 10:30 a.m.. Signed by Judge Susan Illston on 11/10/05. (ys, COURT STAFF) (Filed on 11/14/2005) (Entered: 11/14/2005) |



| 11/14/2005 | | Set Deadlines/Hearings: Case Management Conference set for 12/19/2005 10:30 AM. (ys, COURT STAFF) (Filed on 11/14/2005) (Entered: 11/14/2005) |
| 12/05/2005 | 116 | Mail Returned as Undeliverable re 113 . Mail sent to Jarett Lezdey. (ys, COURT STAFF) (Filed on 12/5/2005) (Entered: 12/06/2005) |
| 12/07/2005 | | Joint Stipulation and Proposed Order for Continuance of the Case Management Conference by parties. (ys, COURT STAFF) (Filed on 12/7/2005) (Entered: 12/08/2005) |
| 12/08/2005 | 117 | JOINT STIPULATION AND ORDER for Continuance of the Case Management Conference to 2/10/05 at 2:30 p.m.. Signed by Judge Susan Illston on 12/7/05. (ys, COURT STAFF) (Filed on 12/8/2005) (Entered: 12/12/2005) |
| 12/08/2005 | | Set Deadlines/Hearings: Case Management Conference set for 2/10/2006 02:30 PM. (ys, COURT STAFF) (Filed on 12/8/2005) (Entered: 12/12/2005) |
| 01/23/2006 | 118 | CERTIFICATE OF SERVICE *of Notice re continuance of case management conference to 2/24/06 at 2:30 p.m..* (ys, COURT STAFF) (Filed on 1/23/2006) (Entered: 01/24/2006) |
| 01/23/2006 | | Set Deadlines/Hearings: Further Case Management Conference set for 2/24/2006 02:30 PM. (ys, COURT STAFF) (Filed on 1/23/2006) (Entered: 01/24/2006) |
| 02/13/2006 | 119 | JOINT CASE MANAGEMENT STATEMENT. (ys, COURT STAFF) (Filed on 2/13/2006) (Entered: 02/13/2006) |
| 03/02/2006 | 120 | Minute Entry: Further Case Management Conference held on 2/24/2006 before Susan Illston (Date Filed: 3/2/2006). Further case management conference set for 3/24/06 at 2:30 p.m.. The Court lifted the stay that was previously imposed on this case. "Baxter" shall file its response within 30 days. (Court Reporter None.) (ys, COURT STAFF) (Date Filed: 3/2/2006) (Entered: 03/02/2006) |
| 03/02/2006 | | Set Deadlines/Hearings: Further Case Management Conference set for 3/24/2006 02:30 PM. (ys, COURT STAFF) (Filed on 3/2/2006) (Entered: 03/02/2006) |
| 03/02/2006 | 121 | ORDER: This case shall be referred to the Court's E.Filing (ECF) Program. All filings shall be made in compliance with General Order 45. Signed by Judge Susan Illston on 3/1/06. (ys, COURT STAFF) (Filed on 3/2/2006) (Entered: 03/03/2006) |
| 03/03/2006 | 122 | Mail Returned re 118 as Undeliverable. Mail sent to Jarett Lezdey. (ys, COURT STAFF) (Filed on 3/3/2006) (Entered: 03/07/2006) |



| 03/17/2006 | 123 | STIPULATION *JOINT STIPULATION AND [PROPOSED] ORDER REGARDING CASE MANAGEMENT CONFERENCE AND RESPONSE TO COUNTERCLAIM* by Alphaone Pharmaceuticals, Inc.. (Kim, Grant) (Filed on 3/17/2006) (Entered: 03/17/2006) |
| 03/21/2006 | 124 | ORDER ; case management continued to 4/14/06. Signed by Judge Illston on 3/20/06. (ts, COURT STAFF) (Filed on 3/21/2006) (Entered: 03/21/2006) |
| 03/21/2006 | | Set Deadlines/Hearings: Case Management Conference set for 4/14/2006 02:30 PM. (ys, COURT STAFF) (Filed on 3/21/2006) (Entered: 03/22/2006) |
| 03/28/2006 | 125 | NOTICE of Change In Counsel by Grant L. Kim *Notice of Substitution of Counsel* (Kim, Grant) (Filed on 3/28/2006) (Entered: 03/28/2006) |
| 04/06/2006 | 126 | STIPULATION *Joint Stipulation and [Proposed] Order Regarding Case Management Conference and Response to Counterclaim* by Alphaone Pharmaceuticals, Inc.. (Kim, Grant) (Filed on 4/6/2006) (Entered: 04/06/2006) |
| 04/06/2006 | 127 | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. *Proof of Service of Joint Stipulation and [Proposed] Order Regarding Case Management Conference and Response to Counterclaim* (Kim, Grant) (Filed on 4/6/2006) (Entered: 04/06/2006) |
| 04/12/2006 | 128 | ORDER continuing case management to 5/12/06 @ 2:30 p.m.. Signed by Judge Illston on 4/10/06. (ts, COURT STAFF) (Filed on 4/12/2006) (Entered: 04/12/2006) |
| 04/12/2006 | | Set Deadlines/Hearings: Case Management Conference set for 5/12/2006 02:30 PM. (ys, COURT STAFF) (Filed on 4/12/2006) (Entered: 04/13/2006) |
| 04/14/2006 | 129 | MOTION to Dismiss *Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterclaim of Defendants Sonoran Desert Chemicals, LLC and John Lezdey* filed by Alphaone Pharmaceuticals, Inc.. Motion Hearing set for 5/12/2006 09:00 AM in Courtroom 10, 19th Floor, San Francisco. (Attachments: # 1 Proposed Order)(Kim, Grant) (Filed on 4/14/2006) (Entered: 04/14/2006) |
| 04/14/2006 | 130 | Declaration of Grant L. Kim in Support of 129 MOTION to Dismiss *Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterclaim of Defendants Sonoran Desert Chemicals, LLC and John Lezdey* filed byAlphaone Pharmaceuticals, Inc.. |



| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18# 19 Exhibit 19# 20 Exhibit 20# 21 Exhibit 21# 22 Exhibit 22# 23 Exhibit 23# 24 Exhibit 24)(Related document(s) 129 ) (Kim, Grant) (Filed on 4/14/2006) (Entered: 04/14/2006) |
| 04/14/2006 | 131 | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re 129 MOTION to Dismiss *Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterclaim of Defendants Sonoran Desert Chemicals, LLC and John Lezdey*, 130 Declaration in Support,, (Kim, Grant) (Filed on 4/14/2006) (Entered: 04/14/2006) |
| 04/27/2006 | 132 | CLERK'S NOTICE Continuing Motion Hearing Motion Hearing set for 6/9/2006 09:00 AM. (ts, COURT STAFF) (Filed on 4/27/2006) (Entered: 04/27/2006) |
| 05/04/2006 | 133 | STIPULATION *Joint Stipulation and [Proposed] Order Regarding Case Management Conference* by Alphaone Pharmaceuticals, Inc.. (Kim, Grant) (Filed on 5/4/2006) (Entered: 05/04/2006) |
| 05/04/2006 | 134 | CERTIFICATE OF SERVICE of 133 by Alphaone Pharmaceuticals, Inc. (Kim, Grant) (Filed on 5/4/2006) Modified on 5/5/2006 (ys, COURT STAFF). (Entered: 05/04/2006) |
| 05/05/2006 | 135 | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. *Amended Proof of Service on Jarett Lezdey* (Kim, Grant) (Filed on 5/5/2006) (Entered: 05/05/2006) |
| 05/11/2006 | 136 | ORDER continuing case management conference to 6/9/06. Signed by Judge Illston on 5/11/06. (ts, COURT STAFF) (Filed on 5/11/2006) (Entered: 05/11/2006) |
| 05/17/2006 | 137 | Memorandum in Opposition *to 129 Arriva Pharmaceuticals, Inc. and Baxter Healthcare Corporations' Motion to Dismiss counterclaim* filed byJohn Lezdey. (Steele, John) (Filed on 5/17/2006) Modified on 5/18/2006 (ys, COURT STAFF). (Entered: 05/17/2006) |
| 05/17/2006 | 138 | Declaration of John Steele in Support of 137 Memorandum in Opposition *to Arriva Pharmaceuticals, Inc. and Baxter Healthcare Corporations' Motion to Dismiss Counterclaim* filed byJohn Lezdey. (Attachments: # 1 Exhibit A-G)(Related document(s) 137 ) (Steele, John) (Filed on 5/17/2006) (Entered: 05/17/2006) |
| 05/17/2006 | 139 | CERTIFICATE OF SERVICE by John Lezdey re 137 Memorandum in Opposition *to Arriva Pharmaceuticals, Inc. and Baxter Healthcare Corporations' Motion to Dismiss Counterclaim* |



