1  Squire, Sanders & Dempsey L.L.P.
   Douglas J. Rovens (State Bar # 106562)
2  *drovens@ssd.com*
   James E. McDonald (admitted *Pro Hac Vice*)
3  *jmcdonald@ssd.com*
   Daniel T. Balmat (State Bar # 230504)
4  *dbalmat@ssd.com*
   One Maritime Plaza, Suite 300
5  San Francisco, CA  94111
   Telephone:   +1.415.954.0383
6  Facsimile:   +1.415.393.9887

7  Attorneys for
   ALPHAMED PHARMACEUTICALS CORP.
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11     On Appeal from the United States Bankruptcy Court
              for the Northern District of California
12                  Hon. Edward D. Jellen

13

14  In re                          | CASE NO. 08-00691-SI

15  ARRIVA PHARMACEUTICALS, INC., a | (Appeal from Chapter 11 Bankruptcy Case No.
    California corporation,         | 07-42767)
16
                  Debtor.          | **E-FILING**
17
18                                 | **APPELLANT ALPHAMED**
                                   | **PHARMACEUTICALS CORP.'S**
19                                 | **OPENING BRIEF IN APPEAL FROM**
                                   | **DISALLOWANCE OF PROOF OF CLAIM**
20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

APPELLANT'S OPENING BRIEF
Case No. 08-00691-SI

1

# TABLE OF CONTENTS

2
                                                                                          **Page**

3    STATEMENT OF APPELLATE JURISDICTION ............................................................... 1

4    STATEMENT OF ISSUES ......................................................................................... 1

5    STANDARD OF REVIEW ......................................................................................... 1

6    STATEMENT OF THE CASE...................................................................................... 1

7    STATEMENT OF FACTS .......................................................................................... 2

8          A.    The History Between AlphaMed And Arriva. ....................................... 3

9          B.    The Florida Federal Action. .............................................................. 6

10         C.    The Bankruptcy Court's Erroneous Disallowance Of The
                 AlphaMed Claim. ............................................................................ 7
11
     ARGUMENT ........................................................................................................... 8
12
     I.    THE BANKRUPTCY COURT ERRED BY DISALLOWING ALPHAMED'S
13         CLAIM RATHER THAN HOLDING IT IN ABEYANCE PENDING A RULING
           FROM THE ELEVENTH CIRCUIT................................................................... 8
14
     II.   THE BANKRUPTCY COURT FURTHER ERRED BY HOLDING THAT THE
15         FLORIDA JURY'S LIABILITY FINDINGS AS TO ARRIVA'S UNLAWFUL
           CONDUCT WERE OVERTURNED. ................................................................. 9
16
           A.    The Jury's Findings As To Liability Have Not Been Disturbed............................ 9
17
           B.    AlphaMed's Purported Failure To Use The Proper Method And Means To
18               Show Damages Should Not Affect The Jury's Determination Of Liability. ........ 10

19         C.    The Florida District Court's Entry Of JNOV Does Not Necessarily Take
                 Away The Jury's Findings Regarding Arriva's Liability For Its Unlawful
20               Conduct. ...................................................................................... 11

21         D.    Findings Of Fact And Conclusions Of Law May Remain Binding Even
                 Upon Vacatur And Have Preclusive Effect On Subsequent Litigation
22               Involving The Same Issues. .............................................................. 12

23   CONCLUSION ...................................................................................................... 15
24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-i-

TABLE OF CONTENTS
Case No. 08-00691-SI

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Air-Sea Forwarders, Inc. v. Air Asia Co., LTD*,
  880 F.2d 176 (9th Cir. 1989)..................................................................................................... 10

*AlphaMed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.*,
  432 F. Supp. 2d 1319 (S.D. Fla. 2006) ................................................................. 6, 9, 10, 11, 14

*Artis v. Hitachi Zosen Clearing, Inc.*,
  967 F.2d 1132 (7th Cir. 1992)..................................................................................................... 12

*Barber v. Whirlpool Corp.*,
  34 F.3d 1268 (4th Cir. 1994)....................................................................................................... 12

*Berry v. United States*,
  312 U.S. 450 (1941)..................................................................................................................... 11

*Firestone Tire and Rubber Co. v. Pearson*,
  769 F.2d 1471 (10th Cir. 1985).............................................................................................. 10, 11

*Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins.*,
  970 F.2d 1138 (2d Cir. 1992)....................................................................................................... 14

*Hood v. Encinitas Union School Dist.*,
  486 F. 3d 1099 (9th Cir. 2007)...................................................................................................... 1

*In re Acequia, Inc.*,
  787 F.2d 1352 (9th Cir. 1986)....................................................................................................... 1

*In re Commercial Western Finance Corp.*,
  761 F.2d 1329 (9th Cir. 1985)....................................................................................................... 1

*Lifewise Master Funding v. Telebank*,
  374 F.3d 917 (10th Cir. 2004)..................................................................................................... 12

*Ornellas v. Oakley*,
  618 F.2d 1351 (9th Cir. 1980)....................................................................................................... 8

*Pordy v. Land O'Lakes, Inc.*,
  97 Fed. Appx 921 (Fed. Cir. 2004) ............................................................................................ 12

*Sentinel Trust Co. v. Universal Bonding Ins. Co.*,
  316 F.3d 213 (3rd Cir. 2003) ................................................................................................. 13, 14

## STATE CASES

*Cook v. State*,
  921 So. 2d 631 (Fla. App. 2005)................................................................................................. 13

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

TABLE OF AUTHORITIES
Case No. 08-00691-SI

**TABLE OF AUTHORITIES**
**(continued)**

Page

**STATUTES**

Fed. Bankr. Rule 8013 ........................................................................................................... 1

**OTHER AUTHORITIES**

8 James Wm. Moore et al., Moore's Federal Practice ¶ 38.43[4][c] (3d ed.
    1999) ............................................................................................................................. 12

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-iii-

TABLE OF AUTHORITIES
Case No. 08-00691-SI

1

**STATEMENT OF APPELLATE JURISDICTION**

2

Appellant AlphaMed Pharmaceuticals Corp. ("AlphaMed") brings this appeal from the

3

final judgment entered by the Bankruptcy Court in *In re Arriva Pharmaceuticals, Inc.*,

4

Bankruptcy Case No. 07-42767 (Bankr. N.D. Cal.).

