1   Squire, Sanders & Dempsey L.L.P.
    Douglas J. Rovens (State Bar # 106582)
2   *drovens@ssd.com*
    James E. McDonald (admitted *Pro Hac Vice*)
3   *jmcdonaldt@ssd.com*
    Daniel T. Balmat (State Bar # 230504)
4   *dbalmat@ssd.com*
    One Maritime Plaza, Suite 300
5   San Francisco, CA  94111
    Telephone:   +1.415.954.0383
6   Facsimile:   +1.415.393.9887

7   Attorneys for
    ALPHAMED PHARMACEUTICALS CORP.
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11          On Appeal from the United States Bankruptcy Court
                    for the Northern District of California
12                         Hon. Edward D. Jellen

13

14   ALPHAMED PHARMACEUTICALS          Case No. 08-0691
     CORP.,
15                                     (Appeal from Chapter 11 Bankruptcy Case
              Claimant-Appellant,      No. 07-42767)
16
17       v.                            **E-FILING**

18   ARRIVA PHARMACEUTICALS, INC.,     **APPELLANT ALPHAMED
                                       PHARMACEUTICALS CORP.'S
19            Reorganized Debtor- Appellee.   REPLY BRIEF IN APPEAL FROM
                                       DISALLOWANCE OF PROOF OF
20                                     CLAIM**

21                                     **Hearing:**
                                       Date:      July 24, 2008
22                                     Time:       3:30 p.m.
                                       Location: Courtroom 10, 19th Floor
23                                                450 Golden Gate Ave.
                                                  San Francisco, CA 94102
24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

APPELLANT'S REPLY BRIEF
Case No. 08-0691

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................. 1

II.   ARGUMENT ................................................................................................... 2

    A.   The Bankruptcy Court Erred by Disallowing AlphaMed's Claim Rather than Holding Adjudication of It in Abeyance Pending the Resolution of the Eleventh Circuit Appeal .......................................... 2

    B.   The Bankruptcy Court Erred by Holding that the Florida Jury's Liability Findings Were Overturned ................................................... 2

        1.   The Florida Jury's Findings of Liability Remain Intact Despite the Florida District Court's Improper Determination that AlphaMed Failed to Use a Proper Method of Proving Damages ...................................................................................... 2

        2.   AlphaMed Cites Competent Case Law to Support its Argument that the Jury's Findings of Liability Have Not Been Disturbed Despite the JNOV .......................................... 3

            a.   *Firestone Tire and Rubber Company v. Pearson* ........................ 3

            b.   *Berry v. United States* ................................................. 4

            c.   *Barber v. Whirlpool Corporation* ............................. 4

            d.   *Pordy v. Land O'Lakes, Inc.* ..................................... 4

            e.   *Lifewise Mutual Funding v. Telebank* ...................... 5

            f.   *Artis v. Hitschi Zoren Clearing, Inc.* ...................... 5

            g.   *Sentinel Trust Co. v. Universal Bonding Ins. Co.* ...................... 6

III.  CONCLUSION .............................................................................................. 7

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-i-

APPELLANT'S REPLY BRIEF
Case No. 08-0691

## **TABLE OF AUTHORITIES**

### **Federal Cases**

*AlphaMed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.,*
    432 F. Supp. 2d 1319 (S.D. Fla. 2006) ............................................................ 1, 2, 6

*Artis v. Hitschi Zoren Clarning, Inc.,*
    967 F.2d 1132 (7th Cir. 1992) ............................................................................. 5-6

*Barber v. Whirlpool Corp.,*
    34 F.3d 1268 (4th Cir. 1994) ................................................................................... 4

*Berry v. United States,*
    312 U.S. 450 (1941) .................................................................................................. 4

*Firestone Tire and Rubber Co. v. Pearson,*
    769 F.2d 1471 (10th Cir. 1985) ............................................................................. 3-4

*Lifewise Mutual Funding v. Telebank,*
    374 F.3d 917 (10th Cir. 2004) .................................................................................. 5

*Pordy v. Land O'Lakes, Inc.,*
    97 Fed. Appx. 921 (Fed. Cir. 2004) ..................................................................... 4-5

*Sentinel Trust Co. v. Universal Bonding Ins. Co.,*
    316 F.3d 213 (3d Cir. 2003) ..................................................................................... 6

### **Statutes and Rules**

11 U.S.C. § 1126 ..............................................................................................................2