| | | |
|---|---|---|
| | | and _138_ Declration of John C. Steele in Support of Lezdey and Sonoran's Opposition to Arriva Pharmaceuticals, Inc. and Baxter Healthcare Corp.'s Motion to Dismiss Counterclaim (Steele, John) (Filed on 5/17/2006) Modified on 5/18/2006 (ys, COURT STAFF). (Entered: 05/17/2006) |
| 05/26/2006 | 140 | Reply in support re 129 MOTION to Dismiss _Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterclaim of Defendants Sonoran Desert Chemicals, LLC and John Lezdey_ filed byAlphaone Pharmaceuticals, Inc.. (Kim, Grant) (Filed on 5/26/2006) Modified on 5/30/2006 (ys, COURT STAFF). (Entered: 05/26/2006) |
| 05/26/2006 | 141 | Reply Declaration of Grant L. Kim _In Support of 129 Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterlcaim of Defendants Sonoran Desert Chemicals, LLC and John Lezdey_ filed byAlphaone Pharmaceuticals, Inc.. (Attachments: # 1 Exhibit Exhibit A to Grant L. Kim Decl.# 2 Exhibit Exhibit B to Grant L. Kim decl.# 3 Exhibit Exhibit C to Grant L. Kim decl.# 4 Exhibit Exhibit D to Grant L. Kim decl.# 5 Exhibit Exhibit E to Grant L. Kim decl.)(Kim, Grant) (Filed on 5/26/2006) Modified on 5/30/2006 (ys, COURT STAFF). (Entered: 05/26/2006) |
| 05/26/2006 | 142 | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re 140 Reply to Opposition,, 141 Declaration in Support,, (Kim, Grant) (Filed on 5/26/2006) (Entered: 05/26/2006) |
| 05/30/2006 | 143 | CLERK'S NOTICE Continuing Motion Hearing Motion Hearing set for 6/23/2006 09:00 AM. Case management conference set 6/23/06 @ 2:30 p.m. (ts, COURT STAFF) (Filed on 5/30/2006) (Entered: 05/30/2006) |
| 05/30/2006 | | Set Deadlines/Hearings: Case Management Conference set for 6/23/2006 02:30 PM. (ys, COURT STAFF) (Filed on 5/30/2006) (Entered: 05/31/2006) |
| 06/21/2006 | 144 | JOINT CASE MANAGEMENT STATEMENT filed by Alphaone Pharmaceuticals, Inc.. (Attachments: # 1)(Kim, Grant) (Filed on 6/21/2006) (Entered: 06/21/2006) |
| 06/21/2006 | 145 | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re 144 Case Management Statement (Joint) (Kim, Grant) (Filed on 6/21/2006) (Entered: 06/21/2006) |
| 06/27/2006 | 146 | Minute Entry: Motion Hearing held on 6/23/2006 before Susan Illston (Date Filed: 6/27/2006) re 129 MOTION to Dismiss _Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterclaim of Defendants Sonoran Desert Chemicals, LLC and_ |

 
| | | |
|---|---|---|
| | | *John Lezdey* filed by Alphaone Pharmaceuticals, Inc.. (Court Reporter K. Powell.) (ys, COURT STAFF) (Date Filed: 6/27/2006) (Entered: 06/28/2006) |
| 06/28/2006 | 147 | CLERK'S NOTICE Removing Case from E-Filing Program. (ys, COURT STAFF) (Filed on 6/28/2006) (Entered: 06/28/2006) |
| 07/06/2006 | 148 | ORDER by Judge Illston granting 129 Motion to Dismiss counterclaim; conditioned upon plaintff's dismissal of claims (ts, COURT STAFF) (Filed on 7/6/2006) (Entered: 07/06/2006) |
| 07/13/2006 | 149 | Dismissal of its claims against Sonoran Desert Chemicals, LLC., John Lezdey, Protease Sciences, Inc., J.L. Technology, LP., and J&D Science, Inc. by Alphaone Pharmaceuticals, Inc.. (ys, COURT STAFF) (Filed on 7/13/2006) (Entered: 07/14/2006) |
| 07/13/2006 | 150 | Amended CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re 149 Dismissal of Its Claims. (ys, COURT STAFF) (Filed on 7/13/2006) (Entered: 07/14/2006) |
| 07/14/2006 | 151 | ORDER: Dismissal of plaintiff's claims against Sonoran Desert Chemicals, LLC., John Lezdey, Protease Sciences, Inc., JL Technology, LP, and J&D Science, Inc.. Signed by Judge Susan Illston on 7/14/06. (ys, COURT STAFF) (Filed on 7/14/2006) (Entered: 07/17/2006) |
| 07/17/2006 | 152 | Mail Returned re 148 as Undeliverable. Mail sent to Jarett Lezdey. (ys, COURT STAFF) (Filed on 7/17/2006) (Entered: 07/20/2006) |
| 07/20/2006 | 153 | SUGGESTION OF BANKRUPTCY Upon the Record as to Darren B. Lezdey by Darren Lezdey. (ys, COURT STAFF) (Filed on 7/20/2006) (Entered: 07/20/2006) |
| 07/20/2006 | 154 | SUGGESTION OF BANKRUPTCY Upon the Record as to Jarret R. Lezdey by Jarett Lezdey, Jarett Lezdey. (ys, COURT STAFF) (Filed on 7/20/2006) (Entered: 07/20/2006) |
| 07/24/2006 | 155 | STIPULATION AND ORDER: Case Management Conference reset for 9/1/2006 02:30 PM.. Signed by Judge Susan Illston on 7/24/06. (ga, COURT STAFF) (Filed on 7/24/2006) (Entered: 07/28/2006) |
| 07/24/2006 | 156 | NOTICE by Alphaone Pharmaceuticals, Inc. re 151 Order (ga, COURT STAFF) (Filed on 7/24/2006) (Entered: 07/28/2006) |
| 07/27/2006 | 157 | Mail Returned as Undeliverable 148 . Mail sent to Douglas J. Rovens. (ga, COURT STAFF) (Filed on 7/27/2006) (Entered: 08/02/2006) |
| 08/07/2006 | | Mail Returned as Undeliverable. Mail sent to Darren Lezdey. (hdj, |