5

On December 27, 2007, the Bankruptcy Court entered its order disallowing the Proof of

6

Claim filed by AlphaMed on October 11, 2007 in the amount of $78 million (the "AlphaMed

7

Claim"). (Combined Appendix for Appeal Nos. 08-0691; 08-0692, 08-0693 and 08-0825

8

("Apx."), filed concurrently at 431-434).

9

AlphaMed timely filed its Notice of Appeal on January 4, 2008. (Apx. at 443-444). This

10

Court has jurisdiction under 28 U.S.C. § 158(a)(1).

11

**STATEMENT OF ISSUES**

12

1.      Did the Bankruptcy Court err in disallowing the AlphaMed Claim, given the jury

13

verdict in AlphaMed's favor in Florida and the appeal pending before the Eleventh Circuit Court

14

of Appeals, which is scheduled to hear oral argument on the matter on August 27, 2008?

15

**STANDARD OF REVIEW**

16

This Court reviews the Bankruptcy Court's findings of fact under a clearly erroneous

17

standard. Fed. Bankr. Rule 8013; *In re Acequia, Inc.*, 787 F.2d 1352, 1357 (9th Cir. 1986). In

18

contrast, the Bankruptcy Court's conclusions of law are reviewed *de novo*, and this Court may

19

substitute its own legal conclusions for those of the Bankruptcy Court. *See In re Commercial*

20

*Western Finance Corp.*, 761 F.2d 1329, 1333 (9th Cir. 1985); *In re Acequia, Inc.*, 787 F.2d at

21

1357. Mixed questions of law and fact also are reviewed *de novo*. *See Hood v. Encinitas Union*

22

*School Dist.*, 486 F. 3d 1099, 1104 (9th Cir. 2007).

23

**STATEMENT OF THE CASE**

24

On August 29, 2007, Reorganized Debtor-Appellee Arriva Pharmaceuticals, Inc.

25

("Arriva") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (Apx. at

26

001-003). On October 11, 2007, AlphaMed filed a Proof of Claim against Arriva in the amount

27

of $78 million. (Apx. at 043-058). Attached to the AlphaMed Claim was a special verdict form

28

issued by a jury in a Florida federal action brought against Arriva by AlphaMed in 2005 in which

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-1-

APPELLANTS' OPENING BRIEF
Case No. 08-00691-SI

1  the jury unanimously made findings that Arriva engaged in tortious and anti-competitive behavior

2  against AlphaMed and subsequently awarded a $78 million verdict in favor of AlphaMed,

3  including $30 million in punitive damages.  (Apx. at 046-058).

4      On November 7, 2007, Arriva filed an omnibus objection to the claims of various

5  creditors, including a specific objection to the AlphaMed Claim.  (Apx. at 200-207).  Arriva

6  contended the jury findings on Arriva's liability could not be used as a basis for the AlphaMed

7  Claim on the ground that the $78 million jury verdict in AlphaMed's favor was overturned when

8  the District Court concluded (erroneously) that AlphaMed's method of proving damages was

9  deficient.

10     On December 13, 2007, the Bankruptcy Court held a hearing on, among other things,

11  Arriva's objection to the AlphaMed Claim and disallowed the claim in its entirety.  (Apx. at 469-

12  523).  On December 27, 2007, the Bankruptcy Court entered a final order disallowing the

13  AlphaMed Claim in its entirety without leave to amend.  (Apx. at 431-434).  This timely appeal

14  ensued.  (Apx. at 443-444).

15              **STATEMENT OF FACTS**

16     The proof of claim filed by AlphaMed against Arriva in the amount of $78 million stems

17  from a long-running scheme by Arriva and its affiliates to wrongfully assert ownership and

18  control of intellectual property that was fraudulently obtained by Arriva and now belongs to

19  AlphaMed.  In January 2003, AlphaMed filed a lawsuit against Arriva in the United States

20  District Court for the Southern District of Florida alleging misappropriation of trade secrets,

21  tortious interference with business relations, and unfair competition.  *See AlphaMed*

22  *Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.*, Case No. 03-20078 (S.D. Fla.) (the

23  "Florida Federal Action").  The case was tried to a jury beginning in September 2005 and after a

24  three and a half month trial resulted in a unanimous jury verdict in favor of AlphaMed against

25  Arriva for $78 million, including $30 million in punitive damages.  (Apx. at 294-309).  The

26  Florida jury's finding of liability against Arriva was a complete vindication of AlphaMed's

27  claims.

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-2-

APPELLANTS' OPENING BRIEF
Case No. 08-00691-SI

AlphaMed's lawsuit against Arriva is significant because it is the *one* and *only* time the validity of the purported license agreement between Protease Sciences, Inc. ("Protease") and Arriva (hereinafter the "Protease/Arriva License"), which is the most critical claimed asset of Arriva and the backbone of its reorganization plan, actually has been litigated by a party to the alleged license.  As the history between the parties reveals, Arriva consistently has attempted to deny AlphaMed its legal rights and has asserted rights to intellectual property that rightfully belongs to AlphaMed, not Arriva.

### A.    The History Between AlphaMed And Arriva.

In the early 1990s, John Lezdey ("Lezdey"), a patent attorney, in his name and that of Allan Wachter ("Wachter"), a doctor, patented certain methods for using a protein known as Alpha1-antitrypsin ("AAT"), an anti-inflammatory agent that has proven to be very successful in treating several medical conditions (the "AAT Patents").  Thereafter, Lezdey and Wachter formed a Nevada limited liability company known as Sonoran Desert Chemicals, L.L.C. ("Sonoran"). Lezdey and Wachter assigned all of their rights in the AAT Patents to Sonoran, which was owned by Lezdey and his entities and Wachter and his entities.  Lezdey and Wachter also formed Protease to act as Sonoran's agent.  (Apx. at 062).

On or around December 31, 1992, Sonoran entered into an agreement with Protease (the "Protease Agency Agreement") whereby Protease was appointed as Sonoran's agent for various purposes including negotiating and entering into licensing, distribution and other agreements for and on behalf of Sonoran worldwide, subject to Sonoran's approval.  (Apx. at 062).  The Protease Agency Agreement specifically provided, however, that Sonoran retained all rights to the patents. (Apx. at 062, 110).  The Protease Agency Agreement also expressly provided that any licensing agreement entered into by Protease had to be ratified by Sonoran.  (Apx. at 062, 110).

In 1997 Arriva (then known as AlphaOne Pharmaceuticals, Inc.) was incorporated in California by its founders, Lezdey, Wachter, Philip Barr ("Barr") (whom Lezdey and Wachter brought in to head up research and development work), and David Kent (whom Barr brought in to head up investment related activities).  (Apx. at 062).