Bankruptcy Rule 3018(a) .............................................................................................1, 2

### **Other Authorities**

8 JAMES WM. MOORE ET. AL., MOORE'S FEDERAL PRACTICE ¶ 38.43 [4][c]
    (3d ed. 1999) ..........................................................................................................4

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-ii-

APPELLANT'S REPLY BRIEF
Case No. 08-0691

# I.    INTRODUCTION

The Bankruptcy Court committed reversible error by disallowing AlphaMed's Proof of Claim rather than holding adjudication of it in abeyance pending the resolution of the Eleventh Circuit Appeal.  The Bankruptcy Court's disallowance of AlphaMed's Claim was unnecessary because the Plan of reorganization still would have been confirmed if the Court had estimated the claim at zero for voting purposes pursuant to Bankruptcy Rule 3018(a), rather than disallowing the claim in its entirety.  Thus, contrary to Arriva's position, a decision to hold adjudication of AlphaMed's Claim in abeyance would not have affected confirmation of the Plan of reorganization.

Additionally, as shown in AlphaMed's opening brief, the Bankruptcy Court's perfunctory conclusion that the Florida jury's findings as to liability were overturned by the post-verdict judgment as a matter of law ("JNOV") was erroneous.  Case law supports the proposition that a vacated jury verdict remains binding as to the jury's findings concerning the issues tried, unless the jury's findings of fact themselves have been impugned.  Arriva accepts this basic tenet, but attempts to distinguish on the facts the case law cited by AlphaMed.  Such attempts fail.

Here the jury's findings of fact as to liability have not been impugned.  The jury specified that "[w]hen AlphaOne/Arriva improperly accepted the signature of Alan [sic] Wachter as Protease Science CEO the process of unfair competition began as the Protease Science By-Laws do not provide for said office and give authority for signing contracts to the President." (Appellants' Combined Appendix ("Apx.") at 301-02).  The Florida District Court did not overturn or set aside the jury's special verdict as it relates to the invalidity of the Protease/Arriva License or Arriva's tortious actions against AlphaMed.  Indeed, Arriva never challenged the jury's factual findings regarding liability.  To the contrary, as the District Court correctly recognized, "AlphaMed presented competent and sufficient evidence to prove to the jury's satisfaction that 1) Arriva and Spinelli exhibited tortious and anti-competitive behavior, and that 2) AlphaMed was unable to execute its business plan." *AlphaMed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.*, 432 F. Supp. 2d 1319, 1334 (S.D. Fla. 2006).  Thus, the

/ / /

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-1-

APPELLANT'S REPLY BRIEF
Case No. 08-0691

Bankruptcy Curt erred by holding that the Florida jury's liability findings as to Arriva's unlawful conduct were overturned.

## II.    ARGUMENT

**A.    The Bankruptcy Court Erred by Disallowing AlphaMed's Claim Rather than Holding Adjudication of It in Abeyance Pending the Resolution of the Eleventh Circuit Appeal.**

The Bankruptcy Court's decision disallowing AlphaMed's claim, rather than holding its adjudication in abeyance pending the resolution of the Eleventh Circuit Appeal should be reversed.  Holding ruling on the objection to AlphaMed's claim in abeyance would not have impacted voting or confirmation of the plan of reorganization.  Under Section 1126 of the Bankruptcy Code, the holder of a claim under objection (like AlphaMed) is not entitled to vote that claim on a plan unless it seeks to obtain the Bankruptcy Court's authorization to do so.  11 U.S.C. § 1126.  Under Bankruptcy Rule 3018(a), the Bankruptcy Court had the discretion to temporarily allow AlphaMed's claim for voting purposes while simultaneously holding the determination of the claim in abeyance pending final resolution of the Florida litigation.  Disallowance of the claim was unnecessary to assure that the Plan could proceed to confirmation without AlphaMed ever having the opportunity to vote.  Thus, Arriva's emphasis on the potential hardship to itself and to other creditors is without merit.