| | | COURT STAFF) (Filed on 8/7/2006) (Entered: 08/09/2006) |
|---|---|---|
| 08/11/2006 | 158 | Mail Returned re 155 as Undeliverable. Mail sent to Jarett Lezdey. (ys, COURT STAFF) (Filed on 8/11/2006) (Entered: 08/16/2006) |
| 08/29/2006 | 159 | JOINT CASE MANAGEMENT STATEMENT filed by Alphaone Pharmaceuticals, Inc.. (ys, COURT STAFF) (Filed on 8/29/2006) (Entered: 08/30/2006) |
| 09/06/2006 | 160 | Minute Entry: Further Case Management Conference held on 9/1/2006 before Susan Illston (Date Filed: 9/6/2006). The Court will issue an order to show cause re: trustee's counterclaims. (Court Reporter None.) (ys, COURT STAFF) (Date Filed: 9/6/2006) (Entered: 09/07/2006) |
| 09/06/2006 | 161 | ORDER to Bankruptcy Trustee for Darren and Jarett Lezdey to make showing re: prosecution of counterclaims with the Court on or before 9/18/06, a statement of his intention cncerning prosecution of these counterclaims, together with a litigation plan. In the event the Trustee does plan to pursue these matters, he is ordered to appear in this court, through counsel, at a Case Management Conference on 9/220/06 at 2:30 p.m.. Signed by Judge Susan Illston on 9/6/06. (ys, COURT STAFF) (Filed on 9/6/2006) (Entered: 09/07/2006) |
| 09/12/2006 | 162 | NOTICE of Entry of Order by Alphaone Pharmaceuticals, Inc. re 161 Order. (ys, COURT STAFF) (Filed on 9/12/2006) (Entered: 09/12/2006) |
| 09/12/2006 | 163 | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re 162 Notice (Other) (ys, COURT STAFF) (Filed on 9/12/2006) (Entered: 09/12/2006) |
| 09/13/2006 | 164 | Amended CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re 162 Notice(ys, COURT STAFF) (Filed on 9/13/2006) (Entered: 09/13/2006) |
| 09/18/2006 | 165 | Andrea P. Bauman, Chapter 7 Trustee's Statement of Intention by Jarett Lezdey, Darren Lezdey. (ys, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/18/2006) |
| 09/18/2006 | 166 | Mail Returned as Undeliverable re 161 . Mail sent to Darren Lezdey. (ys, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/20/2006 | 167 | RESPONSE to re 165 Andrea P. Bauman, Chapter 7 Trustee's Statement of Intention by Alphaone Pharmaceuticals, Inc.. (ys, COURT STAFF) (Filed on 9/20/2006) (Entered: 09/20/2006) |
| 09/21/2006 | 168 | ORDER TO BANKRUPTCY TRUSTEE FOR DARREN AND |



| | | JARETT LEZDEY TO MAKE SHOWING RE: PROSECUTION OF COUNTERCLAIMS. Signed by Judge Illston on 9/19/06. (ts, COURT STAFF) (Filed on 9/21/2006) (Entered: 09/21/2006) |
|---|---|---|
| 09/21/2006 | | Set Deadlines/Hearings: Case Management Conference set for 11/17/2006 02:00 PM. (ys, COURT STAFF) (Filed on 9/21/2006) (Entered: 09/22/2006) |
| 09/21/2006 | 169 | CERTIFICATE OF SERVICE re 168 Order *by USDC.* (ys, COURT STAFF) (Filed on 9/21/2006) (Entered: 09/22/2006) |
| 09/25/2006 | 170 | Mail Returned re 161 as Undeliverable. Mail sent to Jarett Lezdey. (ys, COURT STAFF) (Filed on 9/25/2006) (Entered: 09/26/2006) |
| 10/02/2006 | 171 | Mail Returned re 168 as Undeliverable. Mail sent to Darren Leqdey. (ys, COURT STAFF) (Filed on 10/2/2006) (Entered: 10/02/2006) |
| 10/02/2006 | 172 | Mail Returned re 169 as Undeliverable. Mail sent to Douglas Rovens. (ys, COURT STAFF) (Filed on 10/2/2006) (Entered: 10/03/2006) |
| 10/03/2006 | 173 | Mail Returned re 168 as Undeliverable. Mail sent to Douglas J. Rovens. (ys, COURT STAFF) (Filed on 10/3/2006) (Entered: 10/05/2006) |
| 10/20/2006 | 174 | Mail Returned re 161 as Undeliverable. Mail sent to Douglas J. Rovens. (ys, COURT STAFF) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 11/17/2006 | 175 | Andrea P. Bauman, Chapter 7 Trustee's Statement of Intention by Jarett Lezdey, Darren Lezdey. (ys, COURT STAFF) (Filed on 11/17/2006) (Entered: 11/17/2006) |
| 11/22/2006 | 176 | Minute Entry: Further Case Management Conference held on 11/17/2006 before Illston (Date Filed: 11/22/2006). Case continued to 12/15/06 @ 2:30 p.m. for Further Management Conference.The Trustee must appear at the next case management conference if the case is not resolved prior to 12/15/06.() (ts, COURT STAFF) (Date Filed: 11/22/2006) (Entered: 11/22/2006) |
| 11/22/2006 | | Set Deadlines/Hearings: Case Management Conference set for 12/15/2006 02:30 PM. (ys, COURT STAFF) (Filed on 11/22/2006) (Entered: 11/27/2006) |
| 12/04/2006 | 177 | MOTION to Appear by Telephone at December 15, 2006 Case Management Confernece filed by Jarett Lezdey, Darren Lezdey. (ys, COURT STAFF) (Filed on 12/4/2006) (Entered: 12/04/2006) |
| 12/12/2006 | | Received Document Stipulation and proposed order dismissing |

| | | claims and counterclaims of Arriva Pharmaceuticals, Darren B. Lezdey, and Jarett R. Lezdey by Alphaone Pharmaceuticals, Inc., Jarett Lezdey, Darren Lezdey. (ys, COURT STAFF) (Filed on 12/12/2006) (Entered: 12/13/2006) |
|---|---|---|
| 12/13/2006 | 178 | NOTICE of Filing by Andrea P. Bauman. (ys, COURT STAFF) (Filed on 12/13/2006) (Entered: 12/13/2006) |
| 12/18/2006 | 179 | STIPULATION AND ORDER DISMISSING CLAIMS AND COUNTERCLAIMS OF ARRIVA PHARMACEUTICALS, DARREN B. LEZDEY, AND JARETT R. LEZDEY without prejudice. Signed by Judge Susan Illston on 12/15/06. (ys, COURT STAFF) (Filed on 12/18/2006) (Entered: 12/19/2006) |
| 12/21/2006 | 180 | NOTICE of Entry of Order by Alphaone Pharmaceuticals, Inc. re 179 Order Dismissing Case. (ys, COURT STAFF) (Filed on 12/21/2006) (Entered: 12/21/2006) |
| 01/17/2007 | 181 | Mail Returned as Undeliverable. Mail sent to Jarett Lezdey re 179. (ys, COURT STAFF) (Filed on 1/17/2007) (Entered: 01/18/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| | | |
| | | |
| 01/07/2008 21:26:40 | | |
| **PACER Login:** | sm0064 | **Client Code:** | 12KB-124801/2443/ |
| **Description:** | Docket Report | **Search Criteria:** | 3:99-cv-02169-SI |
| **Billable Pages:** | 13 | **Cost:** | 1.04 |

**A – 2 (Part 2)**



Entered on Docket
December 27, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: December 27, 2007

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2 | A Limited Liability Partnership Including Professional Corporations
3 | MICHAEL H. AHRENS, Cal. Bar No. 44766
4 | ORI KATZ, Cal. Bar No. 209561
  | MICHAEL M. LAUTER,
5 | Cal Bar No. 246048
  | TIMOTHY C. PERRY,
6 | Cal. Bar No. 248543
  | Four Embarcadero Center, 17th Floor
7 | San Francisco, California  94111-4109
  | Telephone:    415-434-9100
8 | Facsimile:     415-434-3947

9 | Attorneys for Debtor ARRIVA
  | PHARMACEUTICALS, INC.