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-3-

APPELLANTS' OPENING BRIEF
Case No. 08-00691-SI

In November 1997 Arriva and Protease signed a Term Sheet, which outlined the terms of a proposed license agreement. As a precondition to moving forward with an exclusive, worldwide license agreement, Arriva was required to meet express financial milestones. The Term Sheet, to remain in effect for a period of twelve months, was signed by both Lezdey and Wachter. (Apx. at 063).

During the spring of 1998 Arriva and Protease began negotiating the terms of a proposed license agreement that would be executed on the condition that the financial requirements and other conditions of the Term Sheet were met and all other terms and conditions were satisfactory to Lezdey and Sonoran. As a result of disagreements over the terms of the proposed license and Arriva's failure to raise the required capital, Protease consistently refused to enter into any license agreement with Arriva. (Apx. at 063).

In November 1998 Lezdey, on behalf of Protease, agreed to extend the Term Sheet for an additional thirty (30) days, through December 31, 1998, based on representations that Arriva was close to obtaining the required financing. The funding, however, was never achieved and the Term Sheet expired by its own terms on December 31, 1998. (Apx. at 063-064).

Unbeknownst to Lezdey at the time, Arriva induced Wachter, who was an officer and board member of Arriva at the time, to sign on Protease's behalf the draft Protease/Arriva License. (Apx. at 064). Wachter had no authority to sign the agreement on behalf of Protease or Sonoran. At the time the purported Protease/Arriva License was signed by Wachter, Lezdey was the president of Protease. Protease's bylaws provide that the president (Lezdey) held the office of Chief Executive Officer. (Apx. at 064, 101). Wachter was the secretary and vice president of Protease—positions that, according to the Protease bylaws, did not afford him the right to execute the purported Protease/Arriva License. Furthermore, because Protease never owned the patents, any license entered into by Protease had to be ratified by Sonoran, which it was not. (Apx. at 064). The limitation on Wachter's authority was known to Arriva and to its officers and directors. (Apx. at 064, Apx. at 386-430).

Moreover, Protease did not have the ability to convey an interest in the AAT patents because all rights, title, and interest in the patents were owned by Sonoran for the United States

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-4-

APPELLANTS' OPENING BRIEF
Case No. 08-00691-SI

1    and by Lezdey and Wachter, individually, throughout the rest of the world.  Furthermore, as

2    Arriva knew, Sonoran and Lezdey had to approve any licensing agreement entered into by

3    Protease.  Arriva did not seek or obtain Sonoran's consent and knew Lezdey did not approve or

4    ratify the agreement on Sonoran's behalf.  (Apx. at 064-065).

5        In or around March or April 1999, based on the unauthorized and fraudulent

6    Protease/Arriva License, Arriva entered into an unauthorized sublicense with Prometic

7    BioSciences for exploitation of the AAT patents for dermatological applications.  In or around

8    July 1999, based on the unauthorized and fraudulent Protease/Arriva License, Arriva entered into

9    a joint venture agreement with Baxter Healthcare Corporation for the worldwide right to make,

10    use, and sell AAT.  Arriva failed to obtain the required consent and approval of Protease or

11    Sonoran to enter into these agreements.  (Apx. at 065).

12        Protease informed Baxter that Arriva did not have rights to the AAT patents or any license

13    under which to issue a sublicense.  In response, Arriva and Wachter filed or sponsored five

14    separate lawsuits concurrently in four different states against John Lezdey, his family, and his

15    companies, including an action filed on July 6, 1999 in *Allan Wachter, et al. v. John Lezdey, et*

16    *al.*, Case No. CV1999-009334 (Superior Court for the State of Arizona, Maricopa County) (the

17    "Arizona State Action").  (Apx. at 065-066).

18        Notably, neither Arriva nor AlphaMed were parties to the Arizona State Action.  (Apx. at

19    310).  Moreover, the validity of the Protease/Arriva License was not actually litigated on the

20    merits in that lawsuit because the so-called factual findings entered were the product of a default

21    judgment against the defendants who were not represented by counsel.  Those findings were

22    prepared by counsel and signed virtually verbatim by the Arizona court.  (Apx. at 267).[1]

23

24

_____

25    [1] For these reasons, the judge in the Florida Federal Action correctly refused to give collateral
      effect to the purported findings in the Arizona State Action.  (Apx. at 290 ("The Arizona state
26    court's findings in *Allan Wachter, et al. v. John Lezdey, et al.,* Case No. CV 1999-009334, do not
      bind AlphaMed, *a non-party to that litigation.*") (emphasis added)).  The judge in the Florida
27    Federal Action, however, allowed those findings in evidence (over AlphaMed's objection).
      Based on the evidence presented, the jury dismissed the court's findings in the Arizona State
28    Action as erroneous.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-5-

APPELLANTS' OPENING BRIEF
Case No. 08-00691-SI

B.     **The Florida Federal Action.**

In response to wrongful conduct by Arriva, AlphaMed filed the Florida Federal Action against Arriva. One of the factual findings made by the Florida jury in a special verdict was that Arriva knew the purported Protease/Arriva License was unauthorized and by operating its business pursuant to the unauthorized license, Arriva engaged in unfair competition against AlphaMed. When asked by an interrogatory to specify unauthorized acts of Arriva, the jury foreperson wrote out in longhand the following jury finding:

> When AlphaOne/Arriva improperly accepted the signature of Alan [sic] Wachter as Protease Science CEO the process of unfair competition began as the Protease Science By-Laws do <u>not</u> provide for said office and give authority for signing contracts to the President.

(Apx. at 301-302).