**B.    The Bankruptcy Court Erred by Holding that the Florida Jury's Liability Findings Were Overturned.**

**1.    The Florida Jury's Findings of Liability Remain Intact Despite the Florida District Court's Improper Determination that AlphaMed Failed to Use a Proper Method of Proving Damages.**

Arriva misconstrues the Florida District Court's language to indicate that the court impugned the jury's findings of liability.  To the contrary, the Court specifically held that "AlphaMed presented competent and sufficient evidence to prove to the jury's satisfaction that 1) Arriva and Spinelli exhibited tortious and anti-competitive behavior, and that 2) AlphaMed was unable to execute its business plan."  *AlphaMed*, 432 F. Supp. 2d at 1334.  The Florida District Court entered its JNOV on the sole basis that AlphaMed allegedly failed to properly calculate damages.  While Arriva continually quotes the Court as holding that the "jury verdict

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-2-

APPELLANT'S REPLY BRIEF
Case No. 08-0691

was against the great weight of the evidence," it misleadingly omits the fact that this finding

related only to AlphaMed's supposed failure to prove damages.  In fact, nowhere in its fifty-page

opinion does the Court find that AlphaMed failed to prove by a preponderance of the evidence

that Arriva engaged in malicious and tortious conduct.

Furthermore, the Court certainly did not vacate the jury's determination that:

> When AlphaOne/Arriva improperly accepted the signature of Alan [sic] Wachter
> as Protease Science CEO the process of unfair competition began as the Protease
> Science By-Laws do not provide for said office and give authority for signing
> contracts to the President.

(Apx. at 301-02).

In disallowing AlphaMed's Proof of Claim based on the Florida District Court's grant of

JNOV, the Bankruptcy Court failed to realize that the jury's findings of liability were still intact.

Both the Bankruptcy Court and Arriva completely disregard this crucial distinction.  Although

AlphaMed informed the Bankruptcy Court that the Florida District Court did *not* overturn or set

aside the jury's special verdict as it relates to Arriva's anti-competitive behavior against

AlphaMed or the invalidity of the Protease/Arriva License, that Court erroneously ignored this

salient point.  (Apx. at 487-491).  Therefore, this Court should reverse the Bankruptcy Court's

disallowance of AlphaMed's Claim.

**2.    AlphaMed Cites Competent Case Law to Support its Argument that the Jury's Findings of Liability Have Not Been Disturbed Despite the JNOV.**

AlphaMed cites several cases in its opening brief supporting the viability of jury findings

in spite of vacatur of the jury verdict.  Arriva spends most of its opposition brief attempting to

distinguish those cases from the instant case.  Arriva's efforts fail.

**a.    *Firestone Tire and Rubber Company v. Pearson***

Arriva's contention that *Firestone Tire and Rubber Co. v. Pearson*, 769 F.2d 1471 (10th

Cir. 1985), is inapposite is without merit.  The *Firestone* court clearly stated that "confusion

concerning the proper measure of damages, however, d[oes] not affect the determination of

liability." *Id.* at 1480.  Both the defendants in *Firestone* and appellants here received

a unanimous jury verdict in their favor, following a lengthy and complex trial. *Id.* at 1476.  Just

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-3-

APPELLANT'S REPLY BRIEF
Case No. 08-0691

1    as the defendants in *Firestone* failed to quantify their savings cost when calculating their

2    damages, AlphaMed merely failed to properly calculate damages. *Id.* at 1480. The court in

3    *Firestone* recognized that the defendant's failure to prove the proper measure of damages did not

4    affect the jury's determination of liability. *Id.*

5           **b.    *Berry v. United States***

6          Arriva also misconstrues AlphaMed's use of *Berry v. United States*, 312 U.S. 450 (1941).

7    While Arriva strains to highlight factual differences between that case and the case at bar, the

8    basic proposition in *Berry* that "[rule 50(b)] has not taken away from juries and given to judges

9    any part of the exclusive power of juries to weigh evidence and determine contested issues of fact

10    – a jury being the constitutional tribunal provided for trying facts in courts of law" remains the

11    law. *Id.* at 453. To sanction the Bankruptcy Court's disallowance of AlphaMed's proof of claim

12    would undermine the Supreme Court's directive in *Berry*.

13           **c.    *Barber v. Whirlpool Corporation***

14          Arriva's attempt to distinguish *Barber v. Whirlpool Corp.* 34 F.3d 1268 (4th Cir. 1994),

15    from the case at bar is not well-taken. That the JMOL in *Barber* was upheld on one of the two

16    claims does not distinguish *Barber* from the instant case: The *Barber* court noted that "the

17    liability verdict need not be disturbed because the verdict form made it clear that the jury found

18    [Defendant] liable for *both* [claims] . . . ." *Id.* at 1278 (emphasis added). The court of appeals

19    vacated the damages award and ordered a new trial on damages. *Id.* Accordingly, the Florida

20    jury's verdict as to liability remains intact despite AlphaMed's alleged failure to employ the

21    proper method to calculate its damages.