10

11 |                    UNITED STATES BANKRUPTCY COURT
12 |                    NORTHERN DISTRICT OF CALIFORNIA
   |                            OAKLAND DIVISION
13

| In re | Case No. 07-42767 |
| ARRIVA PHARMACEUTICALS, INC., a California corporation, | Chapter 11 |
| Debtor. | **ORDER DISALLOWING CLAIM OF ALPHAMED PHARMACEUTICALS CORP. (CLAIM NO. 19)** |
| Tax ID: 94-3287067 | Date:    December 13, 2007<br>Time:    2:00 p.m.<br>Place:    United States Bankruptcy Court<br>          1300 Clay Street, Oakland, CA<br>Judge:   Hon. Edward D. Jellen<br>Ctrm:    215 |

22     On October 11, 2007, AlphaMed Pharmaceuticals Corp. filed a claim (the

23 "AlphaMed Claim") in the amount of $78 million in the above-captioned bankruptcy case

24 (the "Bankruptcy Case").  The AlphaMed Claim was listed as Claim No. 19 on the claims

25 register for the Bankruptcy Case.  On November 7, 2007, Arriva Pharmaceuticals, Inc., the

26 debtor in the Bankruptcy Case (the "Debtor") objected to the AlphaMed Claim in its

27 Omnibus Objection to Claims and Alternative Motion to Value Claims at Zero for Voting

28 Purposes and its Memorandum of Points and Authorities in support thereof (collectively,

-1-

1 | the "Objection"), filed on the docket for the Bankruptcy Case as #'s 154 and 155,

2 | respectively.

3 |      On December 13, 2007, the Court heard argument on the Objection. The

4 | appearances were as indicated in the record. For all the reasons stated on the record, which

5 | reasons constitute the findings of this Court by Bankruptcy Rule 7052,

6 | **IT IS HEREBY ORDERED THAT**

7 |      1.    The Objection is sustained. The AlphaMed Claim is disallowed in its

8 | entirety, without leave to amend.

9 |      2.    Further, in the event that such a ruling becomes necessary, the

10 | AlphaMed Claim is estimated at zero for voting purposes under the Debtor's plan as it

11 | currently exists or is hereafter amended.

12 |      3.    This order does not preclude reconsideration under Bankruptcy Code

13 | Section 502(j) or otherwise based on further developments in the pending Florida

14 | litigation.

15 |

16 |                 ** END OF ORDER **

17–28 |

1

<u>COURT SERVICE LIST</u>

2

3  1, **Counsel for the Official Creditors' Committee**
   Michael D. Cooper
4  Wendel Rosen Black & Dean, LLP
   1111 Broadway, 24th Floor
5  Oakland, CA 94607
   (510) 834-6600
6
   2. **Office of the U.S. Trustee /Oakland**
7  Office of the U.S. Trustee
   Attention: Laurent Chen
8  1301 Clay St. #690N
   Oakland, CA 94612
9  (510) 637-3200

10 3. **Attorneys for AlphaMed Pharmaceuticals Corp.**
   Penn Ayers Butler
11 Squire, Sanders and Dempsey
   600 Hansen Way
12 Palo Alto, CA 94304-1043
   (650) 843-3242
13
   4. **Stuart M. Brown**
14 Edwards, Angell, Palmer & Dodge LLP
   919 N Market St., 5th Fl.
15 Wilmington, DE 19801
   (302) 428-5500
16
   5. **M. David Minnick**
17 Pillsbury Winthrop Shaw Pittman LLP
   50 Fremont Street
18 San Francisco, CA 94105-2228
   (415) 983-1351
19
   6. **Nicolas De Lancie**
20 Jeffer, Mangels, Butler & Marmaro LLP
   Two Embarcadero Center, 5th Floor
21 San Francisco, CA 94111
   (415) 984-9675
22
   7. **American Express Bank FSB**
23 c/o Becket and Lee LLP
   P.O. Box 3001
24 Malvern, PA 19355-0701

25 8. **Baxter Healthcare Corporation**
   c/o David M. Wiseblood
26 Seyfarth Shaw LLP
   560 Mission Street, Suite 3100
27 San Francisco, CA 94105

28

-3-

1 | 9. **Allan Wachter**
c/o Chris D. Kuhner
2 | Kornfield, Paul & Nyberg, P.C.
1999 Harrison Street, Suite 2675
3 | Oakland, CA 94612

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

W02-WEST:5MML1\400609434.1                                                    ORDER



Entered on Docket
December 27, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: December 27, 2007

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

1  SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4  ORI KATZ, Cal. Bar No. 209561
   MICHAEL M. LAUTER,
5  Cal Bar No. 246048
   TIMOTHY C. PERRY,
6  Cal. Bar No. 248543
   Four Embarcadero Center, 17th Floor
7  San Francisco, California  94111-4109
   Telephone:   415-434-9100
8  Facsimile:   415-434-3947

9  Attorneys for Debtor ARRIVA
   PHARMACEUTICALS, INC.

10

11            UNITED STATES BANKRUPTCY COURT
12            NORTHERN DISTRICT OF CALIFORNIA
              OAKLAND DIVISION
13

14  In re                              Case No. 07-42767

15  ARRIVA PHARMACEUTICALS, INC., a    Chapter 11
    California corporation,
16                                     **ORDER DISALLOWING CLAIM OF**
                   Debtor.             **PROTEASE SCIENCES, INC. (CLAIM**
17                                     **NO. 12)**
    Tax ID: 94-3287067
18                                     Date:    December 13, 2007
                                       Time:    2:00 p.m.
19                                     Place:   United States Bankruptcy Court
                                                1300 Clay Street, Oakland, CA
20                                     Judge:   Hon. Edward D. Jellen
                                       Ctrm:    215
21

22

23        On October 9, 2007, Protease Sciences, Inc. filed a claim (the "Protease Claim") in

24  the amount of $30 million in the above-captioned bankruptcy case (the "Bankruptcy

25  Case").  The Protease Claim was listed as Claim No. 12 on the claims register for the

26  Bankruptcy Case.  On November 7, 2007, Arriva Pharmaceuticals, Inc., the debtor in the

27  Bankruptcy Case (the "Debtor") objected to the Protease Claim in its Omnibus Objection

28  to Claims and Alternative Motion to Value Claims at Zero for Voting Purposes and its

-1-

1 | Memorandum of Points and Authorities in support thereof (collectively, the "Objection"),

2 | filed on the docket for the Bankruptcy Case as #'s 154 and 155, respectively.

3 |     On December 13, 2007, the Court heard argument on the Objection. The

4 | appearances were as indicated in the record. For all the reasons stated on the record, which

5 | reasons constitute the findings of this Court by Bankruptcy Rule 7052,

6 | **IT IS HEREBY ORDERED THAT**

7 |     1.    The Objection is sustained. The Protease Claim is disallowed in its

8 | entirety, without leave to amend.

9 |     2.    Further, in the event that such a ruling becomes necessary, the

10 | Protease Claim is estimated at zero for voting purposes under the Debtor's plan as it

11 | currently exists or is hereafter amended.

12 | 

13 |                     ** END OF ORDER **

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

W02-WEST:5MML1\400609414.1

ORDER

1

<u>COURT SERVICE LIST</u>

2

3    1, **Counsel for the Official Creditors' Committee**
Michael D. Cooper
4    Wendel Rosen Black & Dean, LLP
1111 Broadway, 24th Floor
5    Oakland, CA 94607
(510) 834-6600

6

7    2. **Office of the U.S. Trustee /Oakland**
Office of the U.S. Trustee
Attention: Laurent Chen
8    1301 Clay St. #690N
Oakland, CA 94612
9    (510) 637-3200

10    3. **Attorneys for Protease Sciences, Inc.**
Penn Ayers Butler
11    Squire, Sanders and Dempsey
600 Hansen Way
12    Palo Alto, CA 94304-1043
(650) 843-3242

13

14    4. **Stuart M. Brown**
Edwards, Angell, Palmer & Dodge LLP
919 N Market St., 5th Fl.
15    Wilmington, DE 19801
(302) 428-5500

16

17    5. **M. David Minnick**
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
18    San Francisco, CA 94105-2228
(415) 983-1351

19

20    6. **Nicolas De Lancie**
Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
21    San Francisco, CA 94111
(415) 984-9675

22

23    7. **American Express Bank FSB**
c/o Becket and Lee LLP
P.O. Box 3001
24    Malvern, PA 19355-0701