Arriva moved for and obtained a post-verdict judgment as a matter of law (the "JNOV") under Federal Rule of Civil Procedure 50(b). The Florida District Court ultimately granted post-trial relief to Arriva on the narrow ground that AlphaMed, as a start-up company, failed to prove lost profit damages (a finding that AlphaMed vigorously contests and has appealed to the Eleventh Circuit Court of Appeals). Significantly, however, the Florida District Court did *not* overturn or set aside the jury's special verdict as it relates to the invalidity of the Protease/Arriva License or Arriva's tortious actions against AlphaMed. Indeed, Arriva never challenged the jury's factual findings regarding liability. To the contrary, as the District Court correctly recognized, "AlphaMed presented competent and sufficient evidence to prove to the jury's satisfaction that 1) Arriva and Spinelli exhibited tortious and anti-competitive behavior, and that 2) AlphaMed was unable to execute its business plan." *AlphaMed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.*, 432 F. Supp. 2d 1319, 1334 (S.D. Fla. 2006). The District Court entered its JNOV solely because it concluded (erroneously) that AlphaMed had failed to "link these findings" regarding Arriva's conduct to the actual damages suffered by AlphaMed in the form of lost anticipated profits. *Id.*

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-6-

APPELLANTS' OPENING BRIEF
Case No. 08-00691-SI

1    The Florida District Court's ruling on damages is the key issue in AlphaMed's pending

2    appeal before the Eleventh Circuit, which is scheduled to hear oral argument on the matter on

3    August 27, 2008.

4    **C.    The Bankruptcy Court's Erroneous Disallowance Of The AlphaMed Claim.**

5    On October 11, 2007, AlphaMed filed its Proof of Claim in the amount of $78 million.

6    (Apx. at 043-058).  Attached to the AlphaMed Claim is the special verdict form issued by the jury

7    in the Florida Federal Action in which the jury unanimously found that Arriva knew the purported

8    transfer of the license to Arriva was unauthorized and by operating its business pursuant to the

9    unauthorized license, Arriva engaged in unfair competition against AlphaMed.  (Apx. at 046-

10    058).[2]

11    Arriva filed an omnibus objection to the claims of various creditors, including a specific

12    objection to the AlphaMed Claim.  (Apx. at 200-207).  Arriva contended the jury findings could

13    not be used as a basis for the AlphaMed Claim on the ground that the $78 million jury verdict in

14    AlphaMed's favor was overturned by the District Court's entry of JNOV.

15    On December 13, 2007, the Bankruptcy Court held a hearing on, among other things,

16    Arriva's objection to the AlphaMed Claim.  (Apx. at 469-523).  The Bankruptcy Court sustained

17    Arriva's objection to the AlphaMed Claim and disallowed AlphaMed's claim in its entirety

18    without leave to amend.  (Apx. at 445-448).  Though providing little reasoning, the Bankruptcy

19    Court accepted Arriva's argument that the Florida jury's special verdict relating to liability was

20    rendered a nullity because of the Florida District Court's entry of JNOV based on AlphaMed's

21    purported failure to prove damages.  (Apx. at 518).  At the same time, however, the Bankruptcy

22    Court expressly stated that "this ruling is subject to being revisited in the event that the [Eleventh

---

23    [2] In addition to filing its Proof of Claim, AlphaMed also filed a Complaint for Declaratory Relief
against Arriva on October 30, 2007.  *See AlphaMed Pharmaceuticals Corp. v. Arriva*
24    *Pharmaceuticals, Inc.*, Bankruptcy Case No. 07-42767; Adversary Proceeding No. 07-4181 AJ.
(Apx. at 059-138).  AlphaMed sought a determination that the purported license agreement
25    between Protease and Arriva is invalid and not property of the estate.  In an order dated January
11, 2008, the Bankruptcy Court dismissed AlphaMed's Complaint with prejudice on the ground
26    that AlphaMed lacked standing to seek declaratory relief.  (Apx. at 463-466).  The reasons
supporting the reversal of the Bankruptcy Court's dismissal of AlphaMed's Complaint in the
27    adversary proceeding are set forth in AlphaMed's Opening Brief in Appeal from Bankruptcy
Adversary Proceeding, filed concurrently in Case No. 08-0825, which AlphaMed incorporates
28    herein by reference.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-7-

APPELLANTS' OPENING BRIEF
Case No. 08-00691-SI

1    Circuit] ends up finding that AlphaMed does have a valid claim against the debtor." (Apx. at

2    518).

3                                    **ARGUMENT**

4            The Bankruptcy Court erred by disallowing the AlphaMed Claim instead of holding the

5    adjudication of the proof of claim in abeyance pending a determination of its merits by the

6    Eleventh Circuit Court of Appeals. Indeed, the Bankruptcy Court conceded that a decision from

7    the Eleventh Circuit would conclusively determine AlphaMed's claim against Arriva, yet failed to

8    wait for that decision before denying AlphaMed's claim. (Apx. at 518). The Bankruptcy Court's

9    premature decision to disallow AlphaMed's claim is especially troubling because although the

10   District Court in the Florida Federal Action entered a JNOV in favor of Arriva, it did not overturn

11   the Florida jury's special verdict as to liability with respect to Arriva's unlawful conduct. Thus,

12   the jury's factual findings support Arriva's liability for tortious and anti-competitive behavior, on

13   which AlphaMed's proof of claim is based. Given that the appeal to the Eleventh Circuit is

14   limited to the propriety of AlphaMed's method and means of proving damages, the Court erred in

15   denying AlphaMed's proof of claim.

16   **I.     THE BANKRUPTCY COURT ERRED BY DISALLOWING ALPHAMED'S
             CLAIM RATHER THAN HOLDING IT IN ABEYANCE PENDING A RULING**
17           **FROM THE ELEVENTH CIRCUIT.**

18           In considering AlphaMed's proof of claim, the Bankruptcy Court recognized that the

19   claim would be impacted by the Eleventh Circuit appeal and thus expressly reserved the right to

20   modify its ruling disallowing AlphaMed's proof of claim based on the outcome of the Eleventh

21   Circuit appeal. The Bankruptcy Court stated at the December 13, 2007 hearing that "***this ruling***

22   ***is subject to being revisited in the event that the Florida court ends up finding that AlphaMed***

23   ***does have a valid claim against the debtor***." (Apx. at 518, emphasis added). A reversal of the

24   Florida District Court's decision will affect the Bankruptcy Court's future treatment of

25   AlphaMed's proof of claim such that AlphaMed will be found to be a de facto creditor with a

26   valid proof of claim. *See Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980) ("A reversed

27   or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata or

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-8-

APPELLANTS' OPENING BRIEF
Case No. 08-00691-SI

1    collateral estoppel.")  Thus, the Court's decision to disallow AlphaMed's claim was premature

2    and infringes on AlphaMed's right to appeal the JNOV.