22           **d.    *Pordy v. Land O' Lakes, Inc.***

23          In contrast to Arriva's contention, "a vacated jury verdict can still be binding as to the

24    jury's findings concerning the issues tried, unless the jury's findings of fact themselves have been

25    impugned." *See* 8 JAMES WM. MOORE ET. AL., MOORE'S FEDERAL PRACTICE ¶ 38.43 [4][c] (3d

26    ed. 1999); *Pordy v. Land O' Lakes, Inc.*, 97 Fed. Appx. 921, 930 (Fed. Cir. 2004) (quoting

27    Moore's Federal Practice). In *Pordy*, the court of appeals vacated both the JNOV in favor of the

28    defendants and the jury verdict in favor of the plaintiff and remanded the case for a determination

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-4-

APPELLANT'S REPLY BRIEF
Case No. 08-0691

1    of whether defendant could prove anticipation of plaintiff's patent, which would destroy the

2    patent's validity. *Id.* The court noted that on remand, the district court *would be bound by the*

3    *jury's findings despite the fact that such findings were vacated. Id.* Specifically, the court held

4    that "[s]hould [Defendant] fail to prove anticipation by clear and convincing evidence, [Plaintiff]

5    is entitled to judgment and the damages awarded to him by the jury." *Id.* The *Pordy* court thus

6    considered the effect of a vacated jury verdict, and held that the findings were binding "so long as

7    the underlying factfinding is not impugned." *Id.* Thus, under *Pordy* the Florida jury's findings as

8    to liability are not affected by the Florida District Court's erroneous conclusion that AlphaMed

9    failed to properly prove damages.

10                      **e.    *Lifewise Mutual Funding v. Telebank***

11          Arriva's next mistaken assertion is that *Lifewise Mutual Funding v. Telebank*, 374 F.3d

12    917 (10th Cir. 2004) does not address the effect of a jury verdict in light of an existing JNOV. In

13    support of this flawed proposition, Arriva relies on the fact that the court in *Lifewise* "overturned

14    the basis" of the JNOV. (Arriva Brief at 21). While the appellate court did not uphold the

15    district court's basis for granting defendant's JNOV, the court did not overturn the JNOV.

16    *Lifewise,* 347 F.3d at 926, 934. Furthermore, the court specifically rejected the plaintiff's attempt

17    to disregard the jury's findings because they were vacated. *Id.* at 933. In making this ruling, the

18    court noted that "the jury verdict was vacated not because it was thought to be unreliable." *Id.*

19    Therefore, *Lifewise* supports AlphaMed's position that the Florida jury's findings of liability

20    remain undisturbed despite the court's entry of JNOV.

21                      **f.    *Artis v. Hitschi Zoren Clearing, Inc.***

22          Likewise, AlphaMed's reliance on *Artis v. Hitschi Zoren Clearing, Inc.* 967 F.2d 1132

23    (7th Cir. 1992), is not misplaced. The *Artis* court expressly held that "a judge should continue to

24    be bound by a jury's findings even if its verdict is vacated, *so long as the underlying factfinding is*

25    *not impugned.*" *Id.* at 1138 (emphasis added). Contrary to Arriva's assertion, the court did not

26    limit its holding regarding the effect of a vacated jury verdict to cases arising under § 1981 or

27    Title VII. *Id.* Furthermore, the *Artis* court's discussion of a case in which a vacated jury verdict

28    could not be relied upon is irrelevant because the *Artis* court recognized that that case conformed

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-5-

APPELLANT'S REPLY BRIEF
Case No. 08-0691

1   to the rule that "a judge is not bound by the jury's verdict if that factfinding is impugned." *Id.*

2   Here, the jury's factfinding regarding Arriva's liability has not been impugned. The Florida court

3   distinctly recognized that "AlphaMed presented competent and sufficient evidence to prove to the

4   jury's satisfaction that 1) Arriva and Spinelli exhibited tortious and anti-competitive behavior,

5   and that 2) AlphaMed was unable to execute its business plan." *AlphaMed Pharm. Corp.*, 432 F.