25    8. **Baxter Healthcare Corporation**
c/o David M. Wiseblood
26    Seyfarth Shaw LLP
560 Mission Street, Suite 3100
27    San Francisco, CA 94105

28

-3-

1

9. **Allan Wachter**
c/o Chris D. Kuhner

2

Kornfield, Paul & Nyberg, P.C.
1999 Harrison Street, Suite 2675

3

Oakland, CA 94612

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5MML1\400609414.1                                    ORDER



Entered on Docket
December 27, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: December 27, 2007

_____
EDWARD D. JELLEN
**U.S. Bankruptcy Judge**

1 SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP
2   A Limited Liability Partnership
    Including Professional Corporations
3 MICHAEL H. AHRENS,
Cal. Bar No. 44766
4 ORI KATZ, Cal. Bar No. 209561
MICHAEL M. LAUTER,
5 Cal Bar No. 246048
TIMOTHY C. PERRY,
6 Cal. Bar No. 248543
Four Embarcadero Center, 17th Floor
7 San Francisco, California  94111-4109
Telephone:   415-434-9100
8 Facsimile:   415-434-3947

9 Attorneys for Debtor ARRIVA
PHARMACEUTICALS, INC.

10

11              UNITED STATES BANKRUPTCY COURT
              NORTHERN DISTRICT OF CALIFORNIA
12                     OAKLAND DIVISION

13

14 In re                              | Case No. 07-42767

15 ARRIVA PHARMACEUTICALS, INC., a    | Chapter 11
California corporation,
16                                    | **ORDER DISALLOWING CLAIM OF**
                 Debtor.             | **SONORAN DESERT CHEMICALS,**
17                                    | **LLC (CLAIM NO. 14)**
Tax ID: 94-3287067
18                                    | Date:      December 13, 2007
19                                    | Time:      2:00 p.m.
                                     | Place:     United States Bankruptcy Court
20                                    |            1300 Clay Street, Oakland, CA
                                     | Judge:     Hon. Edward D. Jellen
21                                    | Ctrm:      215

22

23

24      On October 9, 2007, Sonoran Desert Chemicals, LLC filed a claim (the "Sonoran

25 Claim") in an undetermined amount in the above-captioned bankruptcy case (the

26 "Bankruptcy Case").  The Sonoran Claim was listed as Claim No. 14 on the claims register

27 for the Bankruptcy Case.  On November 7, 2007, Arriva Pharmaceuticals, Inc., the debtor

28 in the Bankruptcy Case (the "Debtor") objected to the Sonoran Claim in its Omnibus

-1-

1  Objection to Claims and Alternative Motion to Value Claims at Zero for Voting Purposes

2  and its Memorandum of Points and Authorities in support thereof (collectively, the

3  "Objection"), filed on the docket for the Bankruptcy Case as #'s 154 and 155, respectively.

4      On December 13, 2007, the Court heard argument on the Objection.  The

5  appearances were as indicated in the record.  For all the reasons stated on the record, which

6  reasons constitute the findings of this Court by Bankruptcy Rule 7052,

7          **IT IS HEREBY ORDERED THAT**

8      1.    The Objection is sustained.  The Sonoran Claim is disallowed in its

9  entirety, without leave to amend.

10     2.    Further, in the event that such a ruling becomes necessary, the

11  Sonoran Claim is estimated at zero for voting purposes under the Debtor's plan as it

12  currently exists or is hereafter amended.

13          **\*\* END OF ORDER \*\***

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

W02-WEST:5MML1\400609427.1

ORDER

1

<u>COURT SERVICE LIST</u>

2

3  1, **Counsel for the Official Creditors' Committee**
   Michael D. Cooper
4  Wendel Rosen Black & Dean, LLP
   1111 Broadway, 24th Floor
5  Oakland, CA 94607
   (510) 834-6600

6

   2. **Office of the U.S. Trustee /Oakland**
7  Office of the U.S. Trustee
   Attention: Laurent Chen
8  1301 Clay St. #690N
   Oakland, CA 94612
9  (510) 637-3200

10  3. **Attorneys for Sonoran Desert Chemicals, LLC**
    Penn Ayers Butler
11  Squire, Sanders and Dempsey
    600 Hansen Way
12  Palo Alto, CA 94304-1043
    (650) 843-3242

13

    4. **Stuart M. Brown**
14  Edwards, Angell, Palmer & Dodge LLP
    919 N Market St., 5th Fl.
15  Wilmington, DE 19801
    (302) 428-5500

16

    5. **M. David Minnick**
17  Pillsbury Winthrop Shaw Pittman LLP
    50 Fremont Street
18  San Francisco, CA 94105-2228
    (415) 983-1351

19

    6. **Nicolas De Lancie**
20  Jeffer, Mangels, Butler & Marmaro LLP
    Two Embarcadero Center, 5th Floor
21  San Francisco, CA 94111
    (415) 984-9675

22

    7. **American Express Bank FSB**
23  c/o Becket and Lee LLP
    P.O. Box 3001
24  Malvern, PA 19355-0701

25  8. **Baxter Healthcare Corporation**
    c/o David M. Wiseblood
26  Seyfarth Shaw LLP
    560 Mission Street, Suite 3100
27  San Francisco, CA 94105

28

-3-

ORDER

1 | 9. **Allan Wachter**
c/o Chris D. Kuhner
2 | Kornfield, Paul & Nyberg, P.C.
1999 Harrison Street, Suite 2675
3 | Oakland, CA 94612
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-4-

1

1             UNITED STATES BANKRUPTCY COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3               (OAKLAND DIVISION)

4 In re:

5 ARRIVA PHARMACEUTICALS, INC.,     Case No. 07-42767J

6                         Chapter 11

7                         Oakland, California
                          December 13, 2007

8                         3:14 p.m.
          Debtor.

9 _____/

10 ALPHAMED PHARMACEUTICALS,

11          Plaintiff,

12     v.                   A.P. No. 07-4181 AJ

13 ARRIVA PHARMACEUTICALS, INC.,

14          Defendant.
     _____/

15

16             TRANSCRIPT OF PROCEEDINGS
                JUDGE'S RULING ONLY

17     1. MOTION OF JOHN LEZDEY FOR AUTHORITY TO FILE
                LATE PROOF OF CLAIM

18      2. DEBTOR'S OMNIBUS OBJECTION TO CLAIMS
   3. DEBTOR'S MOTION FOR ORDER REQUIRING COMPLIANCE WITH

19       FEDERAL RULE OF CIVIL PROCEDURE 2019
     4. MOTION FOR RELIEF FROM STAY FILED BY

20           ALPHAMED PHARMACEUTICALS
     5. DEFENDANT'S MOTION TO DISMISS COMPLAINT

21           FILED BY ALPHAMED

22

23      BEFORE THE HONORABLE EDWARD D. JELLEN
       UNITED STATES BANKRUPTCY JUDGE

24

25

2

```
1  APPEARANCES:

2  For the Debtor:           SHEPPARD, MULLIN, RICHTER &
                             HAMPTON, LLP
3                            BY: MICHAEL H AHRENS, ESQ.
                                 TIMOTHY C. PERRY, ESQ.
4                                MICHAEL M. LAUTER, ESQ.
                             Four Embarcadero Center, 17th Floor
5                            San Francisco, California 94111

6

7  For the Creditors'        WELNDEL, ROSEN, BLACK & DEAN
   Committee:                BY: MICHAEL COOPER, ESQ.
8                                TRACY GREEN, ESQ.
                             1111 Broadway, 24th Floor
9                            Oakland, California 94607

10

11 For Alphamed:             SQUIRE, SANDERS & DEMPSEY, LLP
                             BY: DOUGLAS J. ROVENS, ESQ.
12                           555 South Flower Street, 31st Floor
                             Los Angeles, California 90071

13                                        -and-

14
                             SQUIRE, SANDERS & DEMPSEY, LLP
15                           BY: PENN AYERS BUTLER, ESQ.
                             600 Hansen Way
16                           Palo Alto, California 94304

17

18
   For MPM Capital:          EDWARDS & ANGELL, LLP
19                           BY: ERICA LAZAR, ESQ.

20                           (APPEARING TELEPHONICALLY)

21

22

23

24

25
```