3        Rather than disallow AlphaMed's proof of claim, the Bankruptcy Court should have

4    refrained from considering the claim until a decision from the Eleventh Circuit.[3]

5    **II.    THE BANKRUPTCY COURT FURTHER ERRED BY HOLDING THAT THE
        FLORIDA JURY'S LIABILITY FINDINGS AS TO ARRIVA'S UNLAWFUL
6        CONDUCT WERE OVERTURNED.**

7        The Bankruptcy Court disallowed AlphaMed's claim based on its erroneous conclusion

8    that the Florida jury's liability findings as to Arriva's unlawful conduct were automatically

9    overturned by the JNOV.  In objecting to the AlphaMed Claim, Arriva had argued that the Florida

10    jury's factual findings were "completely overturned," and thus AlphaMed, as a result, was barred

11    from filing its claim against Arriva.  However, contrary to Arriva's argument, the Florida District

12    Court did not nullify or set aside the jury's findings as to liability when entering judgment.  It

13    only held that AlphaMed's method in proving damages was purportedly deficient.  Therefore, the

14    Bankruptcy Court erred as a matter of law in accepting Arriva's flawed argument and disallowing

15    the AlphaMed Claim, especially given that the JNOV was based solely on damages (not liability)

16    and the propriety of AlphaMed's method and means of proving damages was on appeal to the

17    Eleventh Circuit Court of Appeals.

18        **A.    The Jury's Findings As To Liability Have Not Been Disturbed.**

19        As made clear in its opinion, the Florida District Court granted post-trial relief to Arriva

20    on the exclusive and narrow ground that AlphaMed, as a start-up company, failed to prove lost

21    profit damages.  *See AlphaMed*, 432 F. Supp. 2d at 1334.  The Florida District Court did *not*

22    overturn or set aside the jury's special verdict as it relates to Arriva's anti-competitive behavior

23    against AlphaMed or the invalidity of the Protease/Arriva License.  *Id.*  Indeed, Arriva never

24    challenged the accuracy of the jury's factual findings.  Arriva did not argue and the District Court

25    did not hold, for example, that AlphaMed failed to present sufficient evidence to support the

26    jury's findings that the Protease/Arriva License was *invalid* and that Arriva *knew* that it was

27

28    _____

[3] Delaying the adjudication of AlphaMed's proof of claim pending a decision from the Eleventh
Circuit would not have impacted confirmation of the plan of reorganization.

invalid.    To the contrary, as the District Court correctly recognized, "AlphaMed presented competent and sufficient evidence to prove to the jury's satisfaction that 1) Arriva and Spinelli exhibited tortious and anti-competitive behavior, and that 2) AlphaMed was unable to execute its business plan." *Id.*   Ultimately, the Florida District Court judge found that AlphaMed had simply failed to "link these findings" regarding Arriva's conduct to the actual damages suffered by AlphaMed in the form of lost anticipated profits. *Id*.

The Florida District Court, in other words, did not find a basis for disregarding the jury's findings regarding Arriva's wrongful conduct (since even Arriva never challenged those findings).   Rather, the District Court merely found that AlphaMed's proof of damages was purportedly deficient.  In granting a JNOV in favor of Arriva, the Florida District Court did not rule that AlphaMed had no damages, but only that the *method* and *means* used to prove those damages purportedly were improper.

The Bankruptcy Court erroneously ignored this distinction.  It disallowed the AlphaMed Claim based on a single legal conclusion that the Florida jury verdict relating to liability was rendered a nullity by the entry of a JNOV for failure to prove damages.  As the Bankruptcy Judge stated on the record, "I'm not going to hold that the jury findings [from the Florida Federal Action] are valid when the judge threw out the judgment."  (Apx. at 487).  The Bankruptcy Court's decision to disallow AlphaMed's claim on the basis of the JNOV, which went solely to the issue of damages and which was timely appealed to the Eleventh Circuit, was error.

**B.    AlphaMed's Purported Failure To Use The Proper Method And Means To Show Damages Should Not Affect The Jury's Determination Of Liability.**

It has been held that where a litigant has merely failed to prove the proper measure and elements of damages required under law to prevail on a particular claim submitted to a jury, such failure to quantify damages should *not* affect the jury's determination of liability with respect to that claim. *See, e.g., Firestone Tire and Rubber Co. v. Pearson*, 769 F.2d 1471, 1480 (10th Cir. 1985).[4]  In *Pearson*, the Tenth Circuit Court of Appeals addressed an issue similar to the one

---

[4]  The Ninth Circuit has adopted *Firestone Tire and Rubber Co.* v. *Pearson*, albeit for the proposition that an appellate court may order a new trial if a directed verdict is inappropriate. *See Air-Sea Forwarders, Inc. v. Air Asia Co., LTD*, 880 F.2d 176, 190 n.15 (9th Cir. 1989) (citing

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

1    presently before this court.  In that case, to prevail on their breach of contract counterclaim under

2    Ohio law, the defendants were required to quantify their cost savings.  *Id*. at 1479-80.  However,

3    the defendants failed to prove the proper measure and elements of such damages through their

4    proffered accounting expert.   Upon Firestone's motion for a judgment notwithstanding the

5    verdict, the Tenth Circuit instead granted a new trial as to the proper amount of damages.  *Id*. at

6    1480.  The court declared that, because "[t]he trial in this case was lengthy and the evidence as to

7    liability and damages was complex," any confusion concerning the proper amount of damages

8    does not affect the jury's determination of liability on the breach of contract claim.  *See id*. at

9    1480.

10        Similarly, any failure of AlphaMed to prove the proper measure and elements of lost

11    profit damages does not affect the jury's findings regarding Arriva's liability for the various

12    causes of action asserted against it in the Florida action.  Despite the complex issues and evidence

13    surrounding AlphaMed's lost profit damages, the jury still clearly found—and the Florida District

14    Court expressly agreed—that "AlphaMed presented competent and sufficient evidence to prove to

15    the jury's satisfaction" that Arriva committed the tortious conduct alleged.  *AlphaMed Pharm.*

16    *Corp*., 432 F. Supp. 2d at 1334.

17    **C.    The Florida District Court's Entry Of JNOV Does Not Necessarily Take
        Away The Jury's Findings Regarding Arriva's Liability For Its Unlawful**
18        **Conduct.**

19        In considering the effect of the Florida District Court's entry of JNOV, it is essential to

20    remain mindful about what Rule 50(b) does _not_ do.  The Supreme Court of the United States has

21    cautioned that "[Rule 50(b)] has _not_ taken away from juries and given to judges any part of the

22    exclusive power of juries to weigh evidence and determine contested issues of fact—a jury being

23    the constitutional tribunal provided for trying facts in courts of law." *Berry v. United States*, 312

24    U.S. 450, 452-53 (1941) (emphasis supplied).  Accordingly, the Florida court's JNOV does _not_

25    take away the jury's findings regarding Arriva's liability for its unlawful conduct.  The jury made

26    those findings after carefully weighing the evidence and determining contested factual issues that

27    were litigated over a three-and-a-half month period.