6   Supp. 2d at 1334.  The Florida court granted JNOV on the sole basis that AlphaMed allegedly

7   employed a deficient method to prove its damages; the Court did not impugn the jury's findings

8   of liability.  Therefore, under *Artis*, the jury's determination of liability in the instant case is

9   preserved.

10              **g.      *Sentinel Trust Co. v. Universal Bonding Ins. Co.***

11          Finally, Arriva focuses on an irrelevant distinction between the instant case and a case

12   supporting AlphaMed's position, *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213

13   (3d Cir 2003), in an attempt to avoid the jury's determination of liability.  Specifically, Arriva

14   contends that because the judgment in *Sentinel* was vacated as a term of settlement, rather than by

15   JNOV, the case is inapplicable.  *Id.* at 221.  Such distinction is irrelevant and, not surprisingly,

16   Arriva cites no support for the distinction.

17          The *Sentinel* court applied collateral estoppel to the factual findings of the vacated

18   judgment not because of the manner in which that verdict was vacated, but because the issues

19   were "actually litigated and decided on the merits."  *Id.* at 221.   That court made special note that

20   "Sentinel was a party to the suit and had a full and fair opportunity to defend itself."  *Id.*  As did

21   the defendant in *Sentinel*, Arriva had a full and fair opportunity to prove to the jury that it did not

22   commit the tortious conduct alleged.  Despite that opportunity, after a three and half month trial,

23   the jury unanimously decided on the merits that Arriva had engaged in tortious conduct.  As in

24   *Sentinel*, preclusive effect should be given to the jury's findings because Arriva's liability was

25   raised and determined, as was the invalidity of the purported Protease/Arriva License.

26          While Arriva strains to highlight irrelevant distinctions between the instant case and the

27   case law cited in support of AlphaMed's position, Arriva fails to offer any authority for its

28   position that a jury's findings of liability are necessarily impugned upon entry of JNOV based

1  solely on the failure to prove damages. Likewise, the Bankruptcy Court summarily concluded

2  that the entry of JNOV completely overturned the Florida jury's findings of liability. Because the

3  Florida jury's determination that Arriva engaged in tortious and malicious conduct remains

4  undisturbed, the Bankruptcy Court erred in disallowing AlphaMed's Claim.

5                              **III.    CONCLUSION**

6          The Bankruptcy Court erred in disallowing AlphaMed's Claim, rather than holding

7  adjudication of it in abeyance pending the resolution of the Eleventh Circuit Appeal. While the

8  Bankruptcy Court expressly recognized the impact that a favorable Eleventh Circuit ruling would

9  have on AlphaMed's claim, the Court unnecessarily disallowed that claim in its entirety. The

10  Bankruptcy Court should have allowed Plan Confirmation to proceed while holding AlphaMed's

11  claim in abeyance pending resolution of the Eleventh Circuit Appeal.

12          Furthermore, the Bankruptcy Court erred in predicating its decision to disallow

13  AlphaMed's Claim on the mistaken belief that the Florida jury's findings of liability were

14  disturbed by the Florida District Court's entry of JNOV. AlphaMed presented case law which

15  demonstrated that a vacated jury verdict does not necessarily impugn the jury's finding of

16  liability. Such case law is relevant to the instant case because the Florida District Court granted

17  JNOV on the narrow ground that AlphaMed allegedly failed to employ a proper method to prove

18  damages. Thus, the Florida jury's findings that Arriva engaged in tortious and malicious conduct

19  remain intact and binding upon the Bankruptcy Court.

20          Considering the arguments presented herein, AlphaMed respectfully requests that the

21  order of the Bankruptcy Court be reversed and this case remanded to the Bankruptcy Court

22  pending a decision by the Eleventh Circuit, which is scheduled to hear oral argument on

23  AlphaMed's appeal on August 27, 2008. If this Court disagrees that the Bankruptcy Court's

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1  order denying AlphaMed's Proof of Claim should be immediately reversed, AlphaMed

2  respectfully requests this Court await the resolution of the parties' Eleventh Circuit Appeal.

3

4  Dated:  July 7, 2008                                    Respectfully submitted,

5                                                          Squire, Sanders & Dempsey L.L.P.

6                                                          By:_____/s/ Daniel T. Balmat_____

7                                                                    Daniel T. Balmat

8                                                          Attorneys for
                                                           ALPHAMED PHARMACEUTICALS CORP.

9

10

11  CLEVELAND/990470

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
One Maritime Plaza, Ste. 300
San Francisco, CA 94111

-8-