3

```
 1
      APPEARANCES (CONTINUED):
 2

 3    Court Recorder:           T. LEYBA
                                UNITED STATES BANKRUPTCY COURT
 4                              1300 Clay Street
                                Oakland, California 94612
 5

 6

 7    Transcription Service:    Jo McCall
                                Electronic Court
 8                              Recording/Transcribing
                                2868 E. Clifton Court
 9                              Gilbert, AZ 85297
                                Telephone: (480) 361-3790
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

PROCEEDINGS

December 13, 2007                           3:14 p.m.

-oOo-

THE COURT: All right.  I'll call Arriva
Pharmaceuticals.  I understand we have a telephone
appearance.  May I have the telephone appearance first.

MS. LAZAR: Yes, Your Honor.  This is Erica Lazar.
I'm here on behalf of MPM entities.

THE COURT: All right.  Ms. Lazar, could you spell
your last name for the record, please?

MS. LAZAR: Yes, it's L-a-z-a-r.

THE COURT: All right.  Thank you.  And now the in
court appearances.

MR. AHRENS: Your Honor, Michael Ahrens, Tim Perry
and Mike Lauter for the Debtor, of Sheppard Mullin.

THE COURT: All right.

MR. COOPER: Michael Cooper, Wendel, Rosen, Black
and Dean for the Official Creditors' Committee.  With me
today, Your Honor, is my colleague, Tracy Green.

THE COURT: Okay.  Thank you.

MR. ROVENS: Good afternoon, Your Honor, Doug
Rovens and Penn Butler on behalf of Alphamed
Pharmaceuticals.

THE COURT: All right.  Thank you.

(Whereupon, the following colloquy is not transcribed and

5

1  the matter is recalled at 3:14 p.m. for the ruling.)

2          THE COURT: Okay.  Then I'm recalling Arriva

3  Pharmaceuticals.  Appearances have previously been stated,

4  so there is no need for the parties to restate their

5  appearances.  I believe everybody has been given a chance

6  to have their say, so unless there's somebody who stated an

7  appearance who wants to be heard that hasn't been heard,

8  I'm ready to announce rulings.

9          All right.  With that, let me take what I

10 consider to be the easiest one first, and that's Alphamed's

11 motion for relief from the automatic stay.  I'm going to

12 grant that motion to the extent of permitting the appeals

13 to go forward as far as they might go without prejudice to

14 renewal of the motion or a motion to expand the scope of

15 the relief in the event that a new trial should be ordered,

16 but I would like to retain that discretion, depending on

17 what's going on in the main case at the time.  So the

18 reasons are not very complex.  I just don't think it's the

19 province of a Bankruptcy Court to tell a Court of Appeals

20 that they can't hear a matter when a timely appeal has been

21 filed or requested, and major issues remain to be resolved,

22 especially issues that did not arise under the Bankruptcy

23 Code or in connection with the bankruptcy case.

24          And so I believe Alphamed is entitled to its day

25 in court to get a final decision in the Florida matter so

6

1  Mr. Butler or whoever as the case may be, would you submit

2  an order in that regard.

3          MR. BUTLER: Yes, Your Honor.

4          THE COURT:  All right.

5          The second easiest matter as far as I'm concerned

6  is the Rule 2019 motion which I'm going to deny.  I think

7  the Squires firm has gone on record as to the fact of its

8  representation to the various entities and I think the

9  relationship among them is well known to all the parties in

10  interest.  There's no secret connections here that appear

11  to have surfaced.  I think everybody knows what everybody

12  else's economic incentive is.  I don't think Squires

13  disclosing its particular fee arrangements are going to

14  advance the ball in terms of anything involving a stated

15  administration.  The parties are well known to each other,

16  and I think what has been disclosed is sufficient.  So

17  again, I'll ask Mr. Butler to submit an order denying that

18  motion.

19          MR. BUTLER: Thank you, Your Honor.

20          THE COURT: All right.  As to the Debtor's motion

21  to dismiss Alphamed's complaint, I'm going to grant that

22  motion under Rule 12(b)(6).  First of all, I'm holding that

23  Alphamed has no standing to bring this action.  The

24  gravamen of the action is that they want a ruling that the

25  license is not property of the estate and they've alleged

7

 1    no particularized harm.  The standing issue in a bankruptcy

 2    case is the leading case is the <u>Fondular</u> case (Phonetic).

 3    It's 707 F2d, 441, where to have standing an entity must

 4    demonstrate that the order at issue or at issue before the

 5    Court may diminish the property of the plaintiff or

 6    increase its burdens or detrimentally affect its rights.

 7              Subsequent cases, including cases under Circuits,

 8    have clarified that the matter can't be one that generally

 9    affects creditors.  For example, one court said that,

10    quote:

11              "If a claim is a general one with no

12              particularized injury arising from it, and if

13              that claim could be brought by any creditor of

14              the debtor, the trustee is the proper person to

15              assert the claim and the creditors are bound by

16              the outcome of the trustee's action."

17    That's the <u>Call Vorhes & Company versus American Financial</u>

18    <u>Corp.</u> (Phonetic) 8 F3d, 130, 2nd Circuit ('93).  There are

19    lots and lots of cases along the same lines.  Here, I don't

20    think that there's been any particularized injury alleged

21    at all by Alphamed.  They're not trying to quiet their own

22    title to anything.  In fact, they disclaim any intent of

23    trying to quiet their own title to an asset as against the

24    claim of the estate.  They're not even seeking a ruling as

25    to who if anyone might own the license other than the

8

1   Debtor.  They just want to get it out of the estate.  That

2   sort of cause of action is not particularized, generalized.

3   There's no specific injury.  If there were standing to

4   assert such a cause of action, it would lie in every single

5   creditor in the estate, and the law is that not every

6   single creditor in the estate has the right to prosecute

7   actions to determine what is and isn't property of the

8   estate.  Rather, under Bankruptcy Code Section 323(a), the

9   trustee is the representative of the estate, and here,

10  under Chapter 11, the Debtor in Possession has all the

11  powers of a trustee.

12        I read the Catholic Diocese case, which seemed to

13  suggest that any creditor can bring an action to determine

14  the properties in the estate.  I have two reasons for

15  rejecting that case.  First, it's distinguishable on its

16  facts.  There, it was an action to bring in property of the

17  estate not to exclude property from the estate.  Secondly,

18  at least the party in the Catholic Diocese case was a

19  creditor, where here, based on the record as it now stands,

20  Alphamed is not a creditor.  The judgment of the Florida

21  Court found to the contrary.

22        So those are two major reasons for distinguishing

23  the Catholic Diocese case.  But frankly, to carry it one

24  step further, I just think that case is wrongly decided,

25  and I'm not bound by it, and I don't want to follow it.

9

1  The court did not cite Section 323(a) of the Bankruptcy

2  Code.  The court did not cite the Fondular case.  It didn't

3  cite any of the standing cases in bankruptcy cases that

4  have been resolved by the Ninth Circuit or the Ninth

5  Circuit BAP, recently, the Fulks (Phonetic) case at 211 BR

6  378 where the BAP went through all of the factors that

7  govern standing in bankruptcy cases.

8         If the Catholic Diocese case is correct, then any

9  creditor can bring any action to exclude property or bring

10 property into the estate without any particularized injury

11 whatsoever, and I just don't think that's the law.

12        So to the extent that the Catholic Diocese case