28    *Firestone Tire and Rubber Co. v. Pearson*, 769 F.2d 1471 (10th Cir. 1985)).

1    Moreover, while an unproven damage award may be vacated, a liability verdict should not

2    be abandoned where the verdict form makes it clear that the jury found the defendant liable for

3    the causes of action submitted to the jury.  For example, in *Barber v. Whirlpool Corp.*, 34 F.3d

4    1268 (4th Cir. 1994), the Fourth Circuit refused to disturb a jury verdict regarding defendant's

5    liability on both of plaintiff's claims, even though the court found that defendant's motion for

6    judgment as a matter of law should actually have been granted as to one of the claims.  Instead,

7    the Court of Appeals vacated the damages award and ordered a new trial on damages.  *Id.* at

8    1278.   As in *Barber*, it was only AlphaMed's damages in the Florida Federal Action that

9    purportedly were not proven.  The jury's determination of liability was clear.  In light of the

10   foregoing authorities, the Florida court's JNOV should not be held to affect the jury's findings

11   regarding Arriva's liability.

12       While AlphaMed's proof as to damages or the amount of damages may ultimately affect

13   the value or the amount of its unsecured claim, this does not affect AlphaMed's right to file its

14   proof of claim.  The Bankruptcy Court failed to recognize this fundamental point.  It sustained

15   Arriva's objection to the AlphaMed Claim based solely on its erroneous legal conclusion that the

16   Florida District Court's entry of JNOV on damages conclusively undermined the jury's findings

17   relating to the invalidity of the Protease/Arriva License.   The Bankruptcy Court should be

18   reversed as a matter of law.

19       **D.    Findings Of Fact And Conclusions Of Law May Remain Binding Even Upon
            Vacatur And Have Preclusive Effect On Subsequent Litigation Involving The**
20          **Same Issues.**

21       The Bankruptcy Court also failed to recognize that a vacated jury verdict can still be

22   binding as to the jury's findings concerning the issues tried, unless the jury's findings of fact

23   themselves have been impugned.  *See* 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE

24   ¶ 38.43[4][c] (3d ed. 1999); *see also Pordy v. Land O'Lakes, Inc.*, 97 Fed. Appx 921, 930 (Fed.

25   Cir. 2004) (quoting Moore's Federal Practice); *Lifewise Master Funding v. Telebank*, 374 F.3d

26   917, 933 (10th Cir. 2004) (relying on a vacated jury verdict to foreclose plaintiff's claim for

27   reliance damages based on breach of contract claim where the jury did not find the defendant

28   liable on the contract claim; explaining that the verdict was vacated not because the jury's

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-12-

APPELLANTS' OPENING BRIEF
Case No. 08-00691-SI

1    findings were unreliable, but based on judgment of matter of law); *Artis v. Hitachi Zosen*

2    *Clearing, Inc.*, 967 F.2d 1132, 1138 (7th Cir. 1992) (relying on a vacated jury verdict to support

3    plaintiff's employment discrimination claim where the verdict was vacated on legal grounds and

4    not because of impugned fact finding). Therefore, jury findings that have not been impugned—

5    *i.e.*, attacked and questioned as being false—can remain valid and binding in subsequent

6    litigation.

7        Such findings of fact and conclusions of law that remain binding even upon vacatur also

8    have preclusive effect on subsequent litigation involving the same issues. *See Sentinel Trust Co.*

9    *v. Universal Bonding Ins. Co.*, 316 F.3d 213 (3rd Cir. 2003).[5] In *Sentinel Trust Co.*, the plaintiff

10    asserted an indemnification claim against sureties. *Id*. at 215. The district court rejected the

11    indemnification claim based on findings of fact from a prior case that were unfavorable to the

12    plaintiff, but which had been vacated. *Id*. at 216. Specifically defeating the plaintiff's

13    indemnification claim was that the court in the prior action had found the plaintiff to be liable for

14    its own negligent acts (a defense to indemnification). *Id*. at 218-19. On appeal to the Third

15    Circuit, the plaintiff argued that the district court improperly relied on the vacated findings of fact

16    from the first action. *Id*. at 216. There was no dispute that the findings of fact and conclusions of

17    law had been vacated by court judgment. *Id*. at 219. Despite such vacatur, however, the Third

18    Circuit explicitly held that such findings did, in fact, have a preclusive effect on the plaintiff's

19    indemnification claim. *Id*. at 223.

20        In reaching its holding, the Third Circuit declared that there was no doubt that the

21    plaintiff's negligent conduct was actually litigated and decided on the merits—the result being the

22    [5] In *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, the Third Circuit applied Tennessee law of
    issue preclusion, which sets forth the same basic requirements for applying issue preclusion as
23    Florida law. *Accord Sentinel Trust Co.*, 316 F.3d 213, 221 (issue preclusion under Tennessee law
    requires the following: (1) the precluding issue is identical to that decided in the in the earlier
24    suit; (2) that the issue was actually litigated and decided on the merits; (3) that the judgment in
    the earlier suit has become final; (4) that the party against whom preclusion is asserted was a
25    party or in privity in the earlier suit; and (5) that the party had a full and fair opportunity to
    litigate the issue) *with Cook v. State*, 921 So. 2d 631, 634 (Fla. App. 2005) (issue preclusion
26    under Florida law requires the following: (1) an identical issue must have been presented in the
    prior proceedings; (2) the issue must have been a critical and necessary part of the prior
27    determination; (3) there must have been a full and fair opportunity to litigate that issue; (4) the
    parties in the two proceedings must be identical; and (5) the issues must have been actually
28    litigated).

1  findings of fact and conclusions of law from the prior action.  *Id*. at 221.  That those prior

2  findings had been vacated was inconsequential.  *See id*. (citations omitted).  Critically, the Third

3  Circuit noted that the order vacating the first court's findings certainly did not mandate, let alone

4  even suggest, that the findings could not have any preclusive effect in subsequent actions.

5  *Compare Sentinel Trust Co.*, 316 F.3d at 222 (wherein the court's order merely stated that the

6  "judgment" was vacated) with *Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins.*, 970

7  F.2d 1138, 1146 (2d Cir. 1992) (wherein the court's order directed that "the findings and

8  conclusions . . . [are] vacated, and shall be of no force or effect against the defendant by . . . third

9  parties for collateral estoppel or other preclusive purposes").  Accordingly, the Third Circuit held

10  that the district court did not err in giving preclusive effect to the vacated findings of fact and

11  conclusions of law concerning the plaintiff's own liability, thereby affirming the district court's

12  rejection of the plaintiff's indemnification claim.  *Id*. at 223.