13 is not distinguishable, I just think it violates well

14 established Ninth Circuit law, and I decline to follow it.

15 Moreover, if any creditor could bring actions that affect

16 the estate, notwithstanding 323(a), then who has the

17 authority to settle the case?  Who has the authority to

18 appeal the case?  I think the cases that deal with the

19 standings issue are very well reasoned to the effect that

20 you can only have one party doing that and that's the

21 representative of the estate, in this case the Debtor in

22 Possession, without all of the creditors running around

23 willy-nilly bringing actions to bring in property of the

24 estate or to exclude property of the estate.

25        So to the extent Catholic Diocese would support

10

1  Alphamed's position, I decline to follow it and believe

2  that it is not correctly decided.

3          As an alternate ground for my ruling, I think

4  that Alphamed is indeed subject to the Rucker-Feldman

5  (Phonetic) doctrine.  Recently, the Supreme Court has

6  stated that Rucker-Feldman is a very narrow one.  In the

7  Exxon-Mobile case, at 125 Supreme Court, 1517, they

8  indicated that the Supreme Court has only found the Rucker-

9  Feldman doctrine to be applicable in two cases over the

10  years.  But the two cases involved the situation as noted

11  by the Supreme Court where the party lost in the State

12  Court and then filed a Federal action seeking similar

13  relief and in that specific case, the Federal Court is

14  bound by the State Court ruling.

15          On top of Rucker-Feldman, there is a statute, 28

16  U.S.C. 1738, which is the full faith and credit statute

17  which required Federal Courts to give full faith and credit

18  to decisions of State Courts, and here, I have to give full

19  faith and credit to the Florida Court's ruling.  This of

20  course is all subject to modification should that ruling be

21  overturned on appeal.

22          So Mr. Ahrens, I will ask you to please submit an

23  order granting the motion to dismiss Alphamed's complaint.

24          MR. AHRENS: I will, Your Honor.  Thank you.

25          THE COURT: As to the omnibus objection, the

11

 1   omnibus objection will be sustained as to Prodius

 2   (Phonetic).  The record is clear that Mr. Lezdey filed the

 3   claim on behalf of Prodius.  He filed it in violation of a

 4   preliminary injunction.  I do not believe that the

 5   injunction in any way restricts or limits Federal Courts or

 6   Federal Court jurisdiction.  All it does is restrict Mr.

 7   Lezdey from what he can do on behalf of Prodius, and the

 8   answer is he can't do anything, and that was a matter of

 9   non-bankruptcy State law as to what his authority is, Mr.

10   Lezdey's authority as to Prodius, and so I reject the

11   argument that not letting him file the claim for Prodius is

12   in derogation of any Federal jurisdiction.

13          For the exact same reason I sustain the omnibus

14   objection as to Sonoran.  As to Alphamed, I believe I've

15   discussed my reasons why the objection to its claim is to

16   be sustained, although that ruling is again subject to

17   being revisited -- this ruling is subject to being

18   revisited in the event that the Florida Court ends up

19   finding that Alphamed does have a valid claim against the

20   Debtor.

21          I also sustain the omnibus objection as to Jamie

22   Holding (Phonetic), which I believe is bound by the

23   findings in the Arizona litigation on the theory, if

24   nothing else, that it was in privy with the particular

25   parties.

12

1    And finally, I sustain the objection as to Mr.

2    John Lezdey.  First -- and in doing so, I also deny the

3    motion to allow his late-filed claim.  Everybody here is

4    familiar with the <u>Pioneer</u> case by the Supreme Court which

5    cited a series of factors the court is to look at: the

6    danger of prejudice to the debtor, the length of the delay

7    and its potential impact on judicial proceedings, the

8    reason for the delay including whether it was in the

9    reasonable control of the movant and whether the movant

10   acted in good faith.  Here, although not every one of the

11   factors dictates in favor of the Debtor's objection, I do

12   find that the filing of the claim was under the reasonable

13   control of the movant.  Indeed, Mr. Lezdey was able to file

14   claims on behalf of his other entities on a timely basis,

15   and no explanation, plausible explanation, has been offered

16   as to why if he thought he had a claim, he couldn't do it

17   on behalf of himself.

18        I also find that he did not act in good faith in

19   filing his claim.  Just the claim on its face is lacking in

20   any kind of specificity.  I don't even think it gives

21   reasonable notice as to the basis for the claims, and this

22   is especially true in light of the history of litigation

23   between Mr. Lezdey and the Debtor and the findings of the

24   State Court.

25        On top of denying the motion to file the late

13

1    claim, I would deny the motion on the -- I would disallow

2    his claim; I'm backing up a little -- based on the shares

3    and the theft and I.P. loss and the malicious prosecution

4    claims for the reasons outlined by the Debtor in the

5    objection which I'm not going to go through.  I reject the

6    Debtor's arguments that the lack of any records on the

7    Debtor's part is a basis for disallowing the claim.  I

8    reject the Debtor's argument that the fact that there's no

9    judgment is a basis for disallowing the claim.  But as to

10   those three items, I accept the remaining arguments as a

11   basis for disallowing Mr. Lezdey's claim.

12           As to the spinal injury and defamation, the

13   Bankruptcy Court's jurisdiction to rule on personal injury

14   claims is limited.  They seem to be personal injury claims,

15   so that in the event that it turns out that the -- my

16   ruling on the late claim is overturned by a higher court, I

17   believe that the spinal injury and defamation claims would

18   have to be litigated in District Court.  It would be my

19   intention to recommend that the reference be withdrawn as

20   to litigating those matters.

21           I think I've ruled on everything.

22           MR. AHRENS: Your Honor, on J.L. Technology, the

23   ruling is the same as Jamie?

24           THE COURT: Yes.  Yes, thank you.  I'm sorry about

25   that.

14

1          MR. AHRENS: We will prepare that order.

2          THE COURT: All right.  And my statements on the

3    record will constitute my findings and conclusions.

4          Oh, there is one motion I didn't rule on, and

5    that's the motion to estimate.  As a backup and alternative

6    ruling, I'm going to estimate each of the claims at issue

7    as zero, based -- for the same reasons I choose to disallow

8    them.  So if a backup ruling on that is needed as an

9    alternative ground, I would estimate them as zero.  I do

10   not believe that I need to make factual findings if the

11   basis for the disallowance is based on law as opposed to

12   findings of fact, and that is I believe the case here.

13         MR. AHRENS: Thank you, Your Honor.  I just have

14   one housekeeping matter.

15         THE COURT: Yes.

16         MR. AHRENS: Yesterday, Mr. Butler and myself and

17   Mr. Cooper all agreed upon the form of the Disclosure

18   Statement and order to be entered.  Should we upload that

19   tonight or do you -- we also have a copy of the Disclosure

20   Statement order.

21         THE COURT: I could -- if you've got a copy right

22   here and it'll move things along, I could sign it.

23         MR. AHRENS: And then per the order of the Court,

24   we will be mailing out the Plan package on Monday.

25         THE COURT: All right.  Did anybody have any

15

1   continuing objections to the Disclosure Statement that have

2   not been resolved, without conceding any confirmation

3   issues, of course?

4           All right, Mr. Ahrens, you've made all the

5   changes that have been ordered?

6           MR. AHRENS: Yes, Your Honor.