13      In this case, the Bankruptcy Court erroneously accepted Arriva's legal argument that the

14  Florida District Court's JNOV barred the AlphaMed Claim (for proof of which AlphaMed

15  submitted the Florida jury's findings of fact and conclusions of law).  It is undisputed that the

16  Florida court never "impugned" the jury's findings of fact and conclusions of law regarding

17  Arriva's liability for its wrongful acts.  To the contrary, as noted above, the Florida court declared

18  that "AlphaMed presented competent and sufficient evidence to prove to the jury's satisfaction

19  that 1) Arriva and Spinelli exhibited tortious and anti-competitive behavior, and that 2)

20  AlphaMed was unable to execute its business plan."  *AlphaMed Pharm. Corp.,* 432 F. Supp. 2d at

21  1334.  The Florida District Court did not disagree with, let alone question the soundness of, the

22  jury's findings.  Rather, it focused its entire JNOV opinion on AlphaMed's purported failure to

23  "link" the jury's findings concerning Arriva's liability with lost profit damages.

24      Furthermore, just as the judgment vacating the findings of fact and conclusions of law in

25  *Sentinel Trust Co.* was silent as to the allowance or disallowance of any preclusive effect of those

26  findings, so too was the Florida court's JNOV order silent with respect to the preclusive effect of

27  the jury's verdict.  The Florida court's JNOV order merely stated that judgment was entered in

28  favor of Arriva, that AlphaMed shall take no damages, and that the action was dismissed.  (Apx.

1   at 256-257). Such an order should not be read to disallow any preclusive effect of jury findings

2   that have not been impugned. *See*, *e.g.*, *Sentinel Trust Co.*, 316 F.3d at 222.

3       Accordingly, the Bankruptcy Court erred in relying on the JNOV to deny AlphaMed's

4   proof of claim given that the jury findings as to Arriva's liability for tortious and anti-competitive

5   behavior have not been impugned and the sole issue on appeal to the Eleventh Circuit is the

6   propriety of AlphaMed's method and means of proving damages.

7                                      **CONCLUSION**

8       The Bankruptcy Court recognized that AlphaMed's proof of claim would be impacted by

9   the Eleventh Circuit appeal, yet disallowed the claim prior to a decision on the appeal. The

10  Bankruptcy Court's basis for its premature decision was a JNOV which did not disturb the jury

11  findings in AlphaMed's favor as to Arriva's liability and which did not discuss the preclusive

12  effect of those findings. Given the case authority that even a vacated jury verdict can still remain

13  binding as to the jury's findings, the Bankruptcy Court's ruling was, at best, premature and, at

14  worst, wrong. Accordingly, AlphaMed respectfully requests that the order of the Bankruptcy

15  Court be reversed and this case remanded to the Bankruptcy Court pending a decision by the

16  Eleventh Circuit, which is scheduled to hear oral argument on AlphaMed's appeal on August 27,

17  2008. If this Court disagrees that the Bankruptcy Court's order denying AlphaMed's proof of

18  claim should be immediately reversed, AlphaMed respectfully requests this Court await the

19  resolution of the parties' Eleventh Circuit appeal.

20      RESPECTFULLY SUBMITTED this 5th day of June 2008.

21                                      Squire, Sanders & Dempsey L.L.P.

22

23      By: _____*/s/ Daniel T. Balmat*_____
                                            Daniel T. Balmat

24      Attorneys for
25      AlphaMed Pharmaceuticals Corp.

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-15-

APPELLANTS' OPENING BRIEF
Case No. 08-00691-SI

1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   James E. McDonald (admitted *pro hac vice*)
2  Douglas J. Rovens (CA Bar No. 106562)
   Daniel T. Balmat (CA Bar No. 230504)
3  One Maritime Plaza, Third Floor
   San Francisco, CA  94111-3492
4  Telephone:    415.954.0200
   Facsimile:     415.393.9887
5  jmcdonald@ssd.com
   drovens@ssd.com
6  dbalmat@ssd.com

7
   Attorneys for Claimant-Appellant
8  ALPHAMED PHARMACEUTICALS CORP.

9

10

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13          On Appeal from the United States Bankruptcy Court
                for the Northern District of California
14                   Hon. Edward D. Jellen

15

16  In re                              CASE NO. 08-00691-SI

17  ARRIVA PHARMACEUTICALS, INC., a    (Appeal from Chapter 11 Bankruptcy Case No.
    California corporation,            07-42767)
18
                    Debtor.            Related Case Nos.: 08-00692-SI; 08-00693-SI;
19                                     08-01279-SI; 99-02169-SI
    Tax ID:  94-3287067
20                                     E-FILING

21                                     MANUAL FILING NOTIFICATION OF
                                       COMBINED APPENDIX FOR APPEAL
22                                     NOS. 08-0691, 08-0692, 08-0693 AND 08-0825

23

24

25

26

27

28

1    **REGARDING:     COMBINED APPENDIX OF APPEAL NOS. 08-0691, 08-0692,**
2    **08-0693, AND 08-0825 BY APPELLANT ALPHAMED**
     **PHARMACEUTICALS CORP.**

3

4          This filing is in paper or physical form only, and is being maintained in the case file in the

5    Clerk's office.  If you are a participant in this case, this filing will be served in hard-copy shortly.

6    For information on retrieving this filing directly from the court, please see the court's main web

7    site at http://www.cand.uscourts.gov under Frequently Asked Questions ("FAQ").

8          This filing was not e-filed for the following reason(s):

9          [x]     Voluminous Document (PDF file size larger than the e-filing system allows);

10         [_]     Unable to Scan Documents;

11         [_]     Physical Object (description): _____;

12         [_]     Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media;

13         [_]     Item Under Seal (Exhibit 115 – designated as "Confidential" pursuant to

14                 Stipulated Protective Order)

15         [_]     Conformance with the Judicial Conference Privacy Policy (General Order 53); or

16         [_]     Other (description): _____.