7           THE COURT: Okay.

8           MR. AHRENS: Thank you, Your Honor.  I think that

9   concludes the matters for today.

10          THE COURT: All right.  Thank you all.  Madam

11  Deputy, I believe that concludes our court for today.

12          THE CLERK: Yes, Your Honor.

13          THE COURT: All right.  Thank you.

14      (Whereupon, the proceedings are concluded at 3:30

15  p.m.)

16

17

18

19

20

21

22

23

24

25

16

1
2
3
4
5                    CERTIFICATE OF TRANSCRIBER
6
7
8         I certify that the foregoing is a correct
9    transcript from the digital sound recording of the
10   proceedings in the above-entitled matter.
11
12   DATED: December 29, 2007
13
14                         By:___/s/ Jo McCall_____
15
16
17
18
19
20
21
22
23
24
25



Entered on Docket
January 14, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: January 11, 2008

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

1   SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
2     A Limited Liability Partnership
      Including Professional Corporations
3   MICHAEL H. AHRENS,
    Cal. Bar No. 44766
4   ORI KATZ, Cal. Bar No. 209561
    MICHAEL M. LAUTER,
5   Cal Bar No. 246048
    TIMOTHY C. PERRY,
6   Cal. Bar No. 248543
    Four Embarcadero Center, 17th Floor
7   San Francisco, California  94111-4109
    Telephone:   415-434-9100
8   Facsimile:   415-434-3947

9   Attorneys for Defendant ARRIVA
    PHARMACEUTICALS, INC.
10

11              UNITED STATES BANKRUPTCY COURT
12              NORTHERN DISTRICT OF CALIFORNIA
                     OAKLAND DIVISION
13

14  In re                                    Case No. 07-42767

15  ARRIVA PHARMACEUTICALS, INC., a          Chapter 11
    California corporation,
16
                     Debtor.
17
    Tax ID: 94-3287067
18
    ALPHAMED PHARMACEUTICALS               Adv. Pro. No. 07-4181
19  CORP.
                                           **ORDER GRANTING MOTION TO**
20                   Plaintiff             **DISMISS ALPHAMED'S COMPLAINT**
                                           **WITHOUT LEAVE TO AMEND**
21  vs.
                                           Date:      December 13, 2007
22  ARRIVA PHARMACEUTICALS, INC., a        Time:      2:00 p.m.
    California corporation                 Place:     United States Bankruptcy Court
23                                                    1300 Clay Street, Oakland, CA
                     Defendant.            Judge:     Hon. Edward D. Jellen
24                                         Ctrm:      215

25

26

27

28
                                 -1-
    W02-WEST:5TIP1\400608274.1                              ORDER

1    On October 30, 2007, AlphaMed Pharmaceuticals Corp. ("AlphaMed") initiated the
2    above-captioned adversary case against Arriva Pharmaceuticals, Inc. (the "Debtor").  In
3    response, the Debtor filed its Motion to Dismiss AlphaMed's Complaint (the "Motion").
4        On December 13, 2007, the Court heard argument on the Motion.  The appearances
5    were as indicated in the record.  For all the reasons stated on the record, which reasons
6    constitute the findings of this Court by Bankruptcy Rule 7052,
7            **IT IS HEREBY ORDERED THAT**
8        1.    The Motion is granted.
9
10       2.    AlphaMed's complaint is dismissed with prejudice.
11               ** END OF ORDER **
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-

1

<u>COURT SERVICE LIST</u>

2

3    **1, Counsel for the Official Creditors' Committee**
     Michael D. Cooper
4    Wendel Rosen Black & Dean, LLP
     1111 Broadway, 24th Floor
5    Oakland, CA 94607
     (510) 834-6600

6

     **2. Office of the U.S. Trustee /Oakland**
7    Office of the U.S. Trustee
     Attention: Laurent Chen
8    1301 Clay St. #690N
     Oakland, CA 94612
9    (510) 637-3200

10   **3. Attorneys for AlphaMed Pharmaceuticals Corp.**
     Penn Ayers Butler
11   Squire, Sanders and Dempsey
     600 Hansen Way
12   Palo Alto, CA 94304-1043
     (650) 843-3242

13

     **4. Stuart M. Brown**
14   Edwards, Angell, Palmer & Dodge LLP
     919 N Market St., 5th Fl.
15   Wilmington, DE 19801
     (302) 428-5500

16

     **5. M. David Minnick**
17   Pillsbury Winthrop Shaw Pittman LLP
     50 Fremont Street
18   San Francisco, CA 94105-2228
     (415) 983-1351

19

     **6. Nicolas De Lancie**
20   Jeffer, Mangels, Butler & Marmaro LLP
     Two Embarcadero Center, 5th Floor
21   San Francisco, CA 94111
     (415) 984-9675

22

     **7. American Express Bank FSB**
23   c/o Becket and Lee LLP
     P.O. Box 3001
24   Malvern, PA 19355-0701

25   **8. Baxter Healthcare Corporation**
     c/o David M. Wiseblood
26   Seyfarth Shaw LLP
     560 Mission Street, Suite 3100
27   San Francisco, CA 94105

28

-3-

1    9. **Allan Wachter**
     c/o Chris D. Kuhner
2    Kornfield, Paul & Nyberg, P.C.
     1999 Harrison Street, Suite 2675
3    Oakland, CA 94612

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5TIP1\400608274.1

ORDER

**A - 3**

1  SHEPPARD, MULLIN, RICHTER
&  HAMPTON LLP
2      A Limited Liability Partnership
       Including Professional
3      Corporations
   MICHAEL H. AHRENS, Cal. Bar
4  No. 44766
   ORI KATZ, Cal. Bar No. 209561
5  MICHAEL M. LAUTER Cal. Bar
   No. 246048
6  TIMOTHY C. PERRY, Cal. Bar No.
   248543
7  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-
8  4106
   Telephone: 415-434-9100
9  Facsimile: 415-434-3947

10  Attorneys for ARRIVA
    PHARMACEUTICALS, INC.

11

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14         On Appeal from the United States Bankruptcy Court
                for the Northern District of California
15                    Hon. Edward D. Jellen

16  ALPHAONE PHARMACEUTICALS,INC.,   | No. 99-02169

17                Plaintiff,

18  v.                                | [PROPOSED] ORDER RELATING CASES

19  SONORAN DESERT CHEMICALS, LLC,
    etc., et al..
20
                  Defendants
21

22

23         Having considered the papers submitted and arguments presented on Plaintiff

    Arriva Pharmaceutical, Inc.'s Administrative Motion to Consider Whether Cases Should
24
    Be Related (the "Motion"), IT IS HEREBY ORDERED THAT the Motion is GRANTED.
25
           IT IS FURTHER ORDERED THAT the following cases are related within the
26
    meaning of Civil Local Rule 3-12:
27

28

                                    -1-

W02-WEST:5TJP1\400650508.1                              PROPOSED ORDER.

1          1. *AlphaOne Pharmaceuticals, Inc. v. Sonoran Desert Chemicals, LLC*, No.

2    99-cv-02169.

3          2. The appeal of AlphaMed Pharmaceuticals Corp. from the final order of

4    the United States Bankruptcy Court for the Northern District of California disallowing its

5    claims, docketed in this Court as *In re Arriva Pharmaceuticals, Inc.*, no. 08-00691.

6          3. The appeal of Sonoran Desert Chemicals, LLC from the final order of the

7    United States Bankruptcy Court for the Northern District of California disallowing its

8    claims, transferred to this Court on January 17, 2008 and previously docketed with the

9    Ninth Circuit Bankruptcy Appellate Panel as case no. 08-1010.

10         4. The appeal of Protease Sciences, Inc. from the final order of the United

11   States Bankruptcy Court for the Northern District of California disallowing its claims,

12   transferred to this Court on January 17, 2008 and previously docketed with the Ninth

13   Circuit Bankruptcy Appellate Panel as case no. 08-1009.

14         5. The appeal of AlphaMed Pharmaceuticals Corp. from the final order of

15   the United States Bankruptcy Court for the Northern District of California dismissing with

16   prejudice its adversary complaint, transferred to this Court on January 29, 2008 and

17   previously docketed with the Ninth Circuit Bankruptcy Appellate Panel as case no. 08-

18   1023.

19       IT IS FURTHER ORDERED THAT the above-enumerated cases 2-5 are hereby

20   assigned to United States District Judge Illston, the assigned judge in the earlier-filed

21   action, *AlphaOne Pharmaceuticals, Inc. v. Sonoran Desert Chemicals, LLC*, No. 99-

22   02169.

23       IT IS SO ORDERED.

24

25       Dates: January ___, 2008.

26

27

28

W02-WEST:5TJP1\400650508.1                                    PROPOSED ORDER.