17                                                 Respectfully submitted,

18   Dated: June 5, 2008                           SQUIRE, SANDERS & DEMPSEY L.L.P.

19

20                                                 By:___/s/  Daniel T. Balmat_____
                                                         Daniel T. Balmat

21                                                 Attorneys for
                                                   ALPHAMED PHARMACEUTICALS CORP.
22

23

24

25

26

27

28

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CA 94111-3492

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

On Appeal from the United States Bankruptcy Court
for the Northern District of California
Hon. Edward D. Jellen

| | |
|---|---|
| In re | CASE NO. 08-0691 |
| ARRIVA PHARMACEUTICALS, INC., a California corporation, | (Appeal from Chapter 11 Bankruptcy Case No. 07-42767) |
| Debtor. | |
| PROTEASE SCIENCES, INC. | CASE NOS. 08-0692 and 08-0693 |
| Appellant | (Appeal from Chapter 11 Bankruptcy Case No. 07-42767) |
| vs. | |
| ARRIVA PHARMACEUTICALS, INC. | |
| Appellant | |
| vs. | |
| SONORAN DESERT CHEMICALS, L.L.C. | |
| Appellant | |
| vs. | |
| ARRIVA PHARMACEUTICALS, INC. | |
| Appellee | |
| ALPHAMED PHARMACEUTICALS CORP. | Case No. 08-0825 |
| Plaintiff | |
| vs. | (Appeal from Adversary Proceeding No. 07-4181 in Chapter 11 Bankruptcy Case No. 07-42767 AJ) |
| ARRIVA PHARMACEUTICALS, INC. | |
| Defendant. | |

## CERTIFICATE OF SERVICE

Squire, Sanders & Dempsey L.L.P.
Douglas J. Rovens (State Bar # 106562)
drovens@ssd.com
James E. McDonald (admitted *Pro Hac Vice*)
*jmcdonald@ssd.com*
Daniel T. Balmat (State Bar# 230504)
*dbalmat@ssd.com*
One Maritime Plaza, Suite 300
San Francisco, CA 94111
Telephone:  +1.415.954.0383
Facsimile:  +1.415.393.9887

Attorneys for
AlphaMed Pharmaceuticals Corp.

1
2

## CERTIFICATE OF SERVICE
### (Pursuant to Federal Law)

3
4
5

      I, REGINA ARROYO, am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is One Maritime Plaza, Third Floor, San Francisco, California  94111-3492.  On June 5, 2008, I served the following documents described as:

6

    **1.  APPELLANT ALPHAMED PHARMACEUTICALS CORP.'S OPENING BRIEF IN APPEAL FROM DISALLOWANCE OF PROOF OF CLAIM;**

7

    **2.  COMBINED OPENING BRIEF OF APPELLANTS PROTEASE AND SONORAN IN APPEAL FROM DISALLOWANCE OF PROOFS OF CLAIM;**

8
9

    **3.  PLAINTIFF-APPELLANT ALPHAMED'S OPENING BRIEF IN APPEAL FROM BANKRUPTCY ADVERSARY PROCEEDING;**

10

    **4.  COMBINED APPENDIX FOR APPEAL NOS. 08-0691, 08-0692, 08-0693 AND 08-0825;**

11
12

    **5.  MANUAL FILING NOTIFICATION OF SECOND SUPPLEMENTAL DECLARATION OF COMBINED APPENDIX FOR APPEAL NOS. 08-0691, 08-0692, 08-0693 AND 08-0825  [Appeal Case No. 08-00691];**

13
14

    **6.  MANUAL FILING NOTIFICATION OF SECOND SUPPLEMENTAL DECLARATION OF COMBINED APPENDIX FOR APPEAL NOS. 08-0691, 08-0692, 08-0693 AND 08-0825**
       **[Consolidated Appeal Case No. 08-00692 and 08-00693];**

15
16

    **7.  MANUAL FILING NOTIFICATION OF SECOND SUPPLEMENTAL DECLARATION OF COMBINED APPENDIX FOR APPEAL NOS. 08-0691, 08-0692, 08-0693 AND 08-0825  [Appeal Case No. 08-00825];**

17

was served on the party(ies) as set forth on the attached service list:  **SEE ATTACHED SERVICE LIST**

18

Service was accomplished as follows:

19

☒    Via United States District Court Electronic Filing Service on the party(ies) as set forth on the attached service list.

20

**AND/OR**

21
22
23
24
25

☒    BY U.S. MAIL, According to Normal Business Practices.  On June 6, 2008, at my place of business at the above address, I sealed the above document(s) in an envelope addressed to the above, and I placed that sealed envelope for collection and mailing following ordinary business practices, for deposit with the U.S. Postal Service.  I am readily familiar with the business practice at my place of business for the collection and processing of correspondence for mailing with the U.S. Postal Service.  Correspondence so collected and processed is deposited the U.S. Postal Service the same day in the ordinary course of business, postage fully prepaid.

26

      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on June 5, 2008, at San Francisco, California.

27

                     By:      */s/ Regina Arroyo*

28

                             Regina Arroyo

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

                CERTIFICATE OF SERVICE

1

# SERVICE LIST

2

**USDC APPEAL CASE NO. 08-00691:**

3

Michael H. Ahrens
Ori Katz
Michael Magayne Lauter
Timothy Charles Perry
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4106
Telephone:       (415) 434-9100
Facsimile:       (415) 434-3947

4

5

6

7

*Attorneys for Appellee*
*Arriva Pharmaceuticals Inc.*

8

9

**USDC APPEAL CASE NO. 08-00692:**

10

Michael H. Ahrens
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4106
Telephone:       (415) 434-9100
Facsimile:       (415) 434-3947

11

12

13

*Attorneys for Appellee*
*Arriva Pharmaceuticals Inc.*

14

15

**USDC APPEAL CASE NO. 08-00693:**

Michael H. Ahrens
Ori Katz
Michael Magayne Lauter
Timothy Charles Perry
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4106
Telephone:       (415) 434-9100
Facsimile:       (415) 434-3947

16

17

18

19

20

*Attorneys for Appellee*
*Arriva Pharmaceuticals Inc.*

21

United States Trustee
Office of the U.S. Trustee
1301 Clay Street, Suite 690N
Oakland, CA  94612

22

23

24

Tracy Green
Michael D. Cooper
Wendel Rosen Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

*Attorneys for*
*Official Committee of Creditors Holding Unsecured Claims*

**USDC APPEAL CASE NO. 08-00825:**

Michael H. Ahrens
Ori Katz
Michael Magayne Lauter
Timothy Charles Perry
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4106
Telephone:       (415) 434-9100
Facsimile:       (415) 434-3947

*Attorneys for Appellee*
*Arriva Pharmaceuticals Inc.*

25

26

27